**MORGAN, LEWIS & BOCKIUS LLP**
James J. Dragna (SBN 91492)
jim.dragna@morganlewis.com
Denise Gail Fellers (SBN 222694)
denise.fellers@morganlewis.com
355 South Grand Avenue, Suite 4400
Los Angeles, CA  90071-3106
Tel:   +1.213.680.6400
Fax:  +1.213.680.6499

Attorneys for Plaintiff
BKK WORKING GROUP, an unincorporated association, and individual members identified below

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BKK WORKING GROUP; ANADARKO E&P ONSHORE LLC; ATLANTIC RICHFIELD COMPANY; ASHLAND LLC.; BAYER CROPSCIENCE INC.; BHPI SERVICE LLC; THE BOEING COMPANY; CALIFORNIA RESOURCES CORPORATION; CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY; CHEVRON MARINE PRODUCTS LLC; CITY OF LOS ANGELES, ACTING BY AND THROUGH THE LOS ANGELES DEPARTMENT OF WATER AND POWER; CONOCOPHILLIPS COMPANY; CROSBY & OVERTON, INC.; THE DOW CHEMICAL COMPANY; DUCOMMUN AEROSTRUCTURES, INC.; ESSEX CHEMICAL CORPORATION; EXXON MOBIL CORPORATION; GEMINI INDUSTRIES, INC.; GENERAL DYNAMICS CORPORATION; GENERAL LATEX AND CHEMICAL CORPORATION; HP INC. (FORMERLY KNOWN AS HEWLETT-PACKARD COMPANY); AMERICAN | Case No. 2:18-cv-05810-MWF-PLA<br><br>Hon. Michael W. Fitzgerald<br><br>**SECOND MOTION TO STAY AND EXTEND TIME TO SERVE DEFENDANTS**<br><br>*[Declaration of Denise G. Fellers; Declaration of James Potter; Declaration of Mark Malinowski; and [Proposed] Order filed concurrently herewith]* |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES B

DB3/ 202386917.4

SECOND MOTION TO STAY AND
EXTEND TIME TO SERVE DEFENDANTS
2:18-CV-05810-MWF-PLA

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24 | HONDA MOTOR CO., INC.; HUNTINGTON BEACH COMPANY; LOCKHEED MARTIN CORPORATION; MARS, INC. (FORMERLY KNOWN AS KAL KAN FOODS INC.); MONTROSE CHEMICAL CORPORATION OF CALIFORNIA; MORTELL COMPANY; MORTON INTERNATIONAL, INC.; NATIONAL STEEL AND SHIPBUILDING COMPANY; NORTHROP GRUMMAN SYSTEMS CORPORATION; OXY USA, INC.; QUEMETCO, INC.; ROCKWELL AUTOMATION, INC.; ROHM & HAAS COMPANY; ROHR, INC.; SAN DIEGO GAS & ELECTRIC COMPANY; SMITH INTERNATIONAL, INC.; SOUTHERN CALIFORNIA EDISON COMPANY; SOUTHERN CALIFORNIA GAS COMPANY; STAUFFER MANAGEMENT COMPANY LLC; THE PROCTER & GAMBLE MANUFACTURING COMPANY; THUMS LONG BEACH COMPANY; UNION CARBIDE CORPORATION; UNION PACIFIC RAILROAD/SOUTHERN PACIFIC TRANSPORTATION COMPANY; UNITED STATES STEEL CORPORATION; UNITED TECHNOLOGIES CORPORATION; AND UNIVAR USA INC.,<br>                  Plaintiffs,<br><br>                  vs.<br><br>1700 SANTA FE LTD; et. al.,<br>                  Defendants. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES B

MOTION TO STAY AND EXTEND TIME
TO SERVE DEFENDANTS
2:18-CV-05810-MWF-PLA

## I. INTRODUCTION

For years, the BKK Working Group, also known as the BKK Joint Defense Group – an unincorporated association of entities of the type described in Federal Rule of Civil Procedure 17(b)(3)(A) and Cal. Code of Civil Procedure § 369.5 comprised of the individual Plaintiffs in this action, as identified in Attachment A ("BKK Working Group" or "Plaintiffs") - has been cooperating with the State of California through its agency, the Department of Toxic Substances Control ("DTSC"), to investigate and remediate the conditions at the BKK Class I Landfill in West Covina, California. Through this action, Plaintiffs seek cost recovery and contribution from that approximately 1,000 Defendants named in the Complaint pursuant to Sections 107(a) and 113(f) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 et. seq. ("CERCLA"), 42 U.S.C. §§ 9607(a) and 9613(f) and the California Hazardous Waste and Hazardous Substances Account Act, Health & Safety Code Sections 25300, et. seq., for past and future response costs incurred and to be incurred by Plaintiffs for response activities undertaken and to be undertaken at the BKK Class I Facility, along with a declaration as to each Defendant's liability and an allocation of past and future response costs. Plaintiffs also seek complete or partial indemnity from Defendants for all response costs incurred or to be incurred at the BKK Class I Facility, pursuant to the doctrine of equitable indemnification.

