# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BKK WORKING GROUP, et al., | Case No. CV 18-5810-MWF(PLAx) |
| Plaintiffs, | **ORDER GRANTING STIPULATION RE: CASE MANAGEMENT ORDER NO. 2** |
| vs. | |
| 1700 SANTA FE LTD, et al., | |
| Defendants. | |

The Court enters this Case Management Order No. 2 ("CMO No. 2") as follows:

A. <u>VACATED DEADLINES IN CASE MANAGEMENT ORDER NO. 1</u>

To facilitate the selection of Defendants' liaison counsel and other case management matters, the following deadlines in Case Management Order No. 1 ("CMO No. 1") are hereby vacated:

    i. December 20, 2024: Deadline for Notice of Establishment of Defendants' Leadership Counsel

    ii. January 6, 2025: Deadline for Parties to meet and confer regarding further Case Management Order

    iii. February 19, 2025: Coordinated Answer to Amended Complaint or Coordinated Rule 12 Motions Due

    iv. February 19, 2025: Defendant Separate Statement of Affirmative Defenses Due

    v. April 20, 2025: Lifting of Discovery Stay

B. <u>ORGANIZATION OF DEFENDANTS</u>

    1. <u>Defendants' Notices of Appearance</u>. Within 21 days of the date of entry of this CMO No. 2, Plaintiffs shall notify by mail or email all served Defendants (or their counsel, if known) that have not settled of this CMO No. 2.[1] Defendants so notified shall file notices of appearance within 30 days of being so notified.[2]

    2. <u>Interim Defense Counsel</u>. Loeb & Loeb LLP shall serve as interim liaison counsel ("Liaison Counsel") in this case until such time as counsel

---

[1] As to those Defendants for whom service has been effectuated through the California Secretary of State, service shall be by mail to the address listed in the Defendant's Certificate of Surrender, if available on the California Secretary of State's website; otherwise, service shall be made upon the Secretary of State. Those defendants that have agreed to settle are not required to file notices of appearance while they await finalization of their settlements.

[2] The filing of a notice of appearance shall not constitute a waiver of any objection to personal jurisdiction or venue or waiver of any other defenses.

for Defendants meet and agree upon other Liaison Counsel.  The right of each party to be represented by its own counsel is hereby expressly preserved.

Liaison Counsel shall have authority to:

i. Call meetings of Defendants' counsel;

ii. Appear for and speak on behalf of Defendants concerning common issues at any pretrial conference subject to consultation with Defendants and except to the extent a Defendant has advised that Liaison Counsel may not speak on such Defendant's behalf at such pretrial conference;

iii. Conduct pretrial proceedings on behalf of Defendants concerning common issues subject to consultation with Defendants and except to the extent a Defendant has advised Liaison Counsel it may not conduct such proceedings on behalf of such Defendant;

iv. Sign and file pleadings, including answers, affirmative defenses, motions, briefs, discovery requests, objections, or notices ("Pleadings") on behalf of all Defendants or those Defendants filing the particular pleadings, subject to consultation with Defendants.  Any Defendant may opt-out of any Pleading;

v. Brief and argue motions on behalf of Defendants subject to consultation with Defendants and except to the extent a Defendant has advised Liaison Counsel it may not file such brief or argue a motion on behalf of such Defendant; and

vi. Retain experts on behalf of Defendants subject to consultation with Defendants.

Liaison Counsel shall have the following responsibilities:

i. Distribute to Defendants' counsel those materials that they need to review to form and communicate their views regarding discovery,

| | | |
|---|---|---|
| 1 | | motion practice, and settlement; |
| 2 | ii. | Confer with Defendants' counsel to obtain their views regarding |
| 3 | | discovery, motion practice, experts, and settlement; |
| 4 | iii. | Communicate with the Court regarding any issues that need to be |
| 5 | | addressed on behalf of Defendants to the Court subject to consultations |
| 6 | | with the Defendants and except to the extent a Defendant has advised |
| 7 | | that Liaison Counsel may not speak on such Defendant's behalf |
| 8 | | concerning any issues; |
| 9 | iv. | Coordinate the taking of discovery that the Court authorizes; and |
| 10 | v. | Meet, as appropriate, with Plaintiffs' counsel to discuss coordination |
| 11 | | of discovery, scheduling matters, status conferences, motions, and |
| 12 | | settlement discussions and to communicate with Plaintiffs' counsel on |
| 13 | | behalf of Defendants on common issues and to act in furtherance of |
| 14 | | Defendants' collective interests subject to consultation with |
| 15 | | Defendants. |

Service as Liaison Counsel shall not create an attorney-client relationship duty of loyalty or any professional, ethical, or legal obligations between any firm serving in such capacity and any party other than its own clients. On or before <u>March 24, 2025</u>, Defendants shall establish their leadership structure, including appointment of Defense Liaison Counsel and any other leadership positions or committees as they deem appropriate, and notify the Court and Plaintiffs of the same.

3. <u>Defense Fund</u>. Simultaneously with filing their appearance, each Defendant, or, where a corporation has more than one subsidiary or related entity named as a defendant in the above-captioned action or in the action entitled *BKK Working Group, et al. v. Albertsons Companies, Inc., et al.*, Case No. CV 18-5836-MWF(PLAx), that corporation, shall pay $1,000 into a fund to be maintained by

Loeb & Loeb LLP (the "Common Fund") to pay for joint defense costs including costs and fees incurred by Liaison Counsel to fulfill its responsibilities under this Order.  The payments either be mailed to:

>Loeb & Loeb LLP
>10100 Santa Monica Blvd., Suite 2200
>Los Angeles, CA  90067
>Attn:  Brandi White
>For:   BKK Litigation Common Fund – 1700 Santa Fe[3]

Or sent by wire to:

| | |
|---|---|
| Bank Name: | City National Bank |
| Bank Branch: | Century City Private Client Services #673 |
| Bank Address: | 2029 Century Park East, Suite 100 |
| | Los Angeles, CA 90067 |
| Account Name: | Loeb & Loeb LLP - General Account |
| Account Number: | 210034722 |
| Routing/ABA Number | 122016066 |

Please reference BKK Litigation Common Fund – 1707 Santa Fe – 244543A and the name of the Defendant and send payment details to epayment@loeb.com and bwhite@loeb.com.

      4.    Work undertaken as Liaison Counsel will be billed separately from work completed on behalf of Liaison Counsel's clients.  Liaison Counsel will provide Defendants with regular invoices identifying tasks performed and costs incurred and will provide an accounting of fees and costs upon reasonable request by any Defendant.

C.    <u>MEET AND CONFER</u>

    No later than <u>April 11, 2025</u>, Plaintiffs and Defendants shall meet and confer on a further Case Management Order.

---

[3] A W-9 is attached as Exhibit 1. For accounting purposes, the mailing of checks is preferred.

D.    **PLEADINGS**

Defendants' responsive pleadings shall be filed in accordance with CMO No. 1, Section (D)(2). The deadline for all responsive pleadings, including a single Coordinated Answer, individual Statements of Affirmative Defenses, and coordinated motions pursuant to Rule 12(b), (e) or (f), is May 12, 2025. The deadline for responsive pleadings may be extended to allow the Parties to engage in alternative dispute resolution.

E.    **DISCOVERY**

The discovery stay currently imposed by CMO No. 1 will remain in place until July 14, 2025, or further order of the Court. The Parties may, at their discretion, agree to an exchange of information to facilitate settlement discussions prior to the lifting of the stay.

F.    **PRIVILEGES PRESERVED**

All information or documents exchanged among and between the individual members of Plaintiff BKK Working Group ("BWG") and/or their counsel relating to the litigation is communication for the purpose of assisting in a common cause and shall not constitute a waiver of any attorney-client communication, attorney work product, trade secret, or other privilege or protection.

Similarly, all information or documents exchanged among and between Liaison Counsel and individual defense counsel and among and between Defendants' counsel relating to the litigation is communication for the purpose of assisting in a common defense and shall not constitute a waiver of any attorney-client communication, attorney work product, trade secret, or other privilege or protection.

All such exchanges will be treated as not admissible into evidence in accordance with the terms of Fed. R. Evid. 408.

G.  CASE MANAGEMENT SCHEDULE

| | |
|---|---|
| 21 days following the entry of CMO No. 2 | Deadline for Plaintiffs to notify Defendants of entry of CMO No. 2 via email or mail |
| 30 days following Defendants' receipt of notice of entry of CMO No. 2 | Deadline for Defendants to file notice of appearance |
| March 24, 2025 | Deadline for Defendants to establish leadership structure and notify the Court and Plaintiffs of same |
| April 11, 2025 | Deadline for Parties to meet and confer regarding further CMO |
| May 12, 2025 | Responsive Pleadings due |
| July 14, 2025 | Lifting of Discovery Stay |

Except as expressly set forth above, CMO No. 2 shall not be construed to modify CMO No. 1.

**IT IS SO ORDERED.**

Dated: December 23, 2024

_____
MICHAEL W. FITZGERALD
United States District Judge