UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BKK WORKING GROUP; et al.,<br>Plaintiffs,<br>vs.<br>1700 SANTA FE LTD, et al.,<br>Defendants. | Case No. CV 18-05810-MWF(PLAx)<br>**CASE MANAGEMENT ORDER NO. 3** |

Following meet and confer discussions, the Parties have reached agreement on the provisions set forth in this Case Management Order No. 3. This agreement reflects the Parties' commitment to the efficient management of this case. For ease of reference, Case Management Order Nos. 1 and 2 are attached hereto as Exhibits A and B.

The Court enters Case Management Order No. 3 as follows:

A. VACATED DEADLINES IN CASE MANAGEMENT ORDER NO. 2

The following deadlines in Case Management Order No. 2 are hereby vacated:

May 12, 2025 Responsive Pleadings due

July 14, 2025 Lifting of Discovery Stay

B. NOTICE TO DEFENDANTS

Within 21 days of the date of entry of this Case Management Order No. 3, Plaintiffs shall notify by mail or email all served Defendants (or their counsel, if known) that have not settled of this Case Management Order No. 3. As to those Defendants for whom service has been effectuated through the California Secretary of State and that have not filed a Notice of Appearance, service shall be by mail to the address listed in the Defendant's Certificate of Surrender, if available on the California Secretary of State's website; otherwise, service shall be made upon the Secretary of State.

C. AMENDED COMPLAINT

Plaintiffs filed the Eighth Amended Complaint, the operative complaint in this case, on November 25, 2024. Plaintiffs are hereby granted leave to file an amended complaint not later than May 9, 2025 (or within one business day of entry of this Case Management Order No. 3, if later), without the necessity of a motion. The amended complaint may cure errors in the names of existing Defendants; add new Defendants, including those with relevant but previously undiscovered or unalleged corporate relationships with existing Defendants; delete or add certain

alleged corporate successor relationships between Defendants; delete allegations that some Defendants generated or arranged manifested waste; delete Defendants (and any references to such Defendants) that have been dismissed from the action; and clarify certain causes of action, demands, and relief sought where such clarifications are in furtherance of the Parties' meet and confer efforts.

D. MEET AND CONFER ON SERVICE LIST PROVIDER

Plaintiffs and Defendants shall promptly meet and confer regarding possible selection of a third-party e-service provider (the "Service Provider") to maintain a case service list.

E. CASE MANAGEMENT SCHEDULE

All responsive pleadings are stayed until June 16, 2025.

| | |
|---|---|
| May 9, 2025 | Deadline for Plaintiffs to file amended complaint (or within one business day of entry of this Case Management Order No. 3, if later) |
| June 16, 2025 | Deadline for filing of responsive pleadings to be filed in accordance with Case Management Order No. 1, Section (D)(2) |
| July 21, 2025 | Opposition(s) to Rule 12(b), (e) or (f) motions (if any) due |
| August 18, 2025 | Repl(y/ies) in support of Rule 12(b), (e) or (f) motions (if any) due |

F. DISCOVERY STAY AND FURTHER CASE MANAGEMENT ORDER

The discovery stay currently imposed by Case Management Order Nos. 1 and 2 shall remain in place until 45 days after the Court's ruling on any Rule 12(b), (e) or (f) motions. The Parties may, at their discretion, agree to an exchange of information to facilitate settlement discussions prior to the lifting of the stay.

The Parties shall meet and confer on a further case management order no later than 30 days following the Court's ruling on any Rule 12(b), (e), or (f) motions.

G. <u>LIAISON COUNSEL/COMMON FUND</u>

1. Loeb & Loeb LLP shall serve as liaison counsel with the authority and responsibilities and subject to the provisions set forth in Case Management Order No. 2.

2. Common Fund

a. **Newly Appearing Defendants**

Simultaneously with filing its appearance, each Defendant, or, where a corporation has more than one subsidiary or related entity named as a defendant in the above-captioned action or in the action entitled *BKK Working Group, et al. v. Albertsons Companies, Inc.,* Case No. 2:18-cv-05836, that corporation shall pay $5,000 into the Common Fund maintained by Loeb & Loeb LLP to pay for joint defense costs including costs and fees incurred by Liaison Counsel to fulfill its responsibilities under this Order (the "Common Fund").

b. **Previously Appearing Defendants**

Within thirty (30) days of entry of this Case Management Order No. 3, each Defendant, or, where a corporation has more than one subsidiary or related entity named as a defendant in the above-captioned action or in the action entitled *BKK Working Group, et al. v. Albertsons Companies, Inc.*, Case No. 2:18-cv-05836, that corporation that has already paid the initial $1,000 assessment for the Common Fund required by Case Management Order No. 2 shall pay $4,000 into the Common Fund. Any Defendant that has appeared but not paid the initial $1,000 must pay $5,000 into the Common Fund, subject to the limitation described in this paragraph G(2)(b).

Any Defendant that has executed a settlement and is awaiting the finalization of that settlement, for whom the litigation remains stayed pursuant to Case

Management Order No. 1, is not required to pay into the Common Fund unless and until the stay is lifted with regard to that Defendant.

c. Payments to the Common Fund shall either be mailed to:

Loeb & Loeb LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Attn: Brandi White
For: BKK Litigation Common Fund – 1700 Santa Fe[1]

Or sent by wire to:

| | |
|---|---|
| Bank Name: | City National Bank |
| Bank Branch: | Century City Private Client Services #673 |
| Bank Address: | 2029 Century Park East, Suite 100<br>Los Angeles, CA 90067 |
| Account Name: | Loeb & Loeb LLP - General Account |
| Account Number: | 210034722 |
| Routing/ABA Number | 122016066 |

Please reference BKK Litigation Common Fund – 1700 Santa Fe – and the name of the Defendant, and send payment details to epayment@loeb.com and bwhite@loeb.com.

Except as expressly set forth herein, this Case Management Order No. 3 shall not be construed to modify any prior Case Management Order.

**IT IS SO ORDERED.**

Dated: May 12, 2025

MICHAEL W. FITZGERALD
United States District Judge

[1] A W-9 is attached as Exhibit C. For accounting purposes, the mailing of checks is preferred. However, for those who prefer to wire the funds, wiring Instructions are attached as Exhibit D.

# EXHIBIT A

MORGAN, LEWIS & BOCKIUS LLP
James J. Dragna (SBN 91492)
james.dragna@morganlewis.com
Denise Gail Fellers (SBN 222694)
denise.fellers@morganlewis.com
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Attorneys for Plaintiff
BKK WORKING GROUP, an unincorporated association, and individual members identified below

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BKK WORKING GROUP; et al.,<br>Plaintiffs,<br>vs.<br>1700 SANTA FE LTD, et al.,<br>Defendants. | Case No. CV 18-5810-MWF(PLAx)<br>**CASE MANAGEMENT ORDER** |

This Case Management Order No. 1 ("CMO No. 1") is entered to manage this litigation and promote the use of judicial resources efficiently and effectively. The Court has attempted to balance the competing interests of the various parties to the litigation, including parties yet to be served in the action.

Unless otherwise indicated, this CMO No. 1 shall be binding on all parties and their counsel.

The Court orders as follows:

A. AMENDED COMPLAINT

Plaintiffs are permitted to amend the complaint prior to service on or before April 29, 2024. Upon service of the Amended Complaint, Rule 15 of the Federal Rules of Civil Procedure shall apply.

B. SETTLING DEFENDANTS

The litigation will remained stayed and a further extension of time to serve the complaint is granted as to those Defendants that have executed a settlement and are awaiting the finalization of that settlement.

C. PLEADINGS

1. **Service of Complaints.** On or before July 22, 2024, Plaintiffs shall notify all non-settling Defendants that a complaint has been filed and request a waiver of service of summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure allowing a return date of thirty (30) days from the date the request was sent. The final deadline for return of the waiver of service of summons is August 21, 2024 for Defendants to whom the waiver request was sent on July 22, 2024. To the extent a Defendant fails to return the waiver of service of summons, Plaintiffs shall request a summons from the Court by September 21, 2024. A copy of this CMO No. 1 and the Court's Standing Order shall be provided to each non-settling Defendant.

2. **Responsive Pleadings.** All responsive pleadings are stayed until February 19, 2025.

3. **Joinder of Third Parties.** Joinder of third parties under Rule 14 of the Federal Rules of Civil Procedure shall be stayed until further order of this Court.

D. ORGANIZATION OF DEFENSE COUNSEL

1. **Defendants' Liaison Counsel.** Defendants shall establish a leadership structure, including the appointment of liaison counsel with authority to appear, speak and file pleadings on common issues. A notice setting forth the leadership structure and identities of liaison counsel shall be filed and served on December 20, 2024.

2. **Responsive Pleadings.** Defendants' counsel shall meet and confer to coordinate the filing of responsive pleadings to minimize duplication. In furtherance of that goal, any Defendants who choose to answer the Complaint shall meet and confer to develop, file, and serve a single Coordinated Answer to the Complaint. The Coordinated Answer shall identify the Defendants whom elect to adopt it. The Coordinated Answer may contain affirmative defenses on common issues. Any Defendant who adopts the Coordinated Answer may also file a separate Statement of Affirmative Defenses.

Any Defendants who choose to file a motion pursuant to Rule 12(b), (e) or (f) shall meet and confer to coordinate the filing of such motions to minimize duplication on common issues of law or fact. Any motions brought pursuant to this section shall identify the Defendants who elect to adopt them.

E. DISCOVERY

1. **Initial Disclosures.** The Initial Disclosure requirements contained in Rule 26 are hereby stayed, except for, on a rolling basis, sixty (60) days after service of the Complaint or the return date of a Rule 4(d) waiver request, the Parties shall exchange the following information within their possession, custody or control:

i. Plaintiffs shall produce (1) all manifest and other related documents linking Defendants to the BKK Class I Landfill, and (2) technical reports concerning the investigation and remediation of the BKK Class I Landfill.

ii. Defendants shall produce (1) all insurance information for the relevant time period, and (2) all records relating to the BKK Class I Landfill, including manifests, weigh tickets, invoices, payment history, correspondence, and other related documents.

Defendants' production of initial exchange of information shall not constitute a waiver of any argument that the Court lacks jurisdiction over the Defendant.

2. **Stay of Discovery.** All other discovery is stayed until April 20, 2025, or further order of the Court.

3. **Common Document Repository.** As soon as practicable, the Parties shall establish a common document repository with an agreed upon vendor. The costs for this document repository shall be shared with Plaintiffs paying 50% of the cost and the Defendants, collectively, paying the remaining 50% of the cost.

F. MEET AND CONFER

Upon the completion of the information exchange, and no later than January 6, 2025, Plaintiffs and served Defendants shall meet and confer on a further Case Management Order.

G. CASE MANAGEMENT SCHEDULE

| | |
|---|---|
| April 29, 2024 | Deadline for filing Amended Complaints |
| April 29, 2024 | Begin notification of Complaint and Request for Waiver of Summons in tranches |
| July 22, 2024 | Final deadline for notification of Complaint and Request for Waiver of Summons |
| Aug. 20, 2024 | Final deadline to return Waiver of Service of Summons |
| Sept. 21, 2024 | Deadline to request summons for Defendants who fail to return Waiver of Service of Summons |

| | |
|---|---|
| Nov. 19, 2024 | Final deadline for exchange of initial information |
| Dec. 20, 2024 | Deadline for Notice of Establishment of Defendants' Leadership Counsel |
| January 6, 2025 | Deadline for Parties to meet and confer regarding further Case Management Order |
| Feb. 19, 2025 | Coordinated Answer to Amended Complaint or Coordinated Rule 12 Motions Due |
| Feb. 19, 2025 | Defendant Separate Statement of Affirmative Defenses Due |
| April 20, 2025 | Lifting of Discovery Stay, unless further order of Court |

During this schedule, the case will remain stayed for the settling Defendants as they await public notice and the finalization of the settlements.

**IT IS SO ORDERED.**

Dated: April 9, 2024

MICHAEL W. FITZGERALD
United States District Judge

# EXHIBIT B

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BKK WORKING GROUP, et al.,<br>Plaintiffs,<br>vs.<br>1700 SANTA FE LTD, et al.,<br>Defendants. | Case No. CV 18-5810-MWF(PLAx)<br>**ORDER GRANTING STIPULATION RE: CASE MANAGEMENT ORDER NO. 2** |

The Court enters this Case Management Order No. 2 ("CMO No. 2") as follows:

A. VACATED DEADLINES IN CASE MANAGEMENT ORDER NO. 1

To facilitate the selection of Defendants' liaison counsel and other case management matters, the following deadlines in Case Management Order No. 1 ("CMO No. 1") are hereby vacated:

i. December 20, 2024: Deadline for Notice of Establishment of Defendants' Leadership Counsel

ii. January 6, 2025: Deadline for Parties to meet and confer regarding further Case Management Order

iii. February 19, 2025: Coordinated Answer to Amended Complaint or Coordinated Rule 12 Motions Due

iv. February 19, 2025: Defendant Separate Statement of Affirmative Defenses Due

v. April 20, 2025: Lifting of Discovery Stay

B. ORGANIZATION OF DEFENDANTS

1. Defendants' Notices of Appearance. Within 21 days of the date of entry of this CMO No. 2, Plaintiffs shall notify by mail or email all served Defendants (or their counsel, if known) that have not settled of this CMO No. 2.[1] Defendants so notified shall file notices of appearance within 30 days of being so notified.[2]

2. Interim Defense Counsel. Loeb & Loeb LLP shall serve as interim liaison counsel ("Liaison Counsel") in this case until such time as counsel

[1] As to those Defendants for whom service has been effectuated through the California Secretary of State, service shall be by mail to the address listed in the Defendant's Certificate of Surrender, if available on the California Secretary of State's website; otherwise, service shall be made upon the Secretary of State. Those defendants that have agreed to settle are not required to file notices of appearance while they await finalization of their settlements.

[2] The filing of a notice of appearance shall not constitute a waiver of any objection to personal jurisdiction or venue or waiver of any other defenses.

for Defendants meet and agree upon other Liaison Counsel. The right of each party to be represented by its own counsel is hereby expressly preserved.

Liaison Counsel shall have authority to:

i. Call meetings of Defendants' counsel;

ii. Appear for and speak on behalf of Defendants concerning common issues at any pretrial conference subject to consultation with Defendants and except to the extent a Defendant has advised that Liaison Counsel may not speak on such Defendant's behalf at such pretrial conference;

iii. Conduct pretrial proceedings on behalf of Defendants concerning common issues subject to consultation with Defendants and except to the extent a Defendant has advised Liaison Counsel it may not conduct such proceedings on behalf of such Defendant;

iv. Sign and file pleadings, including answers, affirmative defenses, motions, briefs, discovery requests, objections, or notices ("Pleadings") on behalf of all Defendants or those Defendants filing the particular pleadings, subject to consultation with Defendants. Any Defendant may opt-out of any Pleading;

v. Brief and argue motions on behalf of Defendants subject to consultation with Defendants and except to the extent a Defendant has advised Liaison Counsel it may not file such brief or argue a motion on behalf of such Defendant; and

vi. Retain experts on behalf of Defendants subject to consultation with Defendants.

Liaison Counsel shall have the following responsibilities:

i. Distribute to Defendants' counsel those materials that they need to review to form and communicate their views regarding discovery,

motion practice, and settlement;

ii. Confer with Defendants' counsel to obtain their views regarding discovery, motion practice, experts, and settlement;

iii. Communicate with the Court regarding any issues that need to be addressed on behalf of Defendants to the Court subject to consultations with the Defendants and except to the extent a Defendant has advised that Liaison Counsel may not speak on such Defendant's behalf concerning any issues;

iv. Coordinate the taking of discovery that the Court authorizes; and

v. Meet, as appropriate, with Plaintiffs' counsel to discuss coordination of discovery, scheduling matters, status conferences, motions, and settlement discussions and to communicate with Plaintiffs' counsel on behalf of Defendants on common issues and to act in furtherance of Defendants' collective interests subject to consultation with Defendants.

Service as Liaison Counsel shall not create an attorney-client relationship duty of loyalty or any professional, ethical, or legal obligations between any firm serving in such capacity and any party other than its own clients. On or before <u>March 24, 2025</u>, Defendants shall establish their leadership structure, including appointment of Defense Liaison Counsel and any other leadership positions or committees as they deem appropriate, and notify the Court and Plaintiffs of the same.

3. <u>Defense Fund</u>. Simultaneously with filing their appearance, each Defendant, or, where a corporation has more than one subsidiary or related entity named as a defendant in the above-captioned action or in the action entitled *BKK Working Group, et al. v. Albertsons Companies, Inc., et al.*, Case No. CV 18-5836-MWF(PLAx), that corporation, shall pay $1,000 into a fund to be maintained by

Loeb & Loeb LLP (the "Common Fund") to pay for joint defense costs including costs and fees incurred by Liaison Counsel to fulfill its responsibilities under this Order. The payments either be mailed to:

Loeb & Loeb LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Attn: Brandi White
For: BKK Litigation Common Fund – 1700 Santa Fe[3]

Or sent by wire to:

| | |
|---|---|
| Bank Name: | City National Bank |
| Bank Branch: | Century City Private Client Services #673 |
| Bank Address: | 2029 Century Park East, Suite 100<br>Los Angeles, CA 90067 |
| Account Name: | Loeb & Loeb LLP - General Account |
| Account Number: | 210034722 |
| Routing/ABA Number | 122016066 |

Please reference BKK Litigation Common Fund – 1707 Santa Fe – 244543A and the name of the Defendant and send payment details to epayment@loeb.com and bwhite@loeb.com.

4. Work undertaken as Liaison Counsel will be billed separately from work completed on behalf of Liaison Counsel's clients. Liaison Counsel will provide Defendants with regular invoices identifying tasks performed and costs incurred and will provide an accounting of fees and costs upon reasonable request by any Defendant.

C. MEET AND CONFER

No later than April 11, 2025, Plaintiffs and Defendants shall meet and confer on a further Case Management Order.

[3] A W-9 is attached as Exhibit 1. For accounting purposes, the mailing of checks is preferred.

D. PLEADINGS

Defendants' responsive pleadings shall be filed in accordance with CMO No. 1, Section (D)(2). The deadline for all responsive pleadings, including a single Coordinated Answer, individual Statements of Affirmative Defenses, and coordinated motions pursuant to Rule 12(b), (e) or (f), is May 12, 2025. The deadline for responsive pleadings may be extended to allow the Parties to engage in alternative dispute resolution.

E. DISCOVERY

The discovery stay currently imposed by CMO No. 1 will remain in place until July 14, 2025, or further order of the Court. The Parties may, at their discretion, agree to an exchange of information to facilitate settlement discussions prior to the lifting of the stay.

F. PRIVILEGES PRESERVED

All information or documents exchanged among and between the individual members of Plaintiff BKK Working Group ("BWG") and/or their counsel relating to the litigation is communication for the purpose of assisting in a common cause and shall not constitute a waiver of any attorney-client communication, attorney work product, trade secret, or other privilege or protection.

Similarly, all information or documents exchanged among and between Liaison Counsel and individual defense counsel and among and between Defendants' counsel relating to the litigation is communication for the purpose of assisting in a common defense and shall not constitute a waiver of any attorney-client communication, attorney work product, trade secret, or other privilege or protection.

All such exchanges will be treated as not admissible into evidence in accordance with the terms of Fed. R. Evid. 408.

G. CASE MANAGEMENT SCHEDULE

| | |
|---|---|
| 21 days following the entry of CMO No. 2 | Deadline for Plaintiffs to notify Defendants of entry of CMO No. 2 via email or mail |
| 30 days following Defendants' receipt of notice of entry of CMO No. 2 | Deadline for Defendants to file notice of appearance |
| March 24, 2025 | Deadline for Defendants to establish leadership structure and notify the Court and Plaintiffs of same |
| April 11, 2025 | Deadline for Parties to meet and confer regarding further CMO |
| May 12, 2025 | Responsive Pleadings due |
| July 14, 2025 | Lifting of Discovery Stay |

Except as expressly set forth above, CMO No. 2 shall not be construed to modify CMO No. 1.

**IT IS SO ORDERED.**

Dated: December 23, 2024

MICHAEL W. FITZGERALD
United States District Judge

# EXHIBIT C

Form **W-9** (Rev. March 2024)
Department of the Treasury
Internal Revenue Service

# Request for Taxpayer Identification Number and Certification

Go to *www.irs.gov/FormW9* for instructions and the latest information.

**Give form to the requester. Do not send to the IRS.**

**Before you begin.** For guidance related to the purpose of Form W-9, see *Purpose of Form*, below.

Print or type. See *Specific Instructions* on page 3.

1 Name of entity/individual. An entry is required. (For a sole proprietor or disregarded entity, enter the owner's name on line 1, and enter the business/disregarded entity's name on line 2.)

LOEB & LOEB LLP

2 Business name/disregarded entity name, if different from above.

3a Check the appropriate box for federal tax classification of the entity/individual whose name is entered on line 1. Check only **one** of the following seven boxes.

☐ Individual/sole proprietor ☐ C corporation ☐ S corporation ☐ Partnership ☐ Trust/estate

☑ LLC. Enter the tax classification (C = C corporation, S = S corporation, P = Partnership) . . . . P

**Note:** Check the "LLC" box above and, in the entry space, enter the appropriate code (C, S, or P) for the tax classification of the LLC, unless it is a disregarded entity. A disregarded entity should instead check the appropriate box for the tax classification of its owner.

☐ Other (see instructions)

3b If on line 3a you checked "Partnership" or "Trust/estate," or checked "LLC" and entered "P" as its tax classification, and you are providing this form to a partnership, trust, or estate in which you have an ownership interest, check this box if you have any foreign partners, owners, or beneficiaries. See instructions . . . . . . . . . . ☐

4 Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any)

Exemption from Foreign Account Tax Compliance Act (FATCA) reporting code (if any)

*(Applies to accounts maintained outside the United States.)*

5 Address (number, street, and apt. or suite no.). See instructions.

10100 SANTA MONICA BLVD, SUITE 2200

Requester's name and address (optional)

6 City, state, and ZIP code

LOS ANGELES, CA 90067

7 List account number(s) here (optional)

## Part I Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN*, later.

**Note:** If the account is in more than one name, see the instructions for line 1. See also *What Name and Number To Give the Requester* for guidelines on whose number to enter.

**Social security number**

_ _ _ – _ _ – _ _ _ _

**or**

**Employer identification number**

9 5 – 1 7 8 0 8 0 6

## Part II Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined below); and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and, generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

**Sign Here** Signature of U.S. person [signature] Date 3-15-2024

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9*.

## What's New

Line 3a has been modified to clarify how a disregarded entity completes this line. An LLC that is a disregarded entity should check the appropriate box for the tax classification of its owner. Otherwise, it should check the "LLC" box and enter its appropriate tax classification.

New line 3b has been added to this form. A flow-through entity is required to complete this line to indicate that it has direct or indirect foreign partners, owners, or beneficiaries when it provides the Form W-9 to another flow-through entity in which it has an ownership interest. This change is intended to provide a flow-through entity with information regarding the status of its indirect foreign partners, owners, or beneficiaries, so that it can satisfy any applicable reporting requirements. For example, a partnership that has any indirect foreign partners may be required to complete Schedules K-2 and K-3. See the Partnership Instructions for Schedules K-2 and K-3 (Form 1065).

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS is giving you this form because they

# EXHIBIT D

# Loeb & Loeb LLP

# Wire Transfer Instructions


**Loeb & Loeb LLP**

**Los Angeles, CA**
10100 Santa Monica Boulevard
Suite 2200
Los Angeles, CA 90067
Phone: (310) 282-2000
Fax: (310) 282-2200

**San Francisco, CA**
Two Embarcadero Center
Suite 2510
San Francisco, CA 94111
Phone: (415) 903-3200
Fax: (415) 903-3201

**New York, NY**
345 Park Avenue
New York, NY 10154
Phone: (212) 407-4000
Fax: (212) 407-4990

**Chicago, IL**
321 North Clark Street
Suite 2300
Chicago, IL 60654
Phone: (312) 464-3100
Fax: (312) 464-3111

**Nashville, TN**
35 Music Square East
Suite 310
Nashville, TN 37203
Phone: (615) 749-8300
Fax: (615) 749-8308

**Washington, DC**
901 New York Ave. NW
Suite 300 East
Washington, DC 20001
Phone: (202) 618-5000
Fax: (202) 618-5001

**Beijing, China**
Suite 4301, Tower C,
Beijing Yintai Center
2 Jianguomenwai Dajie
Chaoyang District
Beijing 100022, PR China
Phone: +86 10 5954 3500
Fax: +86 10 8517 1627

**Hong Kong**
2206-19 Jardine House
1 Connaught Place Central
Hong Kong
Phone: +852 3923 1111
Fax: +852 3923 1100


LOEB & LOEB LLP

If a client is sending a payment for an ***invoice*** or ***retainer***, please provide the **General Account** information.

**General Account**

| | |
|---|---|
| Bank Name | City National Bank |
| Bank Branch | Century City Private Client Services #673 |
| Bank Address | 2029 Century Park East, Suite 100<br>Los Angeles, CA 90067 |
| Account Name | Loeb & Loeb LLP - General Account |
| Account Number | 210034722 |
| Routing/ABA Number (Domestic Wire) | 122016066 |
| Swift Code (Foreign Wire) | CINAUS6L |

Please reference the **Invoice Number** and **Client/Matter Number** and send payment details to: epayment@loeb.com

If a client is sending a payment for a ***settlement*** or ***other purpose*** please provide the **Client Trust Account** information.

**Los Angeles Bank - Client Trust Account**

| | |
|---|---|
| Bank Name | City National Bank |
| Bank Branch | Century City Private Client Services #673 |
| Bank Address | 2029 Century Park East, Suite 100<br>Los Angeles, CA 90067 |
| Account Name | Loeb & Loeb LLP - Client Trust Account IOLTA |
| Account Number | 128516247 |
| Routing/ABA Number (Domestic Wire) | 122016066 |
| Swift Code (Foreign Wire) | CINAUS6L |

Please reference the "**Client/Matter Number**" and send payment details to: epayment@loeb.com

**New York Bank - Client Trust Account**

| | |
|---|---|
| Bank Name | Citigroup Private Bank |
| Bank Address | 153 East 53rd Street<br>New York, NY 10022 |
| Account Name | Loeb & Loeb LLP - Trust Account |
| Account Number | 24576266 |
| Routing/ABA Number (Domestic Wire) | 021000089 |
| Swift Code (Foreign Wire) | CITIUS33 |

Please reference the "**Client/Matter Number**" and send payment details to: epaymentny@loeb.com