On July 18, 2018, the Court granted Plaintiffs' Motion to Stay and Extend Time to Serve Defendants [D.E. 11]. The Court's Order stayed this case until July 19, 2019 for all matters except voluntary dismissals of certain named Defendants by Plaintiffs and extended the time for Plaintiffs to serve the Complaint on all remaining Defendants until July 19, 2019. Per the Court's Order, Plaintiffs have been filing status reports with the Court every 90 days.

\\\

\\\

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES B

DB3/ 202386917.4

1

MOTION TO STAY AND EXTEND TIME TO SERVE DEFENDANTS
2:18-CV-05810-MWF-PLA

During this stay, Plaintiffs have successfully entered into tolling agreements with 120 named Defendants and thus, have voluntarily dismissed those parties without prejudice from the Complaint. Efforts to enter into tolling agreements with the remaining Defendants remain ongoing, and Plaintiffs will continue to dismiss parties from the Complaint as tolling agreements are successfully reached between the remaining Defendants and Plaintiffs. At this time, Plaintiffs have not served the complaint on any Defendants; instead they have been focused on obtaining tolling agreements and potential settlements with the Defendants.

Additionally, in the last eight months since the action was filed, Plaintiffs have been cooperating and coordinating with the State of California to develop a joint framework to enter into settlements with the Defendants in this action, as well as the other thousands of potentially responsible parties ("PRPs"). Efforts to develop such a framework are necessarily complex and have included negotiations between the State and Plaintiffs regarding: (1) drafting settlement packages for Defendants and other PRPs who sent waste to the Landfill; (2) an amendment to the Third Consent Decree entered in October 2016 between the State and Plaintiffs establishing an Escrow Account for any settlement funds collected; and (3) developing a framework for communicating settlement offers. Coordination and cooperation with the State on these efforts will provide important protections for settling Defendants, as it ensures that they will receive contribution protection and be absolved of remaining liability at the BKK Class I Landfill.

Plaintiffs now respectfully move for a separate Court Order, which continues the Court's stay for all proceedings in this case except for dismissal notices and motions and further extends the time for Plaintiffs to serve their Complaint until July 20, 2020. Plaintiffs request such further stay and extension of time to serve Defendants so that they may continue their

settlement negotiations with the remaining named Defendants and continue dismissing settling Defendants and/or otherwise non-viable Defendants, which will streamline this litigation and preserve judicial and party resources.

## II.	STATEMENT OF FACTS

On July 2, 2018, Plaintiffs filed their Complaint against approximately 1,000 named Defendants (Dkt. No. 1).  This is a civil action for cost recovery under Section 107(a) and an action for contribution under Section 113 of CERCLA, relating to the release and/or threatened release of hazardous substances, as that term is defined in section 101(14) of CERCLA, 42 U.S.C. § 9601 ("Hazardous Substances") from the BKK Class I Landfill.  Each of the parties named as a Defendant generated, transported and/or arranged for disposal of materials containing Hazardous Substances to the BKK Facility.  (Dkt. No. 1 at ¶¶ 61-1100).

For years, Plaintiffs have been cooperating with DTSC to investigate and remediate the conditions at the BKK Class I Landfill through three judicially-approved consent decrees – the First, Second, Third Partial, and Amended Third Partial Consents Decrees.  *See* Declaration of Denise G. Fellers ("Fellers Decl.") at ¶ 3; Declaration of James Potter ("Potter Decl.") at ¶¶ 3-5; Declaration of Mark Malinowski ("Malinowski Decl.") ¶ 5.  Under these Consent Decrees, the individual Members of the BKK Working Group, which now consists of over 60 members, have been conducting necessary response activities at the BKK Class I Facility consistent with the National Contingency Plan, 40 C.F.R. Part 30 et seq. ("NCP").  *Id.*  As a result, the BKK Working Group, through its individual Members, has incurred (or is committed to incur) nearly $250 million to date in necessary response costs as that term is defined in xxx. at the BKK Class I Facility. Fellers Decl. at ¶ 3.  Plaintiffs' action seeks to require Defendants to contribute their fair share of these costs and of future response costs to address releases and threatened releases of Hazardous Substances from the BKK Class I Facility.  In addition to addressing conditions at the BKK Class I Landfill, Plaintiffs have been

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES B

3

SECOND MOTION TO STAY AND
EXTEND TIME TO SERVE DEFENDANTS
2:18-CV-05810-MWF-PLA

working with DTSC to identify other PRPs at the BKK Class I Landfill. Fellers Decl. ¶ 4. As a result of such efforts, Plaintiffs have identified over ten thousand PRPs that generated, transported and/or arranged for disposal of materials containing Hazardous Substances to the BKK Facility. *Id.* The BKK Working Group has entered into tolling agreements with a number of these identified PRPs and intends to pursue settlement with these PRPs.[1] (Dkt. No. 1 at ¶ 1101). *Id.*

The approximately 1,000 Defendants originally named in Plaintiffs' Complaint had refused to enter into tolling agreements with Plaintiffs at the time this action was filed. Fellers Decl. at ¶ 5. Accordingly, due to the applicable statutes of limitations for Plaintiffs' claims under both Sections 107 and 113 of CERCLA, Plaintiffs timely filed their Complaint on July 2, 2018 to preserve their claims against these Defendants. *Id.* However, Plaintiffs' intent with respect to these Defendants was always to coordinate with DTSC on settlement negotiations and settlement offers to all viable entities. *Id.* Accordingly, a further stay and extension of time to serve Plaintiffs' Complaint on the remaining Defendants until July 20, 2020 will allow Plaintiffs to continue these settlement and dismissal efforts, in an effort to minimize the number of Defendants against whom active litigation may be necessary.

### III. A FURTHER STAY AND EXTENSION OF TIME FOR SERVICE WOULD ALLOW ADDITIONAL SETTLEMENT NEGOTIATIONS AND VOLUNTARY DISMISSALS

Since Plaintiffs filed their Complaint, they have successfully entered into tolling agreements with 120 Defendants and voluntarily dismissed these Defendants from this action. Fellers Decl. at ¶ 6. Consistent with their original intention, Plaintiffs are continuing to send out on a rolling basis written requests to all Defendants that can be located, advising them that if they sign a tolling agreement, they, too, will be dismissed from the action without prejudice. Fellers Decl. at ¶ 7.

---

[1] Plaintiffs are currently undergoing settlement negotiations with these tolled PRPs and do not anticipate the need at this time to include them in this lawsuit.

Currently, Plaintiffs are in negotiations with a number of Defendants regarding dismissing them without prejudice. *Id.* However, due to the very large number of Defendants and the age of the records, and the need to coordinate with the State, additional time is necessary to conduct settlements and voluntary dismissals. *Id.*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance." *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936); *see also Johnson v. Inos*, 619 Fed. Appx. 651 (2015).

There is ample precedent for extensions of this magnitude, particularly in large CERCLA cases, including in prior litigation involving the BKK Working Group. Certain of the Plaintiffs, as Members of the BKK Working Group, were previously involved in a CERCLA case of this type in the United States District Court for the District of Columbia.[2] Fellers Decl. at ¶ 8. In that case, at said plaintiffs' request, the District Court granted an extension of time for service of the complaint for several years beyond the 90-day period provided for under Rule 4(m) of the Federal Rules of Civil Procedure, to allow said plaintiffs to negotiate and finalize a settlement with the defendant. *See id.; BKK Joint Defense Group, et al. v. FDIC*, Civil Action No. 09-948 (CKK). Settlement was successfully obtained, obviating the need for active discovery and litigation in that case and resulting in the contribution of $86 million towards investigation and cleanup of the BKK Class I Landfill (including an additional $1 million to United States EPA).[3] Fellers Decl.

---

[2] This lawsuit was filed in the DC District Court because the FDIC, as received for Washington Mutual Bank, was a defendant in the litigation.

[3] The FDIC and JP Morgan Chase Bank, NA ultimately settled with both the BKK Working Group, the State of California, and United States EPA for $87 million. These settlements were approved by the Court in the Central District of California.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES B

5

SECOND MOTION TO STAY AND
EXTEND TIME TO SERVE DEFENDANTS
2:18-CV-05810-MWF-PLA

at ¶ 8.

Other federal courts have similarly granted such motions for stay and extensions of time for plaintiffs to serve their complaints in complex, multi-party environmental lawsuits such as this. *See, e.g.*, *Chemetco Site PRP Grp. v. A Square Systems, Inc.*, Civil Action No. 18-179-SMY-SCW (Illinois District Court granting plaintiff PRP group's motion for stay and extension of time to serve defendants for a period of one year in a CERCLA cost recovery and contribution action); *see also Pakootas v. Teck Cominco Metals, Ltd.*, 452 F.3d 1066, 1071 (9th Cir. 2006).

## IV. PLAINTIFFS HAVE BEEN COOPERATING WITH DTSC TO DEVELOP A JOINT FRAMEWORK FOR SETTLEMENT WITH DEFENDANTS AND OTHER PRPS

In addition to their efforts relating to voluntarily dismissing named Defendants who execute tolling agreements, Plaintiffs have also been diligently working with DTSC to develop a joint strategy for pursuing and implementing settlements with Defendants and other PRPs. Fellers Decl. at ¶ 9; Potter Decl. at ¶ 7; Malinowski Decl. at ¶ 8. These efforts include: (A) preparing settlement packages for Defendants and other PRPs; (B) negotiating and drafting an amendment to the Third Consent Decree that establishes an Escrow Account for any settlement funds collected; and (C) developing a framework for communicating settlement offers to small volume PRPs, *i.e.*, those PRPs that DTSC determines are *de minimis* as defined in CERCLA section 122(g). Fellers Decl. at ¶¶ 9-11; Potter Decl. at ¶¶ 7-9; Malinowski Decl. at ¶ 8. Such coordinated efforts between Plaintiffs and DTSC will ensure that Defendants receive contribution protection with respect to further remediation and investigation of the BKK Class I Landfill.

### A. Settlement Packages

Plaintiffs and DTSC have made significant progress in developing a comprehensive settlement package, including cover letters and FAQs to be sent to Defendants and PRPs, and continue to do so, but it is not yet finalized. Fellers Decl. at ¶ 9; Potter Decl. ¶¶ 7-8; Malinowski Decl. ¶ 8. Once the settlement

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES B

6

SECOND MOTION TO STAY AND
EXTEND TIME TO SERVE DEFENDANTS
2:18-CV-05810-MWF-PLA

package is finalized, Plaintiffs and DTSC intend to send it to thousands of potentially responsible parties, including the Defendants, in an organized and systematic fashion. Fellers Decl. at ¶ 9. In order to ensure that the State can timely respond to all potentially responsible parties, the State and Plaintiffs expect to send the settlement packages out in waves. *Id.*

### B. Amendment to Third Consent Decree

In order to facilitate any potential settlements from Defendants and PRPs, DTSC and Plaintiffs have also been negotiating and drafting an Amendment to the prior Third Consent Decree. Fellers Decl. at ¶ 10; Potter Decl. at ¶ 8; Malinowski Decl. at ¶ 8. This Amendment would, among other things, establish an Escrow Account for any settlement funds collected, dedicating these funds for use towards the investigation and remediation of the Class I Landfill. *Id.* A draft Amendment has been prepared and DTSC and Plaintiffs are close to finalizing all provisions; the Amendment would then be submitted to the Court for approval in the coming months. Fellers Decl. at ¶ 10.

### C. *De Minimis* Settlements

DTSC and Plaintiffs have also been working together to develop a framework for communicating settlement offers to small volume PRPs. Fellers Decl. at ¶ 11; Potter Decl. at ¶ 9; Malinowski Decl. at ¶ 8. The small volume parties are those PRPs that DTSC will determine are *de minimis* as defined in CERCLA section 122(g). Fellers Decl. at ¶ 11. In addition to preparing the actual agreement, DTSC and Plaintiffs have also been drafting a settlement letter that will accompany the agreement. Potter Decl. at ¶ 9; Malinowski Decl. at ¶ 8. Moreover, Plaintiffs and DTSC have been developing the mechanics for contacting the *de minimis* parties, addressing questions from the *de minimis* parties regarding volumetric allocation or other issues, and developing a website to provide additional information to *de minimis* parties and the public. *Id.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES B

7

SECOND MOTION TO STAY AND
EXTEND TIME TO SERVE DEFENDANTS
2:18-CV-05810-MWF-PLA

DTSC and its counsel from the California Department of Justice agree with Plaintiffs that the "process of negotiating settlements with the *de minimis* parties will be greatly complicated if the BKK Working Group is simultaneously engaged in active litigation against the *de minimis* parties." Potter Decl. at ¶ 10; *see also* Malinowski Decl. at ¶ 9 ("Based on my conversations with my staff, DTSC counsel, and representatives of the BKK Working Group, I believe that active litigation in the BKK Working Group's pending contribution actions would interfere with and slow down the joint effort to reach settlements with *de minimis* PRPs."). Hence, Plaintiffs seek to enter settlements with as many *de minimis* parties as possible before actively litigating claims against any *de minimis* parties that refuse to settle.

## V.   CONCLUSION

Plaintiffs respectfully submit that judicial economy is best served in this very large multi-party CERCLA case through an additional stay for one year until, July 20, 2020 to allow Plaintiffs, in coordination with DTSC, to continue to meaningfully engage in settlement negotiations, make settlement offers, and otherwise dispose of as many named Defendants as possible.

In addition, and consistent with the requested stay, Plaintiffs respectfully request that the Court allow Plaintiffs a further extension of time to July 20, 2020 to serve their Complaint, so that Plaintiffs have the opportunity to present settlement offers and/or dismiss as many parties as possible before setting a Scheduling Order and placing the case in an active discovery and litigation posture.

During the requested stay, Plaintiffs will continue their efforts to settle with as many Defendants as possible and do not plan on filing any pleadings other than voluntary dismissal notices of settling and non-viable Defendants under Federal Rules of Civil Procedure 41(A)(1)(a). Fellers Decl. at ¶ 12. In addition, Plaintiffs will continue to provide periodic updates on their efforts to the Court.

Plaintiffs make this Motion in good faith and not for the purpose of causing

1  any unnecessary delay in this case, but rather to promote judicial economy and
2  potentially reach resolution with the remaining Defendants informally without the
3  need of wasteful expense of the Court's resources.

5  Dated: March 20, 2019                    MORGAN, LEWIS & BOCKIUS LLP

7                                            By: /s/ Denise G. Fellers
8                                               James J. Dragna
                                                Denise G. Fellers
9                                               Attorneys for Plaintiff
                                                BKK WORKING GROUP, an
10                                              unincorporated association

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES B

9

SECOND MOTION TO STAY AND
EXTEND TIME TO SERVE DEFENDANTS
2:18-CV-05810-MWF-PLA

ATTACHMENT A

PLAINTIFFS

1. BKK WORKING GROUP
2. ANADARKO E&P ONSHORE LLC
3. ATLANTIC RICHFIELD COMPANY
4. ASHLAND LLC.
5. BAYER CROPSCIENCE INC.
6. BHPI SERVICE LLC
7. THE BOEING COMPANY
8. CALIFORNIA RESOURCES CORPORATION
9. CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY
10. CHEVRON MARINE PRODUCTS LLC
11. CITY OF LOS ANGELES, ACTING BY AND THROUGH LADWP
12. CONOCOPHILLIPS COMPANY
13. CROSBY & OVERTON, INC.
14. THE DOW CHEMICAL COMPANY
15. DUCOMMUN AEROSTRUCTURES, INC.
16. ESSEX CHEMICAL CORPORATION
17. EXXON MOBIL CORPORATION
18. GEMINI INDUSTRIES, INC.
19. GENERAL DYNAMICS CORPORATION
20. GENERAL LATEX AND CHEMICAL CORPORATION
21. HP INC. (FORMERLY KNOWN AS HEWLETT-PACKARD COMPANY)
22. AMERICAN HONDA MOTOR CO., INC.
23. HUNTINGTON BEACH COMPANY
24. LOCKHEED MARTIN CORPORATION
25. MARS, INC. (FORMERLY KNOWN AS KAL KAN FOODS INC.)
26. MONTROSE CHEMICAL CORPORATION OF CALIFORNIA

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES B

10

SECOND MOTION TO STAY AND
EXTEND TIME TO SERVE DEFENDANTS
2:18-CV-05810-MWF-PLA

1. MORTELL COMPANY
2. MORTON INTERNATIONAL, INC.
3. NATIONAL STEEL AND SHIPBUILDING COMPANY
4. NORTHROP GRUMMAN SYSTEMS CORPORATION
5. OXY USA, INC.
6. QUEMETCO, INC.
7. ROCKWELL AUTOMATION, INC.
8. ROHM & HAAS COMPANY
9. ROHR, INC.
10. SAN DIEGO GAS & ELECTRIC COMPANY
11. SMITH INTERNATIONAL, INC.
12. SOUTHERN CALIFORNIA EDISON COMPANY
13. SOUTHERN CALIFORNIA GAS COMPANY
14. STAUFFER MANAGEMENT COMPANY LLC
15. THE PROCTER & GAMBLE MANUFACTURING COMPANY
16. THUMS LONG BEACH COMPANY
17. UNION CARBIDE CORPORATION
18. UNION PACIFIC RAILROAD/SOUTHERN PACIFIC
19. TRANSPORTATION COMPANY
20. UNITED STATES STEEL CORPORATION
21. UNITED TECHNOLOGIES CORPORATION
22. UNIVAR USA INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES B

11

SECOND MOTION TO STAY AND
EXTEND TIME TO SERVE DEFENDANTS
2:18-CV-05810-MWF-PLA