**MORGAN, LEWIS & BOCKIUS LLP**
Denise G. Fellers (SBN 222694)
denise.fellers@morganlewis.com
Jeremy B. Esterkin (SBN 268530)
jeremy.esterkin@morganlewis.com
300 South Grand Avenue, 22nd Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

**MORGAN, LEWIS & BOCKIUS LLP**
Collie F. James, IV (SBN 192318)
collie.james@morganlewis.com
600 Anton Blvd., Ste. 1800
Costa Mesa, CA 92626-7653
Tel:   +1.714.830.0600
Fax:   +1.714.830.0700

Attorneys for Plaintiffs
BKK WORKING GROUP, an unincorporated
association, and individual members identified
below

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BKK WORKING GROUP; ANADARKO E&P ONSHORE LLC; ATLANTIC RICHFIELD COMPANY; ASHLAND INC.; BAYER CROPSCIENCE INC.; BIG HEART PET BRANDS; THE BOEING COMPANY; CALIFORNIA RESOURCES CORPORATION; CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY; CHEVRON MARINE PRODUCTS LLC; CITY OF LOS ANGELES, ACTING BY AND THROUGH THE LOS ANGELES DEPARTMENT OF WATER AND POWER; CONOCOPHILLIPS COMPANY; CROSBY & OVERTON, INC.; THE DOW CHEMICAL COMPANY; DUCOMMUN | Case No. 2:18-cv-5810-MWF-PLA **TENTH AMENDED COMPLAINT FOR:** 1. CERCLA:  CONTRIBUTION [42 U.S.C. § 9613(f)] 2. CERCLA: COST RECOVERY [42 U.S.C. § 9607(a)] 3. CERCLA:  SUBROGATION [42 U.S.C. § 9612(c)(2)] 4. CERCLA:  DECLARATORY RELIEF [42 U.S.C. § 9613(g)] 5. HSAA: CONTRIBUTION [HEALTH AND SAFETY CODE §§ 78000, ET SEQ.] 6. COMMON LAW SUBROGATION 7. DECLARATORY RELIEF [CAL. CIV. PROC. CODE §1060] |

AEROSTRUCTURES, INC.;
ESSEX CHEMICAL
CORPORATION; EXXON MOBIL
CORPORATION; GEMINI
INDUSTRIES, INC.; GENERAL
DYNAMICS CORPORATION;
GENERAL LATEX AND
CHEMICAL CORPORATION;
HEWLETT-PACKARD
COMPANY; AMERICAN
HONDA MOTOR CO., INC.;
HUNTINGTON BEACH
COMPANY; LOCKHEED
MARTIN CORPORATION;
MARS, INC. (FORMERLY
KNOWN AS KAL KAN FOODS
INC.); MONTROSE CHEMICAL
CORP. OF CALIFORNIA;
MORTELL COMPANY;
MORTON INTERNATIONAL,
INC.; NATIONAL STEEL AND
SHIPBUILDING COMPANY;
NORTHROP GRUMMAN
SYSTEMS CORPORATION; OXY
USA INC.; QUEMETCO, INC.;
ROCKWELL AUTOMATION,
INC.; ROHM & HAAS
COMPANY; ROHR, INC.; SAN
DIEGO GAS & ELECTRIC
COMPANY; SMITH
INTERNATIONAL, INC.;
SOUTHERN CALIFORNIA
EDISON COMPANY;
SOUTHERN CALIFORNIA GAS
COMPANY; STAUFFER
MANAGEMENT COMPANY
LLC; THE PROCTER &
GAMBLE MANUFACTURING
COMPANY; THUMS LONG
BEACH COMPANY; UNION
CARBIDE CORPORATION;
UNION PACIFIC RAILROAD
(FORMERLY KNOWN AS
SOUTHERN PACIFIC
TRANSPORTATION
COMPANY); UNITED STATES
STEEL CORPORATION; RTX

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

CORPORATION; UNIVAR
SOLUTIONS USA LLC;
AMERON INTERNATIONAL
CORPORATION; AND XEROX
CORPORATION,

Plaintiffs,

v.

A. Z. DECASING INC.; ACCURATE
PLATING CO.; ACTION
COMPUTER PRODUCTS SALES,
INC.; AERODYNAMICS PLATING
CO., INC.; AJAX HARDWARE
CORP.; ALCO-GRAVURE INC.;
ALLYN TRANSPORTATION CO.;
ALUM-A-COAT INC.; ALUMINUM
PRECISION PRODUCTS, INC.;
AMERICAN MARBLE & ONYX
COMPANY, INC.; AMERICAN
OCEAN TILE; MOHAWK
INDUSTRIES, INC.; AMERICAN
SAFETY EQUIPMENT CO.;
ANCHOR HOCKING
CORPORATION; APEX DRUM
COMPANY, INC.; ASTRO PAK
CORP.; ATLAS COVERALL &
SUPPLY; B & B PIPE AND TOOL
CO.; B & C PLATING
CORPORATION; BARRY L.
MILLER ENGINEERING INC.; BAY
DECKING CO. INC.; BELL
INDUSTRIES; BENNETT
INDUSTRIES; BERGANDI
MANUFACTURING CO. INC.;
BLACKFOOT-CHEROKEE ENERGY
INC.; TEP ROCKY MOUNTAIN
LLC; BLISS & LAUGHLIN STEEL
CO.; BOCK COMPANY; SABEMA
CORPORATION; BURBANK
PLATING SERVICE CORP.;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

BURBANK UNIFIED SCHOOL
DISTRICT; CAL BUMPER CO.;
CALIFORNIA CORRUGATED IND.;
CALIFORNIA FINISHED METALS
INC.; CALIFORNIA MOTOR
EXPRESS; MCCLEAN TRUCKING
COMPANY; CALPRO CO.;
CASPIAN INC.; CBC INDUSTRIES,
INC.; CELOTEX CORP.; CHEM
ARROW CORP.; CHEMICAL
ENERGY OF CALIFORNIA;
CHEMOIL REFINING CORP.;
CHEMRON; CHROMALLOY
CORPORATION; CHROMIZING
CORP.; CITY OF RIVERSIDE; CITY
OF SAN DIEGO; CLAYTON
MANUFACTURING COMPANY;
CLEAN STEEL INC.; A.C.
LIQUIDATING CORP.; COMPUTER
AUTOMATION, INC.; CONRAC
CORP.; DAYCO INCORPORATED;
HOMETOWN GREEN RIVER
VILLAGE GP, L.L.C., SUCCESSOR-
IN-INTEREST TO CONTEMPO
FURNITURE; COOPER LA CLEAR
DRUM CO.; TORRANCE TUBING &
CONDUIT CO.; D. W. ELLIOTT
INC.; DARRELL THOMPSON TANK
& CONSTRUCTION, INC.; DAVIS
WIRE CORP.; G.L.C. BUILDING
CORP., FORMERLY KNOWN AS
DEL AMO ENERGY; SGL CARBON
LLC; DIAL PRECISION INC.;
DOWNEY GLASS CO. INC.; H.E.
DYER, INC.; EDMUND A. GRAY
CO.; EL MONTE LEAD SALVAGE
CO. INC.; ELECTRON PLATING III,
INC.; ELECTRONIC PLATING
SERVICE INC.; MODINE
MANUFACTURING COMPANY,
SUCCESSOR-IN-INTEREST TO

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

ESKIMO RADIATOR
MANUFACTURING CO.; EVEREST
& JENNINGS INTERNATIONAL;
GRAHAM-FIELD HEALTH
PRODUCTS, INC.; FANSTEEL, INC.,
SUCCESSOR-IN-INTEREST TO
FANSTEEL PRECISION SHEET
METAL; FG GROUP HOLDINGS
INC., SUCCESSOR-IN-INTEREST
TO PICHEL INDUSTRIES INC.;
FIRST NATIONAL FINANCE
CORP.; FORTIN INDUSTRIES, INC.;
FOUR STAR CHEMICAL CO.;
FRESNO UNIFIED SCHOOL
DISTRICT; GOLDEN WOOL CO.;
GRINDLEY MANUFACTURING,
INC.; GROVER PRODUCTS CO.; H.
H. ROBERTSON CO.; ROBERTSON
CECO II CORPORATION; H.
KRASNE MANUFACTURING CO.
INC.; HARLAND M. BRAUN & CO.,
INC.; HEADS UP INDUSTRIES;
HERCULES OIL CO.; HERMETIC
SYSTEMS INC.; HI-PRODUCTION
FORGE CO.; H & L TOOTH
COMPANY; HORDIS BROTHERS;
HUNTINGTON/PACIFIC
CERAMICS, INC.; HUNTMIX INC.;
IDEAL UNIFORM RENTAL
SERVICE; INTERNATIONAL
DECORATIVES INC.;
INTERNATIONAL
ARCHITECTURAL PRODUCTS,
INC.; IRVINE RANCH WATER
DISTRICT; ISAAC COHEN & SON,
INC.; J & S CHROME PLATING CO.;
J. H. BAXTER & CO.; J. W. CARROL
& SONS; JACK B KELLEY LLC;
JENNINGS PLATING CO. INC.; K. L.
REDFERN CONSTRUCTION CO.;
KJM DEVELOPMENT CORP.; KAG

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

MERCHANT GAS GROUP; KELLEY MANUFACTURING CO.; KETEMA ALUMINUM EXTRUSION; KEYSTONE PRODUCTS, INC.; KINSBURSKY BROTHERS SUPPLY INC.; KIRKHILL INC.; KLEER PAK MANUFACTURING CO.; LAKEWOOD OIL SERVICE INC.; THE LANGLOIS COMPANY; LEACH INTERNATIONAL CORPORATION; LEACH OIL CO., INC.; LEAR SIEGLER INC.; LEWIS FOODS; LIFE PAINT CO.; LONG BEACH OIL DEVELOPMENT COMPANY; LONG BEACH PLATING CO.; LOS ANGELES TANNING CO.; MACMILLAN OIL CO.; OLYMPUS TERMINALS LLC, SUCCESSOR-IN-INTEREST TO MACMILLAN OIL CO.; MARINA PACIFICA; MARK INDUSTRIES; MARLEX OIL & REFINING INC.; THE MARQUARDT COMPANY; MASTER-HALCO, INC.; MAYON FOODS CO.; MCCURDY CIRCUITS, INC.; MCMAHON DEVELOPMENT; M. C. NOTTINGHAM CO. OF SO. CAL.; MENASHA CORP.; NUCKLES OIL CO., INC. D/B/A MERIT OIL; METROPOLITAN CIRCUITS INC.; MISSION PLATING CO.; MPC PLATING CO.; MODINE MANUFACTURING CO.; MOLA DEVELOPMENT CORPORATION; NARDON LIQUIDATING CORP.; NATIONAL TECHNOLOGY; NEWHALL REFINING CO. INC.; NORTHERN TELECOM ELECTRONICS, INC.; OIL WELL SERVICE CO.; ONTARIO AUTO TRUCK PLAZA; ORANGE CO.

MACHINE WORKS; OZANOL
CORP.; P. W. STEPHENS
CONTRACTORS, INC.; VIETNAM
DAILY NEWS LLC; PACIFIC TUBE
COMPANY; PAN WESTERN OIL
CO.; PEASE & CURREN RELIABLE
RECOVERY INC.; PEASE &
CURREN INC.; CBP RESOURCES,
INC.; PETROCHEMICALS
COMPANY, INC.; PHOTOTRON
CO.; POST TRANSPORTATION CO.;
PROCESS TECHNOLOGY CO.;
PRODUCTION PLATING CO.; ALP
LIGHTING AND CEILING
PRODUCTS; PUNCH PRESS
PRODUCTS; QUALITY ALUMINUM
FORGE CO.; QUALITY METAL
FINISHING CO.; QUALITY
SPRAYERS INC.; R. & R.
INDUSTRIAL WASTE HAULERS
INC.; RELIABLE RECOVERY INC.;
RENTOKIL NORTH AMERICA,
INC.; REVERE EXTRUDERS, INC.;
ENVIRI CORP., SUCCESSOR-IN-
INTEREST TO RHO-CHEM CORP.;
RINCHEM CO. INC.; RIVERSIDE
CEMENT CO.; R.R. KELLOGG, INC.
D/B/A THE BUBBLE MACHINE;
ROUTH TRANSPORTATION; IT
TRANSPORTATION
CORPORATION; ROYAL PLATING
WORKS; RUPES HYDRAULICS;
FACET ENERGY, INC.; THOMAS
INDUSTRIES, INC. D/B/A SALS
PLATING; SCHLITZ BREWING CO.;
SHAFCO INDUSTRIES, INC.;
EASTMAN CHEMICAL COMPANY,
SUCCESSOR-IN-INTEREST TO
SOLUTIA INC.; LIQUID WASTE
MANAGEMENT; CROWN
DISPOSAL INC.; SOUTHERN

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CALIFORNIA WASTE REDUCTION;
THF HOLDING CO.; SOULE STEEL
COMPANY; SOUTH COAST
COUNTY WATER DISTRICT;
SOUTHERN CALIFORNIA DRUM
CO.; SPECIFIC PLATING
COMPANY, INC.; STANDARD
PRECISION INC.; STANG
HYDRONICS INC.; STATEWIDE
ENVIRONMENTAL SERVICES;
STEPHEN C. GROAT
DEVELOPMENT; SUPRACOTE
INC.; TARGET CHEMICAL CO.;
TEXTILE RUBBER & CHEMICAL
CO.; THOMPSON TANK
CONSTRUCTION; TEXTURED
COATINGS OF AMERICA, INC.;
TIMCO; TITECH INTERNATIONAL,
INC.; TMC PROPERTIES LLC;
TORRANCE BUSINESS PARK;
TRANS HARBOR SERVICE, INC.;
TREWAX COMPANY; TRI-
COUNTY INSULATION CO. INC.;
JMR ELECTRONICS, INC.,
SUCCESSOR-IN-INTEREST TO
TRIMM INDUSTRIES; UNIVERSAL
CIRCUITS INC.; VALLEY
FRICTION MATERIALS; VAN DER
HORST CORPORATION OF
AMERICA; VERNON LEATHER CO.
INC.; SOHIO CHEMICAL CO.;
INEOS US CHEMICALS CO.; W. S.
HATCH CO.; W.D.C. LIQUIDATING,
INC.; WESCAL INDUSTRIES;
WESTERN GALVANIZING CO.,
INC.; WEST ASPEN, INC.;
WESTERN REBUILDER INC.;
WESTERN WHEEL
MANUFACTURING CO.; XIDEX
CORPORATION; ZERO CORP.;
CROWN CITY PLATING CO.;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  KEYSOR CENTURY CORP.;
2  NUWAY LINEN; SANTOSHI CORP.
   D/B/A ALUM-A-COAT
3  ANODIZING; KAISER STEEL
4  CORP.; MYERS DRUM CO.; KSC
   RECOVERY, INC.; AND DOES 1-10,
5
6                    Defendants.
7
8       Plaintiffs BKK WORKING GROUP; ANADARKO E&P ONSHORE

9  LLC; ATLANTIC RICHFIELD COMPANY; ASHLAND INC.; BAYER

10 CROPSCIENCE INC.; BIG HEART PET BRANDS; THE BOEING

11 COMPANY; CALIFORNIA RESOURCES CORPORATION; CHEVRON

12 ENVIRONMENTAL MANAGEMENT COMPANY; CHEVRON MARINE

13 PRODUCTS LLC; CITY OF LOS ANGELES, ACTING BY AND

14 THROUGH THE LOS ANGELES DEPARTMENT OF WATER AND

15 POWER; CONOCOPHILLIPS COMPANY; CROSBY & OVERTON, INC.;

16 THE DOW CHEMICAL COMPANY; DUCOMMUN AEROSTRUCTURES,

17 INC.; ESSEX CHEMICAL CORPORATION; EXXON MOBIL

18 CORPORATION; GEMINI INDUSTRIES, INC.; GENERAL DYNAMICS

19 CORPORATION; GENERAL LATEX AND CHEMICAL CORPORATION;

20 HEWLETT-PACKARD COMPANY; AMERICAN HONDA MOTOR CO.,

21 INC.; HUNTINGTON BEACH COMPANY; LOCKHEED MARTIN

22 CORPORATION; MARS, INC. (FORMERLY KNOWN AS KAL KAN

23 FOODS INC.); MONTROSE CHEMICAL CORP. OF CALIFORNIA;

24 MORTELL COMPANY; MORTON INTERNATIONAL, INC.; NATIONAL

25 STEEL AND SHIPBUILDING COMPANY; NORTHROP GRUMMAN

26 SYSTEMS CORPORATION; OXY USA INC.; QUEMETCO, INC.;

27 ROCKWELL AUTOMATION, INC.; ROHM & HAAS COMPANY; ROHR,

28 INC.; SAN DIEGO GAS & ELECTRIC COMPANY; SMITH

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

INTERNATIONAL, INC.; SOUTHERN CALIFORNIA EDISON
COMPANY;  SOUTHERN CALIFORNIA GAS COMPANY; STAUFFER
MANAGEMENT COMPANY LLC; THE PROCTER & GAMBLE
MANUFACTURING COMPANY; THUMS LONG BEACH COMPANY;
UNION CARBIDE CORPORATION; UNION PACIFIC RAILROAD
(FORMERLY KNOWN AS SOUTHERN PACIFIC TRANSPORTATION
COMPANY); UNITED STATES STEEL CORPORATION; RTX
CORPORATION; UNIVAR SOLUTIONS USA LLC; AMERON
INTERNATIONAL CORPORATION; AND XEROX CORPORATION
(collectively referred to herein as "Plaintiffs" or individually as "Plaintiff")
allege as follows:

## STATEMENT OF THE CASE

1.     This is a civil action for cost recovery and contribution under Sections
107(a) and Section 113 of the Comprehensive Environmental Response,
Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et. seq.*
("CERCLA"), and for contribution under The Carpenter-Presley-Tanner Hazardous
Substance Account Act ("HSAA"), California Health and Safety Code section
78000 et seq.,[1] relating to the release and/or threatened release of hazardous
substances, as that term is defined in Section 101(14) of CERCLA, 42 U.S.C.
§ 9601 ("Hazardous Substances"), from a facility known as the BKK Class I
Landfill.

2.     The BKK Class I Landfill is located on a portion of a much larger 583-
acre property located at 2210 South Azusa Avenue, West Covina, Los Angeles
County, California.  Other facilities located on this property include a closed Class
III municipal landfill, a Leachate Treatment Plant ("LTP"), service roads, and

---

[1] Effective January 1, 2024, the California Legislature recodified and reorganized
the HSAA without substantive changes. (2022 Cal. Legis. Serv. Ch. 257 (Assem.
Bill No. 2293).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

10                    TENTH AMENDED COMPLAINT
                          2:18-CV-5810-MWF-PLA

1  related pollution control equipment.  The BKK Class I Landfill and the LTP,

2  service roads, and related pollution control equipment which serve it, are

3  collectively referred to hereinafter as the "BKK Class I Facility"[2] and are the

4  subject of this lawsuit.  The closed Class III municipal landfill is not the subject of

5  this lawsuit.  True and correct copies of the parcel maps describing the property are

6  attached hereto as **Exhibit A**.

7       3.      The State of California has alleged in a series of three complaints filed

8  against some or all of the Plaintiffs[3] that it has incurred response costs in

9  connection with actions taken in response to releases or threatened releases of

10  Hazardous Substances at the BKK Class I Facility.  Each of the parties named as a

11  defendant herein at paragraphs 64-294 and Does 1-10 (collectively referred to

12  herein as "Defendants" or individually as "Defendant") generated, transported

13  and/or arranged for disposal of materials containing Hazardous Substances to the

14  BKK Facility.

15       4.      Plaintiffs seek to recover from each Defendant pursuant to Section

16  107(a) of CERCLA, 42 U.S.C. § 9607(a), past and future necessary response costs

17  incurred and to be incurred by Plaintiffs in a manner consistent with the National

18  Contingency Plan, 40 C.F.R. Part 300 *et. seq.* ("NCP"), for response activities

19  undertaken and to be undertaken at and in relation to the BKK Class I Facility that

20  were caused by the release or threatened release of Hazardous Substances at and

21  from the BKK Class I Facility.

22       5.      Plaintiffs also seek contribution from each Defendant pursuant to

23  Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for past and future necessary

24  _____

25  [2] "BKK Class I Facility," as used herein, is equivalent to the term "Subject Property" as that term is used in the First, Second, Third Partial and Amended
26  Third Partial Consent Decrees.  The First, Second, Third Partial and Amended
27  Third Partial Consent Decrees are defined *infra* at Paragraphs 308, 313, 318, and 323, respectively.

28  [3] The three complaints are described in more detail in paragraphs 307, 312, 317, and 322, *infra*.

1   response costs incurred and to be incurred by Plaintiffs pursuant to, as applicable to

2   each Defendant, the First, Second, Third Partial and/or Amended Third Partial

3   Consent Decrees in a manner consistent with the NCP for response activities

4   undertaken and to be undertaken at and in relation to the BKK Class I Facility that

5   were caused by the release or threatened release of Hazardous Substances at and

6   from the BKK Class I Facility.

7       6.    Plaintiffs further seek a declaration as to each Defendant's liability and

8   associated allocation of past and future response costs in accordance with Section

9   113(g)(2)(B) of CERCLA, 42 U.S.C. § 9613(g)(2)(B), and *Boeing Co. v. Cascade*

10  *Corp.*, 207 F.3d 1177, 1191 (9th Cir. 2000), that will be binding in any subsequent

11  action or actions brought by Plaintiffs against the Defendants to recover further

12  response costs.

13      7.    Plaintiffs additionally seek contribution from each Defendant pursuant

14  to the Hazardous Substance Account Act ("HSAA"), Cal. Health and Safety Code

15  §§ 78000 et seq., and Cal. Health and Safety Code § 79670 for past and future

16  necessary response costs incurred and to be incurred by Plaintiffs in a manner

17  consistent with the NCP to address releases or threatened releases of Hazardous

18  Substances at and from the BKK Class I Facility.

19      8.    A sub-set of Plaintiffs who allege they have reimbursed entities or

20  directly paid for and participated in directing response actions on behalf of other

21  entities (including other Plaintiffs) that have incurred past, necessary response

22  costs, including pursuant to the First, Second, Third Partial and Amended Third

23  Partial Consent Decrees in a manner consistent with the NCP, for response

24  activities undertaken at and in relation to the BKK Class I Facility, assert

25  subrogated cost recovery and contribution claims against each Defendant pursuant

26  to Section 112(c)(3) of CERCLA, 42 U.S.C. § 9612(c)(3), and pursuant to common

27  law equitable subrogation.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

12

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1    9.    Plaintiffs also seek a declaratory judgment pursuant to the Declaratory

2    Judgment Act, 28 U.S.C. § 2201, *et seq*., and California Code of Civil Procedure

3    §1060 setting forth the parties' rights and obligations toward one another for future

4    costs incurred to address contamination at or from the BKK Class I Facility.

5    10.    The BKK Working Group has incurred or is committed to incur not

6    less than approximately $250 million in costs associated with the BKK Class I

7    Facility, and the total cost of necessary response actions to fully remediate the BKK

8    Class I Facility was estimated by the State of California Department of Toxic

9    Substances Control ("DTSC") in 2020 to be $869,286,436.  Each Defendant has

10   declined or not responded to Plaintiffs' request(s) to enter into, or has otherwise not

11   entered into, a tolling agreement to facilitate settlement discussions, necessitating

12   this lawsuit to resolve Defendants' liabilities.

## JURISDICTION

14   11.    This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331

15   and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b).  This Court has jurisdiction

16   over the subject matter of the claims made under state law in this action under 28

17   U.S.C. § 1367(a) because the claims under state law arise out of the same common

18   nucleus of facts as the federal question jurisdiction claims set forth in this

19   Complaint, and they are so closely related to the actions brought under federal law

20   that they form part of the same case or controversy.

## VENUE

22   12.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)

23   because a substantial part of the events giving rise to this action occurred within

24   this District and because the BKK Class I Facility is located within this District.

25   13.    Venue is also proper in this District pursuant to Section 113(b) of

26   CERCLA, 42 U.S.C. § 9613(b), because both the releases occurred and the

27   response costs were incurred in this District.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

**PLAINTIFFS**

14.    The BKK Working Group, also known as the BKK Joint Defense Group, is an unincorporated association of entities of the type described in Federal Rule of Civil Procedure 17(b)(3)(A) and Cal. Code of Civil Procedure § 369.5.  The BKK Working Group currently is comprised of the Plaintiffs identified in paragraphs 15-62 below as members, which assert the claims in this Sixth Amended Complaint on their own behalf and as assignees of the claims at the BKK Class I Facility of the following entities that are also BKK Working Group members: Baker Petrolite LLC; Honeywell International Inc., Hugo Neu Proler, Shell Oil Company, Vigor Shipyards, Inc., formerly known as Todd Pacific Shipyard Corp., Unisys Corporation, and Wyeth Holdings, formerly known as American Cyanamid (collectively referred to as the "Member Assignors"). The BKK Working Group is also a Plaintiff as assignee of CERCLA claims relating to the BKK Class I Facility of the Member Assignors.  Plaintiffs are working together towards the common objective of addressing conditions at the BKK Class I Facility in cooperation with state and federal agencies.  Each Plaintiff has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.  The BKK Working Group, and each of its individual members, is a "person" within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

15.    Plaintiff Anadarko E&P Onshore LLC is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Anadarko E&P Onshore LLC, or its corporate predecessor(s) in interest or affiliate(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Anadarko E&P Onshore LLC, or its corporate predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Anadarko E&P Onshore LLC is a member of the BKK Working Group and as a member of the BKK

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

14

1  Working Group has incurred costs, including response costs consistent with the

2  NCP, at the BKK Class I Facility. Anadarko E&P Onshore LLC asserts no

3  allegations against the following Defendants: the City of Riverside and the City of

4  San Diego.

5      16.    Plaintiff Atlantic Richfield Company is a corporation organized under

6  the laws of the State of Delaware. At all times referred to herein, Atlantic Richfield

7  Company, or its corporate predecessor(s) in interest or affiliate(s), was and is

8  authorized to do business, and was and is doing business, in California.  The State

9  of California has alleged that Plaintiff Atlantic Richfield Company, or its corporate

10  predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous

11  Substance at the BKK Class I Facility, as those terms are described in section

12  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Atlantic Richfield Company is a

13  member of the BKK Working Group and as a member of the BKK Working Group

14  has incurred costs, including response costs consistent with the NCP, at the BKK

15  Class I Facility.

16      17.    Plaintiff Ashland Inc. is a corporation organized under the laws of the

17  State of Kentucky and authorized to do business in the State of California.  Ashland

18  Inc. is the corporate successor to Ashland Chemical Company and, for the matters

19  set forth herein, the assignee of Filtrol's claims in the litigation. The State of

20  California has alleged that Ashland Chemical Company and Filtrol Corporation are

21  Covered Persons, as described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a),

22  who arranged for the disposal of Hazardous Substances at the BKK Class I Facility.

23  Ashland Inc. and Filtrol Corporation are members of the BKK Working Group and

24  as members of the BKK Working Group have incurred costs, including response

25  costs consistent with the NCP, at the BKK Class I Facility.

26      18.    Plaintiff Bayer CropScience, Inc. is a corporation organized under the

27  laws of the State of Delaware. At all times referred to herein, Bayer CropScience

28  Inc., or its corporate predecessor(s) in interest or affiliate(s), was and is authorized

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

15

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  to do business, and was and is doing business, in California.  The State of

2  California has alleged that Plaintiff Bayer CropScience Inc., or its corporate

3  predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous

4  Substance at the BKK Class I Facility, as those terms are described in section

5  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Bayer CropScience Inc., as a member of

6  the BKK Working Group, has incurred costs, including response costs consistent

7  with the NCP, at the BKK Class I Facility.

8       19.    Plaintiff Big Heart Pet Brands is a corporation organized under the

9  laws of the State of Delaware. At all times referred to herein, Big Heart Pet Brands,

10 or its corporate predecessor(s) in interest or affiliate(s), was and is authorized to do

11 business, and was and is doing business, in California.  The State of California has

12 alleged that the assignee to the successor in interest to certain liability of H.J. Heinz

13 Company, or its corporate predecessor(s) in interest or affiliate(s), arranged for the

14 disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are

15 described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Big Heart

16 Pet Brands is a member of the BKK Working Group and as a member of the BKK

17 Working Group has incurred costs, including response costs consistent with the

18 NCP, at the BKK Class I Facility.

19      20.    Plaintiff The Boeing Company is a corporation organized under the

20 laws of the State of Delaware. At all times referred to herein, The Boeing

21 Company, or its corporate predecessor(s) in interest or affiliate(s), was and is

22 authorized to do business, and was and is doing business, in California.  The State

23 of California has alleged that Plaintiff The Boeing Company, or its corporate

24 predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous

25 Substance at the BKK Class I Facility, as those terms are described in section

26 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Boeing Company is a

27 member of the BKK Working Group.  As a member of the BKK Working Group,

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

16

1  and also prior to becoming a member, The Boeing Company has incurred costs,

2  including response costs consistent with the NCP, at the BKK Class I Facility.

3      21.    Plaintiff California Resources Corporation is a corporation organized

4  under the laws of the State of Pennsylvania. At all times referred to herein,

5  California Resources Corporation, or its corporate predecessor(s) in interest or

6  affiliate(s), was and is authorized to do business, and was and is doing business, in

7  California.  The State of California has alleged that Plaintiff California Resources

8  Corporation, or its corporate predecessor(s) in interest or affiliate(s), arranged for

9  the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms

10  are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff

11  California Resources Corporation is a member of the BKK Working Group and as a

12  member of the BKK Working Group has incurred costs, including response costs

13  consistent with the NCP, at the BKK Class I Facility

14      22.    Plaintiff Chevron Environmental Management Company is a

15  corporation organized under the laws of the State of California. At all times referred

16  to herein, Chevron Environmental Management Company, or its corporate

17  predecessor(s) in interest or affiliate(s), was and is authorized to do business, and

18  was and is doing business, in California.  The State of California has alleged that

19  certain corporate affiliates of Plaintiff Chevron Environmental Management

20  Company, or its corporate predecessor(s) in interest or affiliate(s), arranged for the

21  disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are

22  described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Chevron

23  Environmental Management Company is a member of the BKK Working Group

24  and as a member of the BKK Working Group has incurred costs, including

25  response costs consistent with the NCP, at the BKK Class I Facility.

26      23.    Plaintiff Chevron Marine Products LLC is a limited liability company

27  organized under the laws of the State of Delaware.  At all times referred to herein,

28  Chevron Marine Products LLC, or its corporate predecessor(s) in interest or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

17

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  affiliate(s), was and is authorized to do business, and was and is doing business, in

2  California.  The State of California has alleged that Plaintiff Chevron Marine

3  Products LLC, or its corporate predecessor(s) in interest or affiliate(s), arranged for

4  the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms

5  are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff

6  Chevron Marine Products LLC is a member of the BKK Working Group and as a

7  member of the BKK Working Group has incurred costs, including response costs

8  consistent with the NCP, at the BKK Class I Facility.

9        24.    Plaintiff City of Los Angeles, acting by and through the Los Angeles

10  Department of Water and Power, is a municipal utility.  The State of California has

11  alleged that Plaintiff City of Los Angeles arranged for the disposal of a Hazardous

12  Substance at the BKK Class I Facility, as those terms are described in section

13  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff City of Los Angeles, acting by

14  and through the Los Angeles Department of Water and Power, is a member of the

15  BKK Working Group and as a member of the BKK Working Group has incurred

16  costs, including response costs consistent with the NCP, at the BKK Class I

17  Facility.

18        25.    Plaintiff ConocoPhillips Company is a corporation organized under the

19  laws of the State of Delaware. At all times referred to herein, ConocoPhillips

20  Company, or its corporate predecessor(s) in interest or affiliate(s), was and is

21  authorized to do business, and was and is doing business, in California.  The State

22  of California has alleged that Plaintiff ConocoPhillips Company, or its corporate

23  predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous

24  Substance at the BKK Class I Facility, as those terms are described in section

25  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff ConocoPhillips Company is a

26  member of the BKK Working Group and as a member of the BKK Working Group

27  has incurred costs, including response costs consistent with the NCP, at the BKK

28  Class I Facility.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

18

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

26.     Plaintiff Crosby & Overton, Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, Crosby & Overton, Inc., or its corporate predecessor(s) in interest or affiliate(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Crosby & Overton, Inc., or its corporate predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Crosby & Overton, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

27.     Plaintiff The Dow Chemical Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, The Dow Chemical Company, or its corporate predecessor(s) in interest or affiliate(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff The Dow Chemical Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Dow Chemical Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

28.     Plaintiff Ducommun Aerostructures, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Ducommun Aerostructures, Inc., or its corporate predecessor(s) in interest or affiliate(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Ducommun Aerostructures, Inc., or its corporate predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

19

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1 section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Ducommun

2 Aerostructures, Inc. is a member of the BKK Working Group and as a member of

3 the BKK Working Group has incurred costs, including response costs consistent

4 with the NCP, at the BKK Class I Facility.

5       29.    Plaintiff Essex Chemical Corporation is a corporation organized under

6 the laws of the State of New Jersey.  At all times referred to herein, Essex Chemical

7 Corporation, or its corporate predecessor(s) in interest or affiliate(s), was and is

8 authorized to do business, and was and is doing business, in California.  The State

9 of California has alleged that Plaintiff Essex Chemical Corporation, or its corporate

10 predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous

11 Substance at the BKK Class I Facility, as those terms are described in section

12 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Essex Chemical Corporation is

13 a member of the BKK Working Group and as a member of the BKK Working

14 Group has incurred costs, including response costs consistent with the NCP, at the

15 BKK Class I Facility.

16       30.    Plaintiff Exxon Mobil Corporation is a corporation organized under

17 the laws of the State of New Jersey. At all times referred to herein, Exxon Mobil

18 Corporation, or its corporate predecessor(s) in interest or affiliate(s), was and is

19 authorized to do business, and was and is doing business, in California.  The State

20 of California has alleged that Plaintiff Exxon Mobil Corporation, or its corporate

21 predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous

22 Substance at the BKK Class I Facility, as those terms are described in section

23 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Exxon Mobil Corporation is a

24 member of the BKK Working Group and as a member of the BKK Working Group

25 has incurred costs, including response costs consistent with the NCP, at the BKK

26 Class I Facility.

27       31.    Plaintiff Gemini Industries, Inc. is a corporation organized under the

28 laws of the State of California. At all times referred to herein, Gemini Industries,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

20

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  Inc., or its corporate predecessor(s) in interest or affiliate(s), was and is authorized

2  to do business, and was and is doing business, in California.  The State of

3  California has alleged that Plaintiff Gemini Industries, Inc., or its corporate

4  predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous

5  Substance at the BKK Class I Facility, as those terms are described in section

6  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Gemini Industries, Inc. is a

7  member of the BKK Working Group.  As a member of the BKK Working Group,

8  and also prior to becoming a Member, Gemini Industries, Inc. has incurred costs,

9  including response costs consistent with the NCP, at the BKK Class I Facility.

10       32.    Plaintiff General Dynamics Corporation is a corporation organized

11  under the laws of the State of Delaware.  During the years of operation of the BKK

12  Class I Landfill, specifically from approximately 1975 until 1984, General

13  Dynamics Corporation, or its corporate predecessor(s) in interest or affiliate(s), was

14  authorized to do business, and was doing business, in California.  The State of

15  California has alleged that Plaintiff General Dynamics Corporation, or its corporate

16  predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous

17  Substance at the BKK Class I Facility, as those terms are described in section

18  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff General Dynamics Corporation

19  is a member of the BKK Working Group and as a member of the BKK Working

20  Group has incurred costs, including response costs consistent with the NCP, at the

21  BKK Class I Facility.

22       33.    Plaintiff General Latex and Chemical Corporation is a corporation

23  organized under the laws of the State of Massachusetts. At all times referred to

24  herein, General Latex and Chemical Corporation, or their corporate predecessor(s)

25  in interest or affiliate(s), was and is authorized to do business, and was and is doing

26  business, in California.  The State of California has alleged that Plaintiff General

27  Latex and Chemical Corporation, or their corporate predecessor(s) in interest or

28  affiliate(s), arranged for the disposal of a Hazardous Substance at the BKK Class I

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

21

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

2  9607(a).  Plaintiff General Latex and Chemical Corporation is a member of the

3  BKK Working Group and as a member of the BKK Working Group has incurred

4  costs, including response costs consistent with the NCP, at the BKK Class I

5  Facility.

6          34.     Plaintiff Hewlett-Packard Company is a corporation organized under

7  the laws of the State of Delaware. At all times referred to herein, Hewlett-Packard

8  Company, or its corporate predecessor(s) in interest or affiliate(s), was and is

9  authorized to do business, and was and is doing business, in California.  The State

10 of California has alleged that Plaintiff Hewlett-Packard Company, or its corporate

11 predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous

12 Substance at the BKK Class I Facility, as those terms are described in section

13 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Hewlett-Packard Company is a

14 member of the BKK Working Group and as a member of the BKK Working Group

15 has incurred costs, including response costs consistent with the NCP, at the BKK

16 Class I Facility.

17         35.     Plaintiff American Honda Motor Co., Inc. is a corporation organized

18 under the laws of the State of California. At all times referred to herein, American

19 Honda Motor Co., Inc., or its corporate predecessor(s) in interest or affiliate(s), was

20 and is authorized to do business, and was and is doing business, in California.  The

21 State of California has alleged that Plaintiff American Honda Motor Co., Inc., or its

22 corporate predecessor(s) in interest or affiliate(s), arranged for the disposal of a

23 Hazardous Substance at the BKK Class I Facility, as those terms are described in

24 section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff American Honda Motor

25 Co. is a member of the BKK Working Group and as a member of the BKK

26 Working Group has incurred costs, including response costs consistent with the

27 NCP, at the BKK Class I Facility.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

22

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

36.    Plaintiff Huntington Beach Company is a corporation organized under the laws of the State of California. At all times referred to herein, Huntington Beach Company, or its corporate predecessor(s) in interest or affiliate(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Huntington Beach Company, or its corporate predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Huntington Beach Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

37.    Plaintiff Lockheed Martin Corporation is a corporation organized under the laws of the State of Maryland. At all times referred to herein, Lockheed Martin Corporation, or its corporate predecessor(s) in interest or affiliate(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Lockheed Martin Corporation, or its corporate predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Lockheed Martin Corporation is a member of the BKK Working Group.  As a Member of the BKK Working Group, and also prior to becoming a member, Lockheed Martin Corporation has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

38.    Plaintiff Mars, Inc. (formerly known as Kal Kan Foods Inc.) is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Mars, Inc., or its corporate predecessor(s) in interest or affiliate(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Mars, Inc., or its corporate

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

23

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous

2  Substance at the BKK Class I Facility, as those terms are described in section

3  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Mars, Inc. is a member of the

4  BKK Working Group and as a member of the BKK Working Group has incurred

5  costs, including response costs consistent with the NCP, at the BKK Class I

6  Facility.

7      39.    Plaintiff Montrose Chemical Corp. of California is a corporation

8  organized under the laws of the State of Delaware. At all times referred to herein,

9  Montrose Chemical Corp. of California, or its corporate predecessor(s) in interest or

10 affiliate(s), was and is authorized to do business, and was and is doing business, in

11 California.  The State of California has alleged that Plaintiff Montrose Chemical

12 Corp. of California, or its corporate predecessor(s) in interest or affiliate(s), of

13 California arranged for the disposal of a Hazardous Substance at the BKK Class I

14 Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

15 9607(a).  Plaintiff Montrose Chemical Corp. of California is a member of the BKK

16 Working Group and as a member of the BKK Working Group has incurred costs,

17 including response costs consistent with the NCP, at the BKK Class I Facility.

18     40.    Plaintiff Mortell Company is a corporation organized under the laws of

19 the State of Delaware.  At all times referred to herein, Mortell Company, or its

20 corporate predecessor(s) in interest or affiliate(s), was and is authorized to do

21 business, and was and is doing business, in California.  The State of California has

22 alleged that Plaintiff Mortell Company, or its corporate predecessor(s) in interest or

23 affiliate(s), arranged for the disposal of a Hazardous Substance at the BKK Class I

24 Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

25 9607(a).  Plaintiff Mortell Company is a member of the BKK Working Group and

26 as a member of the BKK Working Group has incurred costs, including response

27 costs consistent with the NCP, at the BKK Class I Facility.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

24

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1    41.    Plaintiff Morton International, Inc. is a corporation organized under

2    the laws of the State of Indiana. At all times referred to herein, Morton

3    International, Inc., or its corporate predecessor(s) in interest or affiliate(s), was and

4    is authorized to do business, and was and is doing business, in California.  The

5    State of California has alleged that Plaintiff Morton International, Inc., or its

6    corporate predecessor(s) in interest or affiliate(s), arranged for the disposal of a

7    Hazardous Substance at the BKK Class I Facility, as those terms are described in

8    section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Morton International,

9    Inc. is a member of the BKK Working Group and as a member of the BKK

10    Working Group has incurred costs, including response costs consistent with the

11    NCP, at the BKK Class I Facility.

12    42.    Plaintiff National Steel and Shipbuilding Company is a corporation

13    organized under the laws of the State of Nevada. At all times referred to herein,

14    National Steel and Shipbuilding Company, or its corporate predecessor(s) in

15    interest or affiliate(s), was and is authorized to do business, and was and is doing

16    business, in California.  The State of California has alleged that Plaintiff National

17    Steel and Shipbuilding Company, or its corporate predecessor(s) in interest or

18    affiliate(s), arranged for the disposal of a Hazardous Substance at the BKK Class I

19    Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

20    9607(a).  Plaintiff National Steel and Shipbuilding Company is a member of the

21    BKK Working Group and as a member of the BKK Working Group has incurred

22    costs, including response costs consistent with the NCP, at the BKK Class I

23    Facility.

24    43.    Plaintiff Northrop Grumman Systems Corporation is a corporation

25    organized under the laws of the State of Delaware. At all times referred to herein,

26    Northrop Grumman Systems Corporation, or its corporate predecessor(s) in interest

27    or affiliate(s), was and is authorized to do business, and was and is doing business,

28    in California.  The State of California has alleged that Plaintiff Northrop Grumman

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

25

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  Systems Corporation, or its corporate predecessor(s) in interest or affiliate(s),

2  arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as

3  those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

4  Plaintiff Northrop Grumman Systems Corporation is a member of the BKK

5  Working Group and as a member of the BKK Working Group has incurred costs,

6  including response costs consistent with the NCP, at the BKK Class I Facility.

7  44.    Plaintiff Oxy USA Inc. is a corporation organized under the laws of

8  the State of Delaware. At all times referred to herein, Oxy USA Inc., or its

9  corporate predecessor(s) in interest or affiliate(s), was and is authorized to do

10  business, and was and is doing business, in California.  The State of California has

11  alleged that Plaintiff Oxy USA Inc., or its corporate predecessor(s) in interest or

12  affiliate(s), arranged for the disposal of a Hazardous Substance at the BKK Class I

13  Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

14  9607(a).  Plaintiff Oxy USA Inc. is a member of the BKK Working Group and as a

15  member of the BKK Working Group has incurred costs, including response costs

16  consistent with the NCP, at the BKK Class I Facility

17  45.    Plaintiff Quemetco, Inc. is a corporation organized under the laws of

18  the State of Delaware. At all times referred to herein, Quemetco, Inc., or its

19  corporate predecessor(s) in interest or affiliate(s), and is authorized to do business,

20  and was and is doing business, in California.  The State of California has alleged

21  that Plaintiff Quemetco, Inc., or its corporate predecessor(s) in interest or

22  affiliate(s), arranged for the disposal of a Hazardous Substance at the BKK Class I

23  Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

24  9607(a).  Plaintiff Quemetco, Inc. is a member of the BKK Working Group and as a

25  member of the BKK Working Group has incurred costs, including response costs

26  consistent with the NCP, at the BKK Class I Facility.

27  46.    Plaintiff Rockwell Automation, Inc. is a corporation organized under

28  the laws of the State of Delaware.  At all times referred to herein, Rockwell

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

26

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1   Automation, Inc., or its corporate predecessor(s) in interest or affiliate(s), was and

2   is authorized to do business, and was and is doing business, in California.  The

3   State of California has alleged that Plaintiff Rockwell Automation, Inc., or its

4   corporate predecessor(s) in interest or affiliate(s), arranged for the disposal of a

5   Hazardous Substance at the BKK Class I Facility, as those terms are described in

6   section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rockwell Automation,

7   Inc. is a member of the BKK Working Group and as a member of the BKK

8   Working Group has incurred costs, including response costs consistent with the

9   NCP, at the BKK Class I Facility.

10       47.    Plaintiff Rohm & Haas Company is a corporation organized under the

11   laws of the State of Delaware. At all times referred to herein, Rohm & Haas

12   Company, or its corporate predecessor(s) in interest or affiliate(s), was and is

13   authorized to do business, and was and is doing business, in California.  The State

14   of California has alleged that Plaintiff Rohm & Haas Company, or its corporate

15   predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous

16   Substance at the BKK Class I Facility, as those terms are described in section

17   107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rohm & Haas Company is a

18   member of the BKK Working Group and as a member of the BKK Working Group

19   has incurred costs, including response costs consistent with the NCP, at the BKK

20   Class I Facility.

21       48.    Plaintiff Rohr, Inc. is a corporation organized under the laws of the

22   State of Delaware.  At all times referred to herein, Rohr, Inc., or its corporate

23   predecessor(s) in interest or affiliate(s), was and is authorized to do business, and

24   was and is doing business, in California.  The State of California has alleged that

25   Plaintiff Rohr, Inc. arranged for the disposal of a Hazardous Substance at the BKK

26   Class I Facility, as those terms are described in section 107(a) of CERCLA, 42

27   U.S.C. § 9607(a).  Plaintiff Rohr, Inc. is a member of the BKK Working Group and

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

27                          TENTH AMENDED COMPLAINT
                            2:18-CV-5810-MWF-PLA

1   as a member of the BKK Working Group has incurred costs, including response

2   costs consistent with the NCP, at the BKK Class I Facility.

3       49.    Plaintiff San Diego Gas & Electric Company is a corporation

4   organized under the laws of the State of California. At all times referred to herein,

5   San Diego Gas & Electric Company, or its corporate predecessor(s) in interest or

6   affiliate(s), was and is authorized to do business, and was and is doing business, in

7   California.  The State of California has alleged that Plaintiff San Diego Gas &

8   Electric Company arranged for the disposal of a Hazardous Substance at the BKK

9   Class I Facility, as those terms are described in section 107(a) of CERCLA, 42

10  U.S.C. § 9607(a).  Plaintiff San Diego Gas & Electric Company, or its corporate

11  predecessor(s) in interest or affiliate(s), is a member of the BKK Working Group

12  and as a member of the BKK Working Group has incurred costs, including

13  response costs consistent with the NCP, at the BKK Class I Facility.

14      50.    Plaintiff Smith International, Inc. is a corporation organized under the

15  laws of the State of California. At all times referred to herein, Smith International,

16  Inc., or its corporate predecessor(s) in interest or affiliate(s), was and is authorized

17  to do business, and was and is doing business, in California.  The State of

18  California has alleged that Plaintiff Smith International, Inc., or its corporate

19  predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous

20  Substance at the BKK Class I Facility, as those terms are described in section

21  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Smith International, Inc. is a

22  member of the BKK Working Group and as a member of the BKK Working Group

23  has incurred costs, including response costs consistent with the NCP, at the BKK

24  Class I Facility

25      51.    Plaintiff Southern California Edison Company is a corporation

26  organized under the laws of the State of California. At all times referred to herein,

27  Southern California Edison Company, or its corporate predecessor(s) in interest or

28  affiliate(s), was and is authorized to do business, and was and is doing business, in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

28

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

California.  The State of California has alleged that Plaintiff Southern California

Edison Company, or its corporate predecessor(s) in interest or affiliate(s), arranged

for the disposal of a Hazardous Substance at the BKK Class I Facility, as those

terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff

Southern California Edison Company is a member of the BKK Working Group and

as a member of the BKK Working Group has incurred costs, including response

costs consistent with the NCP, at the BKK Class I Facility.

52.     Plaintiff Southern California Gas Company is a corporation organized

under the laws of the State of California. At all times referred to herein, Southern

California Gas Company, or its corporate predecessor(s) in interest or affiliate(s),

was and is authorized to do business, and was and is doing business, in California.

The State of California has alleged that Plaintiff Southern California Gas Company,

or its corporate predecessor(s) in interest or affiliate(s), arranged for the disposal of

a Hazardous Substance at the BKK Class I Facility, as those terms are described in

section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Southern California Gas

Company is a member of the BKK Working Group and as a member of the BKK

Working Group has incurred costs, including response costs consistent with the

NCP, at the BKK Class I Facility.

53.     Plaintiff Stauffer Management Company LLC is a limited liability

corporation organized under the laws of the State of Delaware.  At all times referred

to herein, Stauffer Management Company LLC, or its corporate predecessor(s) in

interest or affiliate(s), was and is authorized to do business, and was and is doing

business, in California.  Stauffer Management Company LLC is a contractual

indemnitor of Bayer CropScience, Inc., and through this legal obligation, has paid

the costs incurred by Bayer CropScience, Inc. and has participated in directing

remediation efforts as an agent for Bayer CropScience, Inc. at the BKK Class I

Facility.  Stauffer Management Company LLC also is an assignee to the

subrogation and other rights or causes of action Syngenta Crop Protection, LLC, a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

29

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1   Delaware limited liability company, may have as a result of reimbursements it has
2   made to Stauffer Management Company LLC for costs paid for by Stauffer
3   Management Company LLC in connection with the BKK Class I Facility.  Prior to
4   filing this lawsuit, Bayer CropScience, Inc. and Stauffer Management Company
5   LLC submitted demands to Defendants as contemplated by CERCLA § 112(b) and
6   (c), thereby making them each a "claimant" as that term is used in the statute.
7   Although Stauffer Management Company LLC and Syngenta Crop Protection, LLC
8   are not members of the BKK Working Group, because the costs they have incurred
9   result directly from Bayer CropScience's participation in the BKK Working Group,
10  for purposes of the allegations in this Sixth Amended Complaint relating to the
11  incurrence of costs, the term "BKK Working Group" includes Stauffer
12  Management Company LLC and Syngenta Crop Protection, LLC.

13       54.    Plaintiff The Procter & Gamble Manufacturing Company is a
14  corporation organized under the laws of the State of Ohio.  At all times referred to
15  herein, The Procter & Gamble Manufacturing Company, or its corporate
16  predecessor(s) in interest or affiliate(s), was and is authorized to do business, and
17  was and is doing business, in California.  The State of California has alleged that
18  Plaintiff The Procter & Gamble Manufacturing Company, or its corporate
19  predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous
20  Substance at the BKK Class I Facility, as those terms are described in section
21  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Procter & Gamble
22  Manufacturing Company is a member of the BKK Working Group and as a
23  member of the BKK Working Group has incurred costs, including response costs
24  consistent with the NCP, at the BKK Class I Facility.

25       55.    Plaintiff THUMS Long Beach Company is a corporation organized
26  under the laws of the State of Delaware.  At all times referred to herein, THUMS
27  Long Beach Company, or its corporate predecessor(s) in interest or affiliate(s), was
28  and is authorized to do business, and was and is doing business, in California.  The

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1    State of California has alleged that Plaintiff THUMS Long Beach Company, or its

2    corporate predecessor(s) in interest or affiliate(s), arranged for the disposal of a

3    Hazardous Substance at the BKK Class I Facility, as those terms are described in

4    section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff THUMS Long Beach

5    Company is a member of the BKK Working Group and as a member of the BKK

6    Working Group has incurred costs, including response costs consistent with the

7    NCP, at the BKK Class I Facility.

8        56.    Plaintiff Union Carbide Corporation is a corporation organized under

9    the laws of the State of New York. At all times referred to herein, Union Carbide

10   Corporation, or its corporate predecessor, was and is authorized to do business, and

11   was and is doing business, in California.  The State of California has alleged that

12   Plaintiff Union Carbide Corporation, or its corporate predecessor(s) in interest or

13   affiliate(s), arranged for the disposal of a Hazardous Substance at the BKK Class I

14   Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

15   9607(a).  Plaintiff Union Carbide Corporation is a member of the BKK Working

16   Group and as a member of the BKK Working Group has incurred costs, including

17   response costs consistent with the NCP, at the BKK Class I Facility.

18       57.    Plaintiff Union Pacific Railroad (formerly known as Southern Pacific

19   Transportation Company) is a corporation organized under the laws of the State of

20   Delaware. At all times referred to herein, Union Pacific Railroad, or its corporate

21   predecessor(s) in interest or affiliate(s), was and is authorized to do business, and

22   was and is doing business, in California.  The State of California has alleged that

23   Plaintiff Union Pacific Railroad, or its corporate predecessor(s) in interest or

24   affiliate(s), arranged for the disposal of a Hazardous Substance at the BKK Class I

25   Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

26   9607(a).  Plaintiff Union Pacific Railroad is a member of the BKK Working Group

27   and as a member of the BKK Working Group has incurred costs, including

28   response costs consistent with the NCP, at the BKK Class I Facility.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

31                    TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

58.    Plaintiff United States Steel Corporation is a corporation organized under the laws of the State of Delaware. At all times referred to herein, United States Steel Corporation, or its corporate predecessor(s) in interest or affiliate(s), was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff United States Steel Corporation, or its corporate predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff United States Steel Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

59.    Plaintiff RTX Corporation is a corporation organized under the laws of the State of Delaware. At all times referred to herein, RTX Corporation, or its corporate predecessor(s) in interest or affiliate(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff RTX Corporation, or its corporate predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff RTX Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

60.    Plaintiff Univar Solutions USA LLC (f/k/a Univar Solutions USA Inc. and Van Waters & Rogers) is a corporation organized under the laws of the State of Washington. At all times referred to herein, Univar Solutions USA LLC, or its corporate predecessor(s) in interest or affiliate(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Univar Solutions USA LLC, or its corporate predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous Substance at the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  BKK Class I Facility, as those terms are described in section 107(a) of CERCLA,

2  42 U.S.C. § 9607(a).  Plaintiff Univar Solutions USA LLC is a member of the BKK

3  Working Group and as a member of the BKK Working Group has incurred costs,

4  including response costs consistent with the NCP, at the BKK Class I Facility.

5       61.   Plaintiff Ameron International Corporation is a corporation organized

6  under the laws of the State of Delaware.  At all times referred to herein, Ameron

7  International Corporation, or its corporate predecessor(s) in interest or affiliate(s),

8  was and is authorized to do business, and was and is doing business, in California.

9  The State of California has alleged that Plaintiff Ameron International Corporation,

10  or its corporate predecessor(s) in interest or affiliate(s), arranged for the disposal of

11  a Hazardous Substance at the BKK Class I Facility, as those terms are described in

12  section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Ameron International

13  Corporation is a member of the BKK Working Group and as a member of the BKK

14  Working Group has incurred costs, including response costs consistent with the

15  NCP, at the BKK Class I Facility.

16       62.   Plaintiff Xerox Corporation is a corporation organized under the laws

17  of the State of New York.  At all times referred to herein, Xerox Corporation, or its

18  corporate predecessor(s) in interest or affiliate(s), was and is authorized to do

19  business, and was and is doing business, in California.  The State of California has

20  alleged that Plaintiff Xerox Corporation, or its corporate predecessor(s) in interest

21  or affiliate(s), arranged for the disposal of a Hazardous Substance at the BKK Class

22  I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

23  9607(a).  Plaintiff Xerox Corporation is a member of the BKK Working Group and

24  as a member of the BKK Working Group has incurred costs, including response

25  costs consistent with the NCP, at the BKK Class I Facility.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

# DEFENDANTS

63.     Defendants are: A. Z. Decasing Inc.; Accurate Plating Co.; Action Computer Products Sales, Inc.; Aerodynamics Plating Co., Inc.; Ajax Hardware Corp.; Alco-Gravure Inc.; Allyn Transportation Co.; Alum-A-Coat Inc.; Aluminum Precision Products, Inc.; American Marble & Onyx Company, Inc.; American Ocean Tile; Mohawk Industries, Inc.; American Safety Equipment Co.; Anchor Hocking Corporation; Apex Drum Company, Inc.; Astro Pak Corp.; Atlas Coverall & Supply; B & B Pipe and Tool Co.; B & C Plating Corporation; Barry L. Miller Engineering Inc.; Bay Decking Co. Inc.; Bell Industries; Bennett Industries; Bergandi Manufacturing Co. Inc.; Blackfoot-Cherokee Energy Inc.; TEP Rocky Mountain LLC; Bliss & Laughlin Steel Co.; Bock Company; Sabema Corporation; Burbank Plating Service Corp.; Burbank Unified School District; Cal Bumper Co.; California Corrugated Ind.; California Finished Metals Inc.; California Motor Express; McClean Trucking Company; Calpro Co.; Caspian Inc.; CBC Industries, Inc.; Celotex Corp.; Chem Arrow Corp.; Chemical Energy of California; Chemoil Refining Corp.; Chemron; Chromalloy Corporation; Chromizing Corp.; City of Riverside; City of San Diego; Clayton Manufacturing Company; Clean Steel Inc.; A.C. Liquidating Corp.; Computer Automation, Inc.; Conrac Corp.; Dayco Incorporated; Hometown Green River Village GP, L.L.C., Successor-in-Interest to Contempo Furniture; Cooper LA Clear Drum Co.; Torrance Tubing & Conduit Co.; D. W. Elliott Inc.; Darrell Thompson Tank & Construction, Inc.; Davis Wire Corp.; G.L.C. Building Corp., formerly known as Del Amo Energy; SGL Carbon LLC; Dial Precision Inc.; Downey Glass Co. Inc.; H.E. Dyer, Inc.; Edmund A. Gray Co.; El Monte Lead Salvage Co. Inc.; Electron Plating III, Inc.; Electronic Plating Service Inc.; Modine Manufacturing Company, Successor-in-Interest to Eskimo Radiator Manufacturing Co.; Everest & Jennings International; Graham-Field Health Products, Inc.; Fansteel, Inc., Successor-in-Interest to Fansteel Precision Sheet Metal; FG Group Holdings Inc., Successor-in-Interest to Pichel Industries

Inc.; First National Finance Corp.; Fortin Industries, Inc.; Four Star Chemical Co.; Fresno Unified School District; Golden Wool Co.; Grindley Manufacturing, Inc.; Grover Products Co.; H. H. Robertson Co.; Robertson Ceco II Corporation; H. Krasne Manufacturing Co. Inc.; Harland M. Braun & Co., Inc.; Heads Up Industries; Hercules Oil Co.; Hermetic Systems Inc.; Hi-Production Forge Co.; H & L Tooth Company; Hordis Brothers; Huntington/Pacific Ceramics, Inc.; Huntmix Inc.; Ideal Uniform Rental Service; International Decoratives Inc.; International Architectural Products, Inc.; Irvine Ranch Water District; Isaac Cohen & Son, Inc.; J & S Chrome Plating Co.; J. H. Baxter & Co.; J. W. Carrol & Sons; Jack B Kelley LLC; Jennings Plating Co. Inc.; K. L. Redfern Construction Co.; KJM Development Corp.; Kag Merchant Gas Group; Kelley Manufacturing Co.; Ketema Aluminum Extrusion; Keystone Products, Inc.; Kinsbursky Brothers Supply Inc.; Kirkhill Inc.; Kleer Pak Manufacturing Co.; Lakewood Oil Service Inc.; The Langlois Company; Leach International Corporation; Leach Oil Co., Inc.; Lear Siegler Inc.; Lewis Foods; Life Paint Co.; Long Beach Oil Development Company; Long Beach Plating Co.; Los Angeles Tanning Co.; Macmillan Oil Co.; Olympus Terminals LLC, Successor-in-Interest to Macmillan Oil Co.; Marina Pacifica; Mark Industries; Marlex Oil & Refining Inc.; The Marquardt Company; Master-Halco, Inc.; Mayon Foods Co.; McCurdy Circuits, Inc.; McMahon Development; M. C. Nottingham Co. of So. Cal.; Menasha Corp.; Nuckles Oil Co., Inc. D/B/A Merit Oil; Metropolitan Circuits Inc.; Mission Plating Co.; MPC Plating Co.; Modine Manufacturing Co.; Mola Development Corporation; Nardon Liquidating Corp.; National Technology; Newhall Refining Co. Inc.; Northern Telecom Electronics, Inc.; Oil Well Service Co.; Ontario Auto Truck Plaza; Orange Co. Machine Works; Ozanol Corp.; P. W. Stephens Contractors, Inc.; Vietnam Daily News LLC; Pacific Tube Company; Pan Western Oil Co.; Pease & Curren Reliable Recovery Inc.; Pease & Curren Inc.; CBP Resources, Inc.; Petrochemicals Company, Inc.; Phototron Co.; Post Transportation Co.; Process Technology Co.; Production

Plating Co.; ALP Lighting and Ceiling Products; Punch Press Products; Quality Aluminum Forge Co.; Quality Metal Finishing Co.; Quality Sprayers Inc.; R. & R. Industrial Waste Haulers Inc.; Reliable Recovery Inc.; Rentokil North America, Inc.; Revere Extruders, Inc.; Enviri Corp., Successor-in-Interest to Rho-Chem Corp.; Rinchem Co. Inc.; Riverside Cement Co.; R.R. Kellogg, Inc. D/B/A The Bubble Machine; Routh Transportation; IT Transportation Corporation; Royal Plating Works; Rupes Hydraulics; Facet Energy, Inc.; Thomas Industries, Inc. D/B/A Sals Plating; Schlitz Brewing Co.; SHAFCO Industries, Inc.; Eastman Chemical Company, Successor-in-Interest to Solutia Inc.; Liquid Waste Management; Crown Disposal Inc.; Southern California Waste Reduction; THF Holding Co.; Soule Steel Company; South Coast County Water District; Southern California Drum Co.; Specific Plating Company, Inc.; Standard Precision Inc.; Stang Hydronics Inc.; Statewide Environmental Services; Stephen C. Groat Development; Supracote Inc.; Target Chemical Co.; Textile Rubber & Chemical Co.; Thompson Tank Construction; Textured Coatings of America, Inc.; Timco; TiTech International, Inc.; TMC Properties LLC; Torrance Business Park; Trans Harbor Service, Inc.; Trewax Company; Tri-County Insulation Co. Inc.; JMR Electronics, Inc., Successor-in-Interest to Trimm Industries; Universal Circuits Inc.; Valley Friction Materials; Van Der Horst Corporation of America; Vernon Leather Co. Inc.; Sohio Chemical Co.; Ineos US Chemicals Co.; W. S. Hatch Co.; W.D.C. Liquidating, Inc.; Wescal Industries; Western Galvanizing Co., Inc.; West Aspen, Inc.; Western Rebuilder Inc.; Western Wheel Manufacturing Co.; Xidex Corporation; Zero Corp.; Crown City Plating Co.; Keysor Century Corp.; Nuway Linen; Santoshi Corp. D/B/A Alum-A-Coat Anodizing; Kaiser Steel Corp.; Myers Drum Co.; KSC Recovery, Inc.; and Does 1-10.

64. According to historical BKK Corp. records, Defendant A. Z. Decasing Inc., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

36

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  Defendant A. Z. Decasing Inc. generated and/or arranged for its disposal at the

2  BKK Class I Facility.  To date, Defendant A. Z. Decasing Inc. has not incurred any

3  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

4  the Plaintiffs at the BKK Class I Facility.

5       65.     According to historical BKK Corp. records, Defendant Accurate

6  Plating Co., and its successors and/or predecessors, contributed manifested waste to

7  the BKK Class I Facility.  This manifested waste contained Hazardous Substances

8  that Defendant Accurate Plating Co. generated and/or arranged for its disposal at

9  the BKK Class I Facility.  To date, Defendant Accurate Plating Co. has not incurred

10  any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

11  by the Plaintiffs at the BKK Class I Facility.

12       66.     According to historical BKK Corp. records, Defendant Action

13  Computer Products Sales, Inc., and its successors and/or predecessors, contributed

14  manifested waste to the BKK Class I Facility.  This manifested waste contained

15  Hazardous Substances that Defendant Action Computer Products Sales, Inc.

16  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

17  Defendant Action Computer Products Sales, Inc. has not incurred any costs at the

18  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

19  at the BKK Class I Facility.

20       67.     According to historical BKK Corp. records, Defendant Aerodynamics

21  Plating Co., Inc., and its successors and/or predecessors, contributed manifested

22  waste to the BKK Class I Facility.  This manifested waste contained Hazardous

23  Substances that Defendant Aerodynamics Plating Co., Inc. generated and/or

24  arranged for its disposal at the BKK Class I Facility.  To date, Defendant

25  Aerodynamics Plating Co., Inc. has not incurred any costs at the BKK Class I

26  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

27  Class I Facility.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

37

68.    According to historical BKK Corp. records, Defendant Ajax Hardware Corp., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Ajax Hardware Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Ajax Hardware Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

69.    According to historical BKK Corp. records, Defendant Alco-Gravure Inc., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Alco-Gravure Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Alco-Gravure Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

70.    According to historical BKK Corp. records, Defendant Allyn Transportation Co., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Allyn Transportation Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Allyn Transportation Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

71.    According to historical BKK Corp. records, Defendant Alum-A-Coat Inc., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Alum-A-Coat Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Alum-A-Coat Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

38

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

72.    According to historical BKK Corp. records, Defendant Aluminum Precision Products, Inc., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Aluminum Precision Products, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Aluminum Precision Products, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

73.    According to historical BKK Corp. records, Defendant American Marble & Onyx Company, Inc., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant American Marble & Onyx Company, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant American Marble & Onyx Company, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

74.    According to historical BKK Corp. records, Defendant American Ocean Tile, and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant American Ocean Tile generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant American Ocean Tile has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

75.    Upon information and belief, Defendant Mohawk Industries, Inc. is the successor to Defendant American Ocean Tile and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Defendant American Ocean Tile .  According to historical BKK Corp. records, Defendant American Ocean Tile contributed manifested waste to the BKK Class I Facility.  This

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

39

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  manifested waste contained Hazardous Substances that Defendant American Ocean

2  Tile generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

3  Defendant Mohawk Industries, Inc. has not incurred any costs at the BKK Class I

4  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

5  Class I Facility.

6  76.    According to historical BKK Corp. records, Defendant American

7  Safety Equipment Co., and its successors and/or predecessors, contributed

8  manifested waste to the BKK Class I Facility.  This manifested waste contained

9  Hazardous Substances that Defendant American Safety Equipment Co. generated

10  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

11  American Safety Equipment Co. has not incurred any costs at the BKK Class I

12  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

13  Class I Facility.

14  77.    According to historical BKK Corp. records, Defendant Anchor

15  Hocking Corporation, and its successors and/or predecessors, contributed

16  manifested waste to the BKK Class I Facility.  This manifested waste contained

17  Hazardous Substances that Defendant Anchor Hocking Corporation generated

18  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

19  Anchor Hocking Corporation has not incurred any costs at the BKK Class I Facility

20  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

21  Facility.

22  78.    According to historical BKK Corp. records, Defendant Apex Drum

23  Company, Inc., and its successors and/or predecessors, contributed manifested

24  waste to the BKK Class I Facility.  This manifested waste contained Hazardous

25  Substances that Defendant Apex Drum Company, Inc. generated and/or arranged

26  for its disposal at the BKK Class I Facility. To date, Defendant Apex Drum

27  Company, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid

28  its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

40

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

79.     According to historical BKK Corp. records, Defendant Astro Pak Corp., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Astro Pak Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Astro Pak Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

80.     According to historical BKK Corp. records, Defendant Atlas Coverall & Supply, and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Atlas Coverall & Supply generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Atlas Coverall & Supply has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

81.     According to historical BKK Corp. records, Defendant B & B Pipe and Tool Co., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant B & B Pipe and Tool Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant B & B Pipe and Tool Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

82.     According to historical BKK Corp. records, Defendant B & C Plating Corporation, and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant B & C Plating Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant B & C Plating Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

1  83. According to historical BKK Corp. records, Defendant Barry L. Miller

2 Engineering Inc., and its successors and/or predecessors, contributed manifested

3 waste to the BKK Class I Facility.  This manifested waste contained Hazardous

4 Substances that Defendant Barry L. Miller Engineering Inc.  generated and/or

5 arranged for its disposal at the BKK Class I Facility. To date, Defendant Barry L.

6 Miller Engineering Inc.  has not incurred any costs at the BKK Class I Facility nor

7 has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

8 Facility.

9  84. According to historical BKK Corp. records, Defendant Bay Decking

10 Co. Inc., and its successors and/or predecessors, contributed manifested waste to the

11 BKK Class I Facility.  This manifested waste contained Hazardous Substances that

12 Defendant Bay Decking Co. Inc. generated and/or arranged for its disposal at the

13 BKK Class I Facility. To date, Defendant Bay Decking Co. Inc. has not incurred

14 any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

15 by the Plaintiffs at the BKK Class I Facility.

16  85. According to historical BKK Corp. records, Defendant Bell Industries,

17 and its successors and/or predecessors, contributed manifested waste to the BKK

18 Class I Facility.  This manifested waste contained Hazardous Substances that

19 Defendant Bell Industries generated and/or arranged for its disposal at the BKK

20 Class I Facility. To date, Defendant Bell Industries has not incurred any costs at the

21 BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

22 at the BKK Class I Facility.

23  86. According to historical BKK Corp. records, Defendant Bennett

24 Industries, and its successors and/or predecessors, contributed manifested waste to

25 the BKK Class I Facility.  This manifested waste contained Hazardous Substances

26 that Defendant Bennett Industries generated and/or arranged for its disposal at the

27 BKK Class I Facility. To date, Defendant Bennett Industries has not incurred any

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1
2

costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

3
4
5
6
7
8
9
10

87.    According to historical BKK Corp. records, Defendant Bergandi Manufacturing Co. Inc., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Bergandi Manufacturing Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Bergandi Manufacturing Co. Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

11
12
13
14
15
16
17
18

88.    According to historical BKK Corp. records, Defendant Blackfoot-Cherokee Energy Inc., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Blackfoot-Cherokee Energy Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Blackfoot-Cherokee Energy Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

19
20
21
22
23
24
25
26
27
28

89.    Upon information and belief, Defendant TEP Rocky Mountain LLC is the successor to Defendant Blackfoot-Cherokee Energy Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Defendant Blackfoot-Cherokee Energy Inc. According to historical BKK Corp. records, Defendant Blackfoot-Cherokee Energy Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Blackfoot-Cherokee Energy Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant TEP Rocky Mountain LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

43

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

90.     According to historical BKK Corp. records, Defendant Bliss & Laughlin Steel Co., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Bliss & Laughlin Steel Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Bliss & Laughlin Steel Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

91.     According to historical BKK Corp. records, Defendant Bock Company, and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Bock Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Bock Company has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

92.     Upon information and belief, Defendant Sabema Corporation is the successor to Defendant Bumperline Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Defendant Bumperline Inc.  According to historical BKK Corp. records, Defendant Bumperline Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Bumperline Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Sabema Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

93.     According to historical BKK Corp. records, Defendant Burbank Plating Service Corp., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Burbank Plating Service Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

1  Burbank Plating Service Corp. has not incurred any costs at the BKK Class I

2  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

3  Class I Facility.

4      94.    According to historical BKK Corp. records, Defendant Burbank

5  Unified School District, and its successors and/or predecessors, contributed

6  manifested waste to the BKK Class I Facility.  This manifested waste contained

7  Hazardous Substances that Defendant Burbank Unified School District generated

8  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

9  Burbank Unified School District has not incurred any costs at the BKK Class I

10  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

11  Class I Facility.

12      95.    According to historical BKK Corp. records, Defendant Cal Bumper

13  Co., and its successors and/or predecessors, contributed manifested waste to the

14  BKK Class I Facility.  This manifested waste contained Hazardous Substances that

15  Defendant Cal Bumper Co. generated and/or arranged for its disposal at the BKK

16  Class I Facility. To date, Defendant Cal Bumper Co. has not incurred any costs at

17  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

18  Plaintiffs at the BKK Class I Facility.

19      96.    According to historical BKK Corp. records, Defendant California

20  Corrugated Ind., and its successors and/or predecessors, contributed manifested

21  waste to the BKK Class I Facility.  This manifested waste contained Hazardous

22  Substances that Defendant California Corrugated Ind. generated and/or arranged for

23  its disposal at the BKK Class I Facility. To date, Defendant California Corrugated

24  Ind. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

25  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

26      97.    According to historical BKK Corp. records, Defendant California

27  Finished Metals Inc., and its successors and/or predecessors, contributed manifested

28  waste to the BKK Class I Facility.  This manifested waste contained Hazardous

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

45

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  Substances that Defendant California Finished Metals Inc. generated and/or

2  arranged for its disposal at the BKK Class I Facility. To date, Defendant California

3  Finished Metals Inc. has not incurred any costs at the BKK Class I Facility nor has

4  it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

5        98.     According to historical BKK Corp. records, Defendant California

6  Motor Express, and its successors and/or predecessors, contributed manifested

7  waste to the BKK Class I Facility.  This manifested waste contained Hazardous

8  Substances that Defendant California Motor Express generated and/or arranged for

9  its disposal at the BKK Class I Facility. To date, Defendant California Motor

10  Express has not incurred any costs at the BKK Class I Facility nor has it paid its

11  fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

12        99.     Upon information and belief, Defendant McClean Trucking Company

13  is the successor to Defendant California Motor Express and/or otherwise liable for

14  manifested waste that was contributed to the BKK Class I Facility by Defendant

15  California Motor Express.  According to historical BKK Corp. records, Defendant

16  California Motor Express contributed manifested waste to the BKK Class I Facility.

17  This manifested waste contained Hazardous Substances that Defendant California

18  Motor Express generated and/or arranged for its disposal at the BKK Class I

19  Facility.  To date, Defendant McClean Trucking Company has not incurred any

20  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

21  the Plaintiffs at the BKK Class I Facility.

22        100.   According to historical BKK Corp. records, Defendant Calpro Co., and

23  its successors and/or predecessors, contributed manifested waste to the BKK Class I

24  Facility.  This manifested waste contained Hazardous Substances that Defendant

25  Calpro Co. generated and/or arranged for its disposal at the BKK Class I Facility.

26  To date, Defendant Calpro Co. has not incurred any costs at the BKK Class I

27  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

28  Class I Facility.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

46

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1    101.    According to historical BKK Corp. records, Defendant Caspian Inc.,

2  and its successors and/or predecessors (including but not limited to Chemical

3  Energy, Chemical Energy of California and/or Chemical Energy International,

4  Inc.), contributed manifested waste to the BKK Class I Facility.  This manifested

5  waste contained Hazardous Substances that Defendant Caspian Inc. generated

6  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

7  Caspian Inc. has not incurred any costs at the BKK Class I Facility nor has it paid

8  its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

9    102.    According to historical BKK Corp. records, Defendant CBC

10  Industries, Inc., and its successors and/or predecessors, contributed manifested

11  waste to the BKK Class I Facility.  This manifested waste contained Hazardous

12  Substances that Defendant CBC Industries, Inc. generated and/or arranged for its

13  disposal at the BKK Class I Facility. To date, Defendant CBC Industries, Inc. has

14  not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

15  costs incurred by the Plaintiffs at the BKK Class I Facility.

16    103.    According to historical BKK Corp. records, Defendant Celotex Corp.,

17  and its successors and/or predecessors, contributed manifested waste to the BKK

18  Class I Facility.  This manifested waste contained Hazardous Substances that

19  Defendant Celotex Corp. generated and/or arranged for its disposal at the BKK

20  Class I Facility. To date, Defendant Celotex Corp. has not incurred any costs at the

21  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

22  at the BKK Class I Facility.

23    104.    According to historical BKK Corp. records, Defendant Chem Arrow

24  Corp., and its successors and/or predecessors, contributed manifested waste to the

25  BKK Class I Facility.  This manifested waste contained Hazardous Substances that

26  Defendant Chem Arrow Corp. generated and/or arranged for its disposal at the

27  BKK Class I Facility. To date, Defendant Chem Arrow Corp. has not incurred any

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

47

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1    costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

2    the Plaintiffs at the BKK Class I Facility.

3        105.    According to historical BKK Corp. records, Defendant Chemical

4    Energy of California, and its successors and/or predecessors, contributed

5    manifested waste to the BKK Class I Facility.  This manifested waste contained

6    Hazardous Substances that Defendant Chemical Energy of California generated

7    and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

8    Chemical Energy of California has not incurred any costs at the BKK Class I

9    Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

10   Class I Facility.

11       106.    According to historical BKK Corp. records, Defendant Chemoil

12   Refining Corp., and its successors and/or predecessors, contributed manifested

13   waste to the BKK Class I Facility.  This manifested waste contained Hazardous

14   Substances that Defendant Chemoil Refining Corp. generated and/or arranged for

15   its disposal at the BKK Class I Facility. To date, Defendant Chemoil Refining

16   Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

17   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

18       107.    According to historical BKK Corp. records, Defendant Chemron, and

19   its successors and/or predecessors, contributed manifested waste to the BKK Class I

20   Facility.  This manifested waste contained Hazardous Substances that Defendant

21   Chemron generated and/or arranged for its disposal at the BKK Class I Facility. To

22   date, Defendant Chemron has not incurred any costs at the BKK Class I Facility nor

23   has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

24   Facility.

25       108.    Upon information and belief, Defendant Chromalloy Corporation is

26   the successor to Defendant Chromizing Corp. and/or otherwise liable for

27   manifested waste that was contributed to the BKK Class I Facility by Defendant

28   Chromizing Corp.  According to historical BKK Corp. records, Defendant

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

48                          TENTH AMENDED COMPLAINT
                           2:18-CV-5810-MWF-PLA

1  Chromizing Corp. contributed manifested waste to the BKK Class I Facility.  This
2  manifested waste contained Hazardous Substances that Defendant Chromizing
3  Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To
4  date, Defendant Chromalloy Corporation has not incurred any costs at the BKK
5  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the
6  BKK Class I Facility.

7      109.   According to historical BKK Corp. records, Defendant Chromizing
8  Corp., and its successors and/or predecessors, contributed manifested waste to the
9  BKK Class I Facility.  This manifested waste contained Hazardous Substances that
10  Defendant Chromizing Corp. generated and/or arranged for its disposal at the BKK
11  Class I Facility. To date, Defendant Chromizing Corp. has not incurred any costs at
12  the BKK Class I Facility nor has it paid its fair share of costs incurred by the
13  Plaintiffs at the BKK Class I Facility.

14      110.   According to historical BKK Corp. records, Defendant City of
15  Riverside contributed both municipal waste and manifested waste to the BKK Class
16  I Facility.  This manifested waste contained Hazardous Substances that Defendant
17  City of Riverside generated and/or arranged for its disposal at the BKK Class I
18  Facility. To date, Defendant City of Riverside has not incurred any costs at the
19  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs
20  at the BKK Class I Facility.

21      111.   According to historical BKK Corp. records, Defendant City of San
22  Diego contributed both municipal waste and manifested waste to the BKK Class I
23  Facility.  This manifested waste contained Hazardous Substances that Defendant
24  City of San Diego generated and/or arranged for its disposal at the BKK Class I
25  Facility. To date, Defendant City of San Diego has not incurred any costs at the
26  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs
27  at the BKK Class I Facility.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

49

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1      112.   According to historical BKK Corp. records, Defendant Clayton

2   Manufacturing Company, and its successors and/or predecessors, contributed

3   manifested waste to the BKK Class I Facility.  This manifested waste contained

4   Hazardous Substances that Defendant Clayton Manufacturing Company generated

5   and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

6   Clayton Manufacturing Company has not incurred any costs at the BKK Class I

7   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

8   Class I Facility.

9      113.   According to historical BKK Corp. records, Defendant Clean Steel

10   Inc., and its successors and/or predecessors, contributed manifested waste to the

11   BKK Class I Facility.  This manifested waste contained Hazardous Substances that

12   Defendant Clean Steel Inc. generated and/or arranged for its disposal at the BKK

13   Class I Facility. To date, Defendant Clean Steel Inc. has not incurred any costs at

14   the BKK Class I Facility nor has it paid its fair share of costs incurred by the

15   Plaintiffs at the BKK Class I Facility.

16      114.   According to historical BKK Corp. records, Defendant A.C.

17   Liquidating Corp., and its successors and/or predecessors, contributed manifested

18   waste to the BKK Class I Facility.  This manifested waste contained Hazardous

19   Substances that Defendant A.C. Liquidating Corp. generated and/or arranged for its

20   disposal at the BKK Class I Facility. To date, Defendant A.C. Liquidating Corp.

21   has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

22   of costs incurred by the Plaintiffs at the BKK Class I Facility.

23      115.   According to historical BKK Corp. records, Defendant Computer

24   Automation, Inc., and its successors and/or predecessors, contributed manifested

25   waste to the BKK Class I Facility.  This manifested waste contained Hazardous

26   Substances that Defendant Computer Automation, Inc. generated and/or arranged

27   for its disposal at the BKK Class I Facility. To date, Defendant Computer

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

50

1   Automation, Inc. has not incurred any costs at the BKK Class I Facility nor has it

2   paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

3       116.   According to historical BKK Corp. records, Defendant Conrac Corp.,

4   and its successors and/or predecessors, contributed manifested waste to the BKK

5   Class I Facility.  This manifested waste contained Hazardous Substances that

6   Defendant Conrac Corp. generated and/or arranged for its disposal at the BKK

7   Class I Facility. To date, Defendant Conrac Corp. has not incurred any costs at the

8   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

9   at the BKK Class I Facility.

10      117.   Upon information and belief, Defendant Dayco Incorporated is the

11  successor to Defendant Conrac Corp. and/or otherwise liable for manifested waste

12  that was contributed to the BKK Class I Facility by Defendant Conrac Corp.

13  According to historical BKK Corp. records, Defendant Conrac Corp. contributed

14  manifested waste to the BKK Class I Facility.  This manifested waste contained

15  Hazardous Substances that Defendant Conrac Corp. generated and/or arranged for

16  its disposal at the BKK Class I Facility.  To date, Defendant Dayco Incorporated

17  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

18  of costs incurred by the Plaintiffs at the BKK Class I Facility.

19      118.   Upon information and belief, Defendant Hometown Green River

20  Village GP, L.L.C., Successor-in-Interest to Contempo Furniture is the successor to

21  Contempo Furniture and/or otherwise liable for manifested waste that was

22  contributed to the BKK Class I Facility by Contempo Furniture.  According to

23  historical BKK Corp. records, Contempo Furniture contributed manifested waste to

24  the BKK Class I Facility.  This manifested waste contained Hazardous Substances

25  that Contempo Furniture generated and/or arranged for its disposal at the BKK

26  Class I Facility.  To date, Defendant Hometown Green River Village GP, L.L.C.,

27  Successor-in-Interest to Contempo Furniture has not incurred any costs at the BKK

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1   Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

2   BKK Class I Facility.

3       119.   According to historical BKK Corp. records, Defendant Cooper LA

4   Clear Drum Co., and its successors and/or predecessors, contributed manifested

5   waste to the BKK Class I Facility.  This manifested waste contained Hazardous

6   Substances that Defendant Cooper LA Clear Drum Co. generated and/or arranged

7   for its disposal at the BKK Class I Facility. To date, Defendant Cooper LA Clear

8   Drum Co. has not incurred any costs at the BKK Class I Facility nor has it paid its

9   fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

10      120.   According to historical BKK Corp. records, Defendant Torrance

11  Tubing & Conduit Co., and its successors and/or predecessors, contributed

12  manifested waste to the BKK Class I Facility.  This manifested waste contained

13  Hazardous Substances that Defendant Torrance Tubing & Conduit Co. generated

14  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

15  Torrance Tubing & Conduit Co. has not incurred any costs at the BKK Class I

16  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

17  Class I Facility.

18      121.   According to historical BKK Corp. records, Defendant D. W. Elliott

19  Inc., and its successors and/or predecessors, contributed manifested waste to the

20  BKK Class I Facility.  This manifested waste contained Hazardous Substances that

21  Defendant D. W. Elliott Inc. generated and/or arranged for its disposal at the BKK

22  Class I Facility. To date, Defendant D. W. Elliott Inc. has not incurred any costs at

23  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

24  Plaintiffs at the BKK Class I Facility.

25      122.   According to historical BKK Corp. records, Defendant Davis Wire

26  Corp., and its successors and/or predecessors, contributed manifested waste to the

27  BKK Class I Facility.  This manifested waste contained Hazardous Substances that

28  Defendant Davis Wire Corp. generated and/or arranged for its disposal at the BKK

52                                      TENTH AMENDED COMPLAINT
                                        2:18-CV-5810-MWF-PLA

1  Class I Facility. To date, Defendant Davis Wire Corp. has not incurred any costs at

2  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

3  Plaintiffs at the BKK Class I Facility.

4      123.  According to historical BKK Corp. records, Defendant G.L.C.

5  Building Corp., formerly known as Del Amo Energy, and its successors and/or

6  predecessors, contributed manifested waste to the BKK Class I Facility.  This

7  manifested waste contained Hazardous Substances that Defendant G.L.C. Building

8  Corp., formerly known as Del Amo Energy generated and/or arranged for its

9  disposal at the BKK Class I Facility. To date, Defendant G.L.C. Building Corp.,

10  formerly known as Del Amo Energy has not incurred any costs at the BKK Class I

11  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

12  Class I Facility.

13      124.  Upon information and belief, Defendant SGL Carbon LLC is the

14  successor to Defendant G.L.C. Building Corp., formerly known as Del Amo

15  Energy, and/or otherwise liable for manifested waste that was contributed to the

16  BKK Class I Facility by Defendant G.L.C. Building Corp., formerly known as Del

17  Amo Energy.  According to historical BKK Corp. records, Defendant G.L.C.

18  Building Corp., formerly known as Del Amo Energy, contributed manifested waste

19  to the BKK Class I Facility.  This manifested waste contained Hazardous

20  Substances that Defendant G.L.C. Building Corp., formerly known as Del Amo

21  Energy, generated and/or arranged for its disposal at the BKK Class I Facility.  To

22  date, Defendant SGL Carbon LLC has not incurred any costs at the BKK Class I

23  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

24  Class I Facility.

25      125.  According to historical BKK Corp. records, Defendant Thompson

26  Tank Construction, and its successors and/or predecessors, contributed manifested

27  waste to the BKK Class I Facility.  This manifested waste contained Hazardous

28  Substances that Defendant Thompson Tank Construction generated and/or arranged

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

53

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1    for its disposal at the BKK Class I Facility. To date, Defendant Thompson Tank

2    Construction has not incurred any costs at the BKK Class I Facility nor has it paid

3    its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

4         126.    Upon information and belief, Defendant Darrell Thompson Tank &

5    Construction, Inc. is the successor to Defendant Thompson Tank Construction

6    and/or otherwise liable for manifested waste that was contributed to the BKK Class

7    I Facility by Defendant Thompson Tank Construction. According to historical

8    BKK Corp. records, Defendant Thompson Tank Construction contributed

9    manifested waste to the BKK Class I Facility. This manifested waste contained

10    Hazardous Substances that Defendant Thompson Tank Construction generated

11    and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

12    Darrell Thompson Tank & Construction, Inc. has not incurred any costs at the BKK

13    Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

14    BKK Class I Facility.

15         127.    According to historical BKK Corp. records, Defendant Dial Precision

16    Inc., and its successors and/or predecessors, contributed manifested waste to the

17    BKK Class I Facility. This manifested waste contained Hazardous Substances that

18    Defendant Dial Precision Inc. generated and/or arranged for its disposal at the BKK

19    Class I Facility. To date, Defendant Dial Precision Inc. has not incurred any costs at

20    the BKK Class I Facility nor has it paid its fair share of costs incurred by the

21    Plaintiffs at the BKK Class I Facility.

22         128.    According to historical BKK Corp. records, Defendant Downey Glass

23    Co. Inc., and its successors and/or predecessors, contributed manifested waste to the

24    BKK Class I Facility. This manifested waste contained Hazardous Substances that

25    Defendant Downey Glass Co. Inc. generated and/or arranged for its disposal at the

26    BKK Class I Facility. To date, Defendant Downey Glass Co. Inc. has not incurred

27    any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

28    by the Plaintiffs at the BKK Class I Facility.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

54

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

129.    According to historical BKK Corp. records, Defendant H.E. Dyer, Inc., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant H.E. Dyer, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant H.E. Dyer, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

130.    According to historical BKK Corp. records, Defendant Edmund A. Gray Co., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Edmund A. Gray Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Edmund A. Gray Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

131.    According to historical BKK Corp. records, Defendant El Monte Lead Salvage Co. Inc., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant El Monte Lead Salvage Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant El Monte Lead Salvage Co. Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

132.    According to historical BKK Corp. records, Defendant Electron Plating III, Inc., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Electron Plating III, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Electron Plating III,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

55

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

2  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

3      133.    According to historical BKK Corp. records, Defendant Electronic

4  Plating Service Inc., and its successors and/or predecessors, contributed manifested

5  waste to the BKK Class I Facility.  This manifested waste contained Hazardous

6  Substances that Defendant Electronic Plating Service Inc. generated and/or

7  arranged for its disposal at the BKK Class I Facility. To date, Defendant Electronic

8  Plating Service Inc. has not incurred any costs at the BKK Class I Facility nor has it

9  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

10     134.    Upon information and belief, Defendant Modine Manufacturing

11  Company, Successor-in-Interest to Eskimo Radiator Manufacturing Co. is the

12  successor to Eskimo Radiator Manufacturing Co. and/or otherwise liable for

13  manifested waste that was contributed to the BKK Class I Facility by Eskimo

14  Radiator Manufacturing Co.  According to historical BKK Corp. records, Eskimo

15  Radiator Manufacturing Co. contributed manifested waste to the BKK Class I

16  Facility.  This manifested waste contained Hazardous Substances that Eskimo

17  Radiator Manufacturing Co. generated and/or arranged for its disposal at the BKK

18  Class I Facility.  To date, Defendant Modine Manufacturing Company, Successor-

19  in-Interest to Eskimo Radiator Manufacturing Co. has not incurred any costs at the

20  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

21  at the BKK Class I Facility.

22     135.    According to historical BKK Corp. records, Defendant Everest &

23  Jennings International, and its successors and/or predecessors, contributed

24  manifested waste to the BKK Class I Facility.  This manifested waste contained

25  Hazardous Substances that Defendant Everest & Jennings International generated

26  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

27  Everest & Jennings International has not incurred any costs at the BKK Class I

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

56

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

2  Class I Facility.

3      136.  According to historical BKK Corp. records, Defendant Jennings

4  Plating Co. Inc., and its successors and/or predecessors, contributed manifested

5  waste to the BKK Class I Facility.  This manifested waste contained Hazardous

6  Substances that Defendant Jennings Plating Co. Inc. generated and/or arranged for

7  its disposal at the BKK Class I Facility. To date, Defendant Jennings Plating Co.

8  Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

9  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

10     137.  Upon information and belief, Defendant Graham-Field Health

11  Products, Inc. is the successor to Defendant Everest & Jennings International and

12  Defendant Jennings Plating Co. Inc. and/or otherwise liable for manifested waste

13  that was contributed to the BKK Class I Facility by Defendant Everest & Jennings

14  International and Defendant Jennings Plating Co. Inc. According to historical BKK

15  Corp. records, Defendant Everest & Jennings International and Defendant Jennings

16  Plating Co. Inc. contributed manifested waste to the BKK Class I Facility.  This

17  manifested waste contained Hazardous Substances that Defendant Everest &

18  Jennings International and Defendant Jennings Plating Co. Inc. generated and/or

19  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Graham-

20  Field Health Products, Inc. has not incurred any costs at the BKK Class I Facility

21  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

22  Facility.

23     138.  Upon information and belief, Defendant Fansteel, Inc., Successor-in-

24  Interest to Fansteel Precision Sheet Metal is the successor to Fansteel Precision

25  Sheet Metal and/or otherwise liable for manifested waste that was contributed to the

26  BKK Class I Facility by Fansteel Precision Sheet Metal.  According to historical

27  BKK Corp. records, Fansteel Precision Sheet Metal contributed manifested waste to

28  the BKK Class I Facility.  This manifested waste contained Hazardous Substances

1  that Fansteel Precision Sheet Metal generated and/or arranged for its disposal at the

2  BKK Class I Facility.  To date, Defendant Fansteel, Inc., Successor-in-Interest to

3  Fansteel Precision Sheet Metal has not incurred any costs at the BKK Class I

4  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

5  Class I Facility.

6      139.   Upon information and belief, Defendant FG Group Holdings Inc.,

7  Successor-in-Interest to Pichel Industries Inc. is the successor to Pichel Industries

8  Inc. and/or otherwise liable for manifested waste that was contributed to the BKK

9  Class I Facility by Pichel Industries Inc.  According to historical BKK Corp.

10  records, Pichel Industries Inc. contributed manifested waste to the BKK Class I

11  Facility.   This manifested waste contained Hazardous Substances that Pichel

12  Industries Inc. generated and/or arranged for its disposal at the BKK Class I

13  Facility.  To date, Defendant FG Group Holdings Inc., Successor-in-Interest to

14  Pichel Industries Inc. has not incurred any costs at the BKK Class I Facility nor has

15  it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

16      140.   According to historical BKK Corp. records, Defendant First National

17  Finance Corp., and its successors and/or predecessors, contributed manifested waste

18  to the BKK Class I Facility.  This manifested waste contained Hazardous

19  Substances that Defendant First National Finance Corp. generated and/or arranged

20  for its disposal at the BKK Class I Facility. To date, Defendant First National

21  Finance Corp. has not incurred any costs at the BKK Class I Facility nor has it paid

22  its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

23      141.   According to historical BKK Corp. records, Defendant Fortin

24  Industries, Inc., and its successors and/or predecessors, contributed manifested

25  waste to the BKK Class I Facility.  This manifested waste contained Hazardous

26  Substances that Defendant Fortin Industries, Inc. generated and/or arranged for its

27  disposal at the BKK Class I Facility. To date, Defendant Fortin Industries, Inc. has

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

58

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1    not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

2    costs incurred by the Plaintiffs at the BKK Class I Facility.

3    142.   According to historical BKK Corp. records, Defendant Four Star

4    Chemical Co., and its successors and/or predecessors, contributed manifested waste

5    to the BKK Class I Facility.  This manifested waste contained Hazardous

6    Substances that Defendant Four Star Chemical Co. generated and/or arranged for its

7    disposal at the BKK Class I Facility. To date, Defendant Four Star Chemical Co.

8    has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

9    of costs incurred by the Plaintiffs at the BKK Class I Facility.

10    143.   According to historical BKK Corp. records, Defendant Fresno Unified

11    School District, and its successors and/or predecessors, contributed manifested

12    waste to the BKK Class I Facility.  This manifested waste contained Hazardous

13    Substances that Defendant Fresno Unified School District generated and/or

14    arranged for its disposal at the BKK Class I Facility. To date, Defendant Fresno

15    Unified School District has not incurred any costs at the BKK Class I Facility nor

16    has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

17    Facility.

18    144.   According to historical BKK Corp. records, Defendant Golden Wool

19    Co., and its successors and/or predecessors, contributed manifested waste to the

20    BKK Class I Facility.  This manifested waste contained Hazardous Substances that

21    Defendant Golden Wool Co. generated and/or arranged for its disposal at the BKK

22    Class I Facility. To date, Defendant Golden Wool Co. has not incurred any costs at

23    the BKK Class I Facility nor has it paid its fair share of costs incurred by the

24    Plaintiffs at the BKK Class I Facility.

25    145.   According to historical BKK Corp. records, Defendant Grindley

26    Manufacturing, Inc., and its successors and/or predecessors, contributed manifested

27    waste to the BKK Class I Facility.  This manifested waste contained Hazardous

28    Substances that Defendant Grindley Manufacturing, Inc. generated and/or arranged

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  for its disposal at the BKK Class I Facility. To date, Defendant Grindley
2  Manufacturing, Inc. has not incurred any costs at the BKK Class I Facility nor has
3  it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

4      146.   According to historical BKK Corp. records, Defendant Grover
5  Products Co., and its successors and/or predecessors, contributed manifested waste
6  to the BKK Class I Facility.  This manifested waste contained Hazardous
7  Substances that Defendant Grover Products Co. generated and/or arranged for its
8  disposal at the BKK Class I Facility. To date, Defendant Grover Products Co. has
9  not incurred any costs at the BKK Class I Facility nor has it paid its fair share of
10  costs incurred by the Plaintiffs at the BKK Class I Facility.

11      147.   According to historical BKK Corp. records, Defendant H. H.
12  Robertson Co., and its successors and/or predecessors, contributed manifested
13  waste to the BKK Class I Facility.  This manifested waste contained Hazardous
14  Substances that Defendant H. H. Robertson Co. generated and/or arranged for its
15  disposal at the BKK Class I Facility. To date, Defendant H. H. Robertson Co. has
16  not incurred any costs at the BKK Class I Facility nor has it paid its fair share of
17  costs incurred by the Plaintiffs at the BKK Class I Facility.

18      148.   Upon information and belief, Defendant Robertson Ceco II
19  Corporation is the successor to Defendant H. H. Robertson Co. and/or otherwise
20  liable for manifested waste that was contributed to the BKK Class I Facility by
21  Defendant H. H. Robertson Co.  According to historical BKK Corp. records,
22  Defendant H. H. Robertson Co. contributed manifested waste to the BKK Class I
23  Facility.  This manifested waste contained Hazardous Substances that Defendant H.
24  H. Robertson Co. generated and/or arranged for its disposal at the BKK Class I
25  Facility.  To date, Defendant Robertson Ceco II Corporation has not incurred any
26  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by
27  the Plaintiffs at the BKK Class I Facility.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

149.    According to historical BKK Corp. records, Defendant H. Krasne Manufacturing Co. Inc., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant H. Krasne Manufacturing Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant H. Krasne Manufacturing Co. Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

150.    According to historical BKK Corp. records, Defendant Harland M. Braun & Co., Inc., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Harland M. Braun & Co., Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Harland M. Braun & Co., Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

151.    According to historical BKK Corp. records, Defendant Heads Up Industries, and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Heads Up Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Heads Up Industries has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

152.    According to historical BKK Corp. records, Defendant Hercules Oil Co., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Hercules Oil Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hercules Oil Co. has not incurred any costs at

1  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

2  Plaintiffs at the BKK Class I Facility.

3      153.   According to historical BKK Corp. records, Defendant Hermetic

4  Systems Inc., and its successors and/or predecessors, contributed manifested waste

5  to the BKK Class I Facility.  This manifested waste contained Hazardous

6  Substances that Defendant Hermetic Systems Inc. generated and/or arranged for its

7  disposal at the BKK Class I Facility. To date, Defendant Hermetic Systems Inc. has

8  not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

9  costs incurred by the Plaintiffs at the BKK Class I Facility.

10     154.   According to historical BKK Corp. records, Defendant Hi-Production

11  Forge Co., and its successors and/or predecessors, contributed manifested waste to

12  the BKK Class I Facility.  This manifested waste contained Hazardous Substances

13  that Defendant Hi-Production Forge Co. generated and/or arranged for its disposal

14  at the BKK Class I Facility. To date, Defendant Hi-Production Forge Co. has not

15  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

16  incurred by the Plaintiffs at the BKK Class I Facility.

17     155.   Upon information and belief, Defendant H & L Tooth Company is the

18  successor to Defendant Hi-Production Forge Co. and/or otherwise liable for

19  manifested waste that was contributed to the BKK Class I Facility by Defendant

20  Hi-Production Forge Co.  According to historical BKK Corp. records, Defendant

21  Hi-Production Forge Co. contributed manifested waste to the BKK Class I Facility.

22  This manifested waste contained Hazardous Substances that Defendant Hi-

23  Production Forge Co. generated and/or arranged for its disposal at the BKK Class I

24  Facility.  To date, Defendant H & L Tooth Company has not incurred any costs at

25  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

26  Plaintiffs at the BKK Class I Facility.

27     156.   According to historical BKK Corp. records, Defendant Hordis

28  Brothers, and its successors and/or predecessors, contributed manifested waste to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

62

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  the BKK Class I Facility.  This manifested waste contained Hazardous Substances

2  that Defendant Hordis Brothers generated and/or arranged for its disposal at the

3  BKK Class I Facility. To date, Defendant Hordis Brothers has not incurred any

4  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

5  the Plaintiffs at the BKK Class I Facility.

6       157.   According to historical BKK Corp. records, Defendant

7  Huntington/Pacific Ceramics, Inc., and its successors and/or predecessors,

8  contributed manifested waste to the BKK Class I Facility.  This manifested waste

9  contained Hazardous Substances that Defendant Huntington/Pacific Ceramics, Inc.

10  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

11  Defendant Huntington/Pacific Ceramics, Inc. has not incurred any costs at the BKK

12  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

13  BKK Class I Facility.

14       158.   According to historical BKK Corp. records, Defendant Huntmix Inc.,

15  and its successors and/or predecessors, contributed manifested waste to the BKK

16  Class I Facility.  This manifested waste contained Hazardous Substances that

17  Defendant Huntmix Inc. generated and/or arranged for its disposal at the BKK

18  Class I Facility. To date, Defendant Huntmix Inc. has not incurred any costs at the

19  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

20  at the BKK Class I Facility.

21       159.   According to historical BKK Corp. records, Defendant Ideal Uniform

22  Rental Service, and its successors and/or predecessors, contributed manifested

23  waste to the BKK Class I Facility.  This manifested waste contained Hazardous

24  Substances that Defendant Ideal Uniform Rental Service generated and/or arranged

25  for its disposal at the BKK Class I Facility. To date, Defendant Ideal Uniform

26  Rental Service has not incurred any costs at the BKK Class I Facility nor has it paid

27  its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TENTH AMENDED COMPLAINT
                                                                2:18-CV-5810-MWF-PLA

1    160.    According to historical BKK Corp. records, Defendant International

2    Decoratives Inc., and its successors and/or predecessors, contributed manifested

3    waste to the BKK Class I Facility.  This manifested waste contained Hazardous

4    Substances that Defendant International Decoratives Inc. generated and/or arranged

5    for its disposal at the BKK Class I Facility. To date, Defendant International

6    Decoratives Inc. has not incurred any costs at the BKK Class I Facility nor has it

7    paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

8    161.    According to historical BKK Corp. records, Defendant International

9    Architectural Products, Inc. and its successors and/or predecessors, contributed

10   manifested waste to the BKK Class I Facility.  This manifested waste contained

11   Hazardous Substances that Defendant International Architectural Products, Inc.

12   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

13   Defendant International Architectural Products, Inc. has not incurred any costs at

14   the BKK Class I Facility nor has it paid its fair share of costs incurred by the

15   Plaintiffs at the BKK Class I Facility.

16   162.    According to historical BKK Corp. records, Defendant Irvine Ranch

17   Water District, and its successors and/or predecessors, contributed manifested waste

18   to the BKK Class I Facility.  This manifested waste contained Hazardous

19   Substances that Defendant Irvine Ranch Water District generated and/or arranged

20   for its disposal at the BKK Class I Facility. To date, Defendant Irvine Ranch Water

21   District has not incurred any costs at the BKK Class I Facility nor has it paid its fair

22   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

23   163.    According to historical BKK Corp. records, Defendant Isaac Cohen &

24   Son, Inc., and its successors and/or predecessors, contributed manifested waste to

25   the BKK Class I Facility.  This manifested waste contained Hazardous Substances

26   that Defendant Isaac Cohen & Son, Inc. generated and/or arranged for its disposal

27   at the BKK Class I Facility. To date, Defendant Isaac Cohen & Son, Inc. has not

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TENTH AMENDED COMPLAINT
                                                    2:18-CV-5810-MWF-PLA

1  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

2  incurred by the Plaintiffs at the BKK Class I Facility.

3      164.   According to historical BKK Corp. records, Defendant J. & S. Crome

4  Plating Co. Inc., and its successors and/or predecessors, contributed manifested

5  waste to the BKK Class I Facility.  This manifested waste contained Hazardous

6  Substances that Defendant J. & S. Crome Plating Co. Inc. generated and/or

7  arranged for its disposal at the BKK Class I Facility. To date, Defendant J. & S.

8  Crome Plating Co. Inc. has not incurred any costs at the BKK Class I Facility nor

9  has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

10  Facility.

11      165.   According to historical BKK Corp. records, Defendant J. H. Baxter &

12  Co., and its successors and/or predecessors, contributed manifested waste to the

13  BKK Class I Facility.  This manifested waste contained Hazardous Substances that

14  Defendant J. H. Baxter & Co. generated and/or arranged for its disposal at the BKK

15  Class I Facility. To date, Defendant J. H. Baxter & Co. has not incurred any costs at

16  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

17  Plaintiffs at the BKK Class I Facility.

18      166.   According to historical BKK Corp. records, Defendant J & S Chrome

19  Plating Co., and its successors and/or predecessors, contributed manifested waste to

20  the BKK Class I Facility.  This manifested waste contained Hazardous Substances

21  that Defendant J & S Chrome Plating Co. generated and/or arranged for its disposal

22  at the BKK Class I Facility. To date, Defendant J & S Chrome Plating Co. has not

23  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

24  incurred by the Plaintiffs at the BKK Class I Facility.

25      167.   According to historical BKK Corp. records, Defendant J. W. Carrol &

26  Sons, and its successors and/or predecessors, contributed manifested waste to the

27  BKK Class I Facility.  This manifested waste contained Hazardous Substances that

28  Defendant J. W. Carrol & Sons generated and/or arranged for its disposal at the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

65

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1   BKK Class I Facility. To date, Defendant J. W. Carrol & Sons has not incurred any

2   costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

3   the Plaintiffs at the BKK Class I Facility.

4       168.   According to historical BKK Corp. records, Defendant W. S. Hatch

5   Co., and its successors and/or predecessors, contributed manifested waste to the

6   BKK Class I Facility.  This manifested waste contained Hazardous Substances that

7   Defendant W. S. Hatch Co. generated and/or arranged for its disposal at the BKK

8   Class I Facility. To date, Defendant W. S. Hatch Co. has not incurred any costs at

9   the BKK Class I Facility nor has it paid its fair share of costs incurred by the

10  Plaintiffs at the BKK Class I Facility.

11      169.   Upon information and belief, Defendant Jack B Kelley LLC is the

12  successor to Defendant W. S. Hatch Co. and/or otherwise liable for manifested

13  waste that was contributed to the BKK Class I Facility by W. S. Hatch Co.

14  According to historical BKK Corp. records, Defendant W. S. Hatch Co. contributed

15  manifested waste to the BKK Class I Facility.  This manifested waste contained

16  Hazardous Substances that Defendant W. S. Hatch Co. generated and/or arranged

17  for its disposal at the BKK Class I Facility.  To date, Defendant Jack B Kelley LLC

18  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

19  of costs incurred by the Plaintiffs at the BKK Class I Facility.

20      170.   Upon information and belief, Defendant Kag Merchant Gas Group is

21  the successor to Defendant W. S. Hatch Co. and/or otherwise liable for manifested

22  waste that was contributed to the BKK Class I Facility by W. S. Hatch Co.

23  According to historical BKK Corp. records, Defendant W. S. Hatch Co. contributed

24  manifested waste to the BKK Class I Facility.  This manifested waste contained

25  Hazardous Substances that Defendant W. S. Hatch Co. generated and/or arranged

26  for its disposal at the BKK Class I Facility.  To date, Defendant Kag Merchant Gas

27  Group has not incurred any costs at the BKK Class I Facility nor has it paid its fair

28  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

66

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

171.   According to historical BKK Corp. records, Defendant K. L. Redfern Construction Co., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant K. L. Redfern Construction Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant K. L. Redfern Construction Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

172.   Upon information and belief, Defendant KJM Development Corp. is the successor to Defendant K. L. Redfern Construction Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Defendant K. L. Redfern Construction Co.  According to historical BKK Corp. records, Defendant K. L. Redfern Construction Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant K. L. Redfern Construction Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant KJM Development Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

173.   According to historical BKK Corp. records, Defendant Kelley Manufacturing Co., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Kelley Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Kelley Manufacturing Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

174.   According to historical BKK Corp. records, Defendant Ketema Aluminum Extrusion, and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

67

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  Hazardous Substances that Defendant Ketema Aluminum Extrusion generated

2  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

3  Ketema Aluminum Extrusion has not incurred any costs at the BKK Class I Facility

4  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

5  Facility.

6      175.   According to historical BKK Corp. records, Defendant Keystone

7  Products, Inc., and its successors and/or predecessors, contributed manifested waste

8  to the BKK Class I Facility.  This manifested waste contained Hazardous

9  Substances that Defendant Keystone Products, Inc. generated and/or arranged for

10  its disposal at the BKK Class I Facility. To date, Defendant Keystone Products, Inc.

11  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

12  of costs incurred by the Plaintiffs at the BKK Class I Facility.

13      176.   According to historical BKK Corp. records, Defendant Kinsbursky

14  Brothers Supply Inc., and its successors and/or predecessors, contributed

15  manifested waste to the BKK Class I Facility.  This manifested waste contained

16  Hazardous Substances that Defendant Kinsbursky Brothers Supply Inc. generated

17  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

18  Kinsbursky Brothers Supply Inc. has not incurred any costs at the BKK Class I

19  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

20  Class I Facility.

21      177.   According to historical BKK Corp. records, Defendant Kirkhill Inc.,

22  and its successors and/or predecessors, contributed manifested waste to the BKK

23  Class I Facility.  This manifested waste contained Hazardous Substances that

24  Defendant Kirkhill Inc. generated and/or arranged for its disposal at the BKK Class

25  I Facility. To date, Defendant Kirkhill Inc. has not incurred any costs at the BKK

26  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

27  BKK Class I Facility.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

178.   According to historical BKK Corp. records, Defendant Kleer Pak Manufacturing Co., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Kleer Pak Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Kleer Pak Manufacturing Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

179.   According to historical BKK Corp. records, Defendant Lakewood Oil Service Inc., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Lakewood Oil Service Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Lakewood Oil Service Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

180.   According to historical BKK Corp. records, Defendant The Langlois Company, and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant The Langlois Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant The Langlois Company has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

181.   According to historical BKK Corp. records, Defendant Leach International Corporation, and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Leach International Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Leach International Corporation has not incurred any costs at the BKK Class I

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

69

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

2  Class I Facility.

3       182.   According to historical BKK Corp. records, Defendant Leach Oil Co.,

4  Inc. and its successors and/or predecessors, contributed manifested waste to the

5  BKK Class I Facility.  This manifested waste contained Hazardous Substances that

6  Defendant Leach Oil Co., Inc. generated and/or arranged for its disposal at the

7  BKK Class I Facility. To date, Defendant Leach Oil Co., Inc. has not incurred any

8  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

9  the Plaintiffs at the BKK Class I Facility.

10      183.   According to historical BKK Corp. records, Defendant Lear Siegler

11  Inc., and its successors and/or predecessors, contributed manifested waste to the

12  BKK Class I Facility.  This manifested waste contained Hazardous Substances that

13  Defendant Lear Siegler Inc. generated and/or arranged for its disposal at the BKK

14  Class I Facility. To date, Defendant Lear Siegler Inc. has not incurred any costs at

15  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

16  Plaintiffs at the BKK Class I Facility.

17      184.   According to historical BKK Corp. records, Defendant Lewis Foods,

18  and its successors and/or predecessors, contributed manifested waste to the BKK

19  Class I Facility.  This manifested waste contained Hazardous Substances that

20  Defendant Lewis Foods generated and/or arranged for its disposal at the BKK Class

21  I Facility. To date, Defendant Lewis Foods has not incurred any costs at the BKK

22  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

23  BKK Class I Facility.

24      185.   According to historical BKK Corp. records, Defendant Life Paint Co.,

25  and its successors and/or predecessors, contributed manifested waste to the BKK

26  Class I Facility.  This manifested waste contained Hazardous Substances that

27  Defendant Life Paint Co.  generated and/or arranged for its disposal at the BKK

28  Class I Facility. To date, Defendant Life Paint Co.  has not incurred any costs at the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

70                    TENTH AMENDED COMPLAINT
                      2:18-CV-5810-MWF-PLA

1
2

BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

3
4
5
6
7
8
9
10

186.   According to historical BKK Corp. records, Defendant Long Beach Oil Development Company, and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Long Beach Oil Development Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Long Beach Oil Development Company has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

11
12
13
14
15
16
17

187.   According to historical BKK Corp. records, Defendant Long Beach Plating Co., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Long Beach Plating Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Long Beach Plating Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

18
19
20
21
22
23
24

188.   According to historical BKK Corp. records, Defendant Los Angeles Tanning Co., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Los Angeles Tanning Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Los Angeles Tanning Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

25
26
27
28

189.   According to historical BKK Corp. records, Defendant Macmillan Oil Co., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Macmillan Oil Co. generated and/or arranged for its disposal at the BKK

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

71

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  Class I Facility. To date, Defendant Macmillan Oil Co. has not incurred any costs at
2  the BKK Class I Facility nor has it paid its fair share of costs incurred by the
3  Plaintiffs at the BKK Class I Facility.

4  190.  Upon information and belief, Defendant Olympus Terminals LLC,
5  Successor-in-Interest to Macmillan Oil Co. is the successor to Defendant
6  Macmillan Oil Co. and/or otherwise liable for manifested waste that was
7  contributed to the BKK Class I Facility by Defendant Macmillan Oil Co.
8  According to historical BKK Corp. records, Defendant Macmillan Oil Co.
9  contributed manifested waste to the BKK Class I Facility.  This manifested waste
10  contained Hazardous Substances that Defendant Macmillan Oil Co. generated
11  and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant
12  Olympus Terminals LLC, Successor-in-Interest to Macmillan Oil Co. has not
13  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs
14  incurred by the Plaintiffs at the BKK Class I Facility.

15  191.  According to historical BKK Corp. records, Defendant Marina
16  Pacifica, and its successors and/or predecessors, contributed manifested waste to
17  the BKK Class I Facility.  This manifested waste contained Hazardous Substances
18  that Defendant Marina Pacifica generated and/or arranged for its disposal at the
19  BKK Class I Facility. To date, Defendant Marina Pacifica has not incurred any
20  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by
21  the Plaintiffs at the BKK Class I Facility.

22  192.  According to historical BKK Corp. records, Defendant Mark
23  Industries, and its successors and/or predecessors, contributed manifested waste to
24  the BKK Class I Facility.  This manifested waste contained Hazardous Substances
25  that Defendant Mark Industries generated and/or arranged for its disposal at the
26  BKK Class I Facility. To date, Defendant Mark Industries has not incurred any
27  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by
28  the Plaintiffs at the BKK Class I Facility.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

72

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1     193.   According to historical BKK Corp. records, Defendant Marlex Oil &
2  Refining Inc., and its successors and/or predecessors, contributed manifested waste
3  to the BKK Class I Facility.  This manifested waste contained Hazardous
4  Substances that Defendant Marlex Oil & Refining Inc. generated and/or arranged
5  for its disposal at the BKK Class I Facility. To date, Defendant Marlex Oil &
6  Refining Inc. has not incurred any costs at the BKK Class I Facility nor has it paid
7  its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

8     194.   According to historical BKK Corp. records, Defendant The Marquardt
9  Company, and its successors and/or predecessors, contributed manifested waste to
10  the BKK Class I Facility.  This manifested waste contained Hazardous Substances
11  that Defendant The Marquardt Company generated and/or arranged for its disposal
12  at the BKK Class I Facility. To date, Defendant The Marquardt Company has not
13  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs
14  incurred by the Plaintiffs at the BKK Class I Facility.

15     195.   According to historical BKK Corp. records, Defendant Master-Halco,
16  Inc., and its successors and/or predecessors, contributed manifested waste to the
17  BKK Class I Facility.  This manifested waste contained Hazardous Substances that
18  Defendant Master-Halco, Inc. generated and/or arranged for its disposal at the BKK
19  Class I Facility. To date, Defendant Master-Halco, Inc. has not incurred any costs at
20  the BKK Class I Facility nor has it paid its fair share of costs incurred by the
21  Plaintiffs at the BKK Class I Facility.

22     196.   According to historical BKK Corp. records, Defendant Mayon Foods
23  Co., and its successors and/or predecessors, contributed manifested waste to the
24  BKK Class I Facility.  This manifested waste contained Hazardous Substances that
25  Defendant Mayon Foods Co. generated and/or arranged for its disposal at the BKK
26  Class I Facility. To date, Defendant Mayon Foods Co. has not incurred any costs at
27  the BKK Class I Facility nor has it paid its fair share of costs incurred by the
28  Plaintiffs at the BKK Class I Facility.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

73                                          TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1    197.   According to historical BKK Corp. records, Defendant McCurdy

2    Circuits, Inc., and its successors and/or predecessors, contributed manifested waste

3    to the BKK Class I Facility.  This manifested waste contained Hazardous

4    Substances that Defendant McCurdy Circuits, Inc. generated and/or arranged for its

5    disposal at the BKK Class I Facility. To date, Defendant McCurdy Circuits, Inc.

6    has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

7    of costs incurred by the Plaintiffs at the BKK Class I Facility.

8    198.   According to historical BKK Corp. records, Defendant McMahon

9    Development, and its successors and/or predecessors, contributed manifested waste

10   to the BKK Class I Facility.  This manifested waste contained Hazardous

11   Substances that Defendant McMahon Development generated and/or arranged for

12   its disposal at the BKK Class I Facility. To date, Defendant McMahon

13   Development has not incurred any costs at the BKK Class I Facility nor has it paid

14   its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

15   199.   According to historical BKK Corp. records, Defendant M. C.

16   Nottingham Co. of So. Cal., and its successors and/or predecessors, contributed

17   manifested waste to the BKK Class I Facility.  This manifested waste contained

18   Hazardous Substances that Defendant M. C. Nottingham Co. of So. Cal. generated

19   and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant M.

20   C. Nottingham Co. of So. Cal. has not incurred any costs at the BKK Class I

21   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

22   Class I Facility.

23   200.   According to historical BKK Corp. records, Defendant Menasha

24   Corp., and its successors and/or predecessors, contributed manifested waste to the

25   BKK Class I Facility.  This manifested waste contained Hazardous Substances that

26   Defendant Menasha Corp. generated and/or arranged for its disposal at the BKK

27   Class I Facility. To date, Defendant Menasha Corp. has not incurred any costs at the

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs
2  at the BKK Class I Facility.

3      201.   According to historical BKK Corp. records, Defendant Nuckles Oil
4  Co., Inc. D/B/A Merit Oil, and its successors and/or predecessors, contributed
5  manifested waste to the BKK Class I Facility.  This manifested waste contained
6  Hazardous Substances that Defendant Nuckles Oil Co., Inc. D/B/A Merit Oil
7  generated and/or arranged for its disposal at the BKK Class I Facility. To date,
8  Defendant Nuckles Oil Co., Inc. D/B/A Merit Oil has not incurred any costs at the
9  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs
10  at the BKK Class I Facility.

11      202.   According to historical BKK Corp. records, Defendant Metropolitan
12  Circuits Inc., and its successors and/or predecessors, contributed manifested waste
13  to the BKK Class I Facility.  This manifested waste contained Hazardous
14  Substances that Defendant Metropolitan Circuits Inc. generated and/or arranged for
15  its disposal at the BKK Class I Facility. To date, Defendant Metropolitan Circuits
16  Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair
17  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

18      203.   According to historical BKK Corp. records, Defendant Mission Plating
19  Co., and its successors and/or predecessors, contributed manifested waste to the
20  BKK Class I Facility.  This manifested waste contained Hazardous Substances that
21  Defendant Mission Plating Co. generated and/or arranged for its disposal at the
22  BKK Class I Facility. To date, Defendant Mission Plating Co. has not incurred any
23  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by
24  the Plaintiffs at the BKK Class I Facility.

25      204.   According to historical BKK Corp. records, Defendant MPC Plating
26  Co., and its successors and/or predecessors, contributed manifested waste to the
27  BKK Class I Facility.  This manifested waste contained Hazardous Substances that
28  Defendant MPC Plating Co. generated and/or arranged for its disposal at the BKK

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

75

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  Class I Facility. To date, Defendant MPC Plating Co. has not incurred any costs at
2  the BKK Class I Facility nor has it paid its fair share of costs incurred by the
3  Plaintiffs at the BKK Class I Facility.

4      205.  According to historical BKK Corp. records, Defendant Modine
5  Manufacturing Co., and its successors and/or predecessors, contributed manifested
6  waste to the BKK Class I Facility.  This manifested waste contained Hazardous
7  Substances that Defendant Modine Manufacturing Co. generated and/or arranged
8  for its disposal at the BKK Class I Facility. To date, Defendant Modine
9  Manufacturing Co. has not incurred any costs at the BKK Class I Facility nor has it
10 paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

11     206.  According to historical BKK Corp. records, Defendant Mola
12 Development Corporation, and its successors and/or predecessors, contributed
13 manifested waste to the BKK Class I Facility.  This manifested waste contained
14 Hazardous Substances that Defendant Mola Development Corporation. Generated
15 and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant
16 Mola Development Corporation has not incurred any costs at the BKK Class I
17 Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
18 Class I Facility.

19     207.  According to historical BKK Corp. records, Defendant Nardon
20 Liquidating Corp., and its successors and/or predecessors, contributed manifested
21 waste to the BKK Class I Facility.  This manifested waste contained Hazardous
22 Substances that Defendant Nardon Liquidating Corp. generated and/or arranged for
23 its disposal at the BKK Class I Facility. To date, Defendant Nardon Liquidating
24 Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair
25 share of costs incurred by the Plaintiffs at the BKK Class I Facility.

26     208.  According to historical BKK Corp. records, Defendant National
27 Technology, and its successors and/or predecessors, contributed manifested waste
28 to the BKK Class I Facility.  This manifested waste contained Hazardous

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

76

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  Substances that Defendant National Technology generated and/or arranged for its

2  disposal at the BKK Class I Facility. To date, Defendant National Technology has

3  not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

4  costs incurred by the Plaintiffs at the BKK Class I Facility.

5       209.   According to historical BKK Corp. records, Defendant Newhall

6  Refining Co. Inc., and its successors and/or predecessors, contributed manifested

7  waste to the BKK Class I Facility.  This manifested waste contained Hazardous

8  Substances that Defendant Newhall Refining Co. Inc. generated and/or arranged for

9  its disposal at the BKK Class I Facility. To date, Defendant Newhall Refining Co.

10  Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

11  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

12       210.   Upon information and belief, Defendant Northern Telecom

13  Electronics, Inc. is the successor to Defendant Northern Telecom and/or otherwise

14  liable for manifested waste that was contributed to the BKK Class I Facility by

15  Defendant Northern Telecom.  According to historical BKK Corp. records,

16  Defendant Northern Telecom contributed manifested waste to the BKK Class I

17  Facility.  This manifested waste contained Hazardous Substances that Defendant

18  Northern Telecom generated and/or arranged for its disposal at the BKK Class I

19  Facility.  To date, Defendant Northern Telecom Electronics, Inc. has not incurred

20  any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

21  by the Plaintiffs at the BKK Class I Facility.

22       211.   According to historical BKK Corp. records, Defendant Oil Well

23  Service Co., and its successors and/or predecessors, contributed manifested waste to

24  the BKK Class I Facility.  This manifested waste contained Hazardous Substances

25  that Defendant Oil Well Service Co. generated and/or arranged for its disposal at

26  the BKK Class I Facility. To date, Defendant Oil Well Service Co. has not incurred

27  any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

28  by the Plaintiffs at the BKK Class I Facility.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

77

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1    212.   According to historical BKK Corp. records, Defendant Ontario Auto

2    Truck Plaza, and its successors and/or predecessors, contributed manifested waste

3    to the BKK Class I Facility.  This manifested waste contained Hazardous

4    Substances that Defendant Ontario Auto Truck Plaza generated and/or arranged for

5    its disposal at the BKK Class I Facility. To date, Defendant Ontario Auto Truck

6    Plaza has not incurred any costs at the BKK Class I Facility nor has it paid its fair

7    share of costs incurred by the Plaintiffs at the BKK Class I Facility.

8    213.   According to historical BKK Corp. records, Defendant Orange Co.

9    Machine Works, and its successors and/or predecessors, contributed manifested

10    waste to the BKK Class I Facility.  This manifested waste contained Hazardous

11    Substances that Defendant Orange Co. Machine Works generated and/or arranged

12    for its disposal at the BKK Class I Facility. To date, Defendant Orange Co.

13    Machine Works has not incurred any costs at the BKK Class I Facility nor has it

14    paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

15    214.   According to historical BKK Corp. records, Defendant Ozanol Corp.,

16    and its successors and/or predecessors, contributed manifested waste to the BKK

17    Class I Facility.  This manifested waste contained Hazardous Substances that

18    Defendant Ozanol Corp. generated and/or arranged for its disposal at the BKK

19    Class I Facility. To date, Defendant Ozanol Corp. has not incurred any costs at the

20    BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

21    at the BKK Class I Facility.

22    215.   According to historical BKK Corp. records, Defendant P. W. Stephens

23    Contractors, Inc., and its successors and/or predecessors, contributed manifested

24    waste to the BKK Class I Facility.  This manifested waste contained Hazardous

25    Substances that Defendant P. W. Stephens Contractors, Inc. generated and/or

26    arranged for its disposal at the BKK Class I Facility. To date, Defendant P. W.

27    Stephens Contractors, Inc. has not incurred any costs at the BKK Class I Facility

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I
2  Facility.

3       216.   According to historical BKK Corp. records, Defendant Vietnam Daily
4  News LLC, and its successors and/or predecessors, contributed manifested waste to
5  the BKK Class I Facility.  This manifested waste contained Hazardous Substances
6  that Defendant Vietnam Daily News LLC generated and/or arranged for its disposal
7  at the BKK Class I Facility. To date, Defendant Vietnam Daily News LLC has not
8  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs
9  incurred by the Plaintiffs at the BKK Class I Facility.

10      217.   According to historical BKK Corp. records, Defendant Pacific Tube
11  Company, and its successors and/or predecessors, contributed manifested waste to
12  the BKK Class I Facility.  This manifested waste contained Hazardous Substances
13  that Defendant Pacific Tube Company generated and/or arranged for its disposal at
14  the BKK Class I Facility. To date, Defendant Pacific Tube Company has not
15  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs
16  incurred by the Plaintiffs at the BKK Class I Facility.

17      218.   According to historical BKK Corp. records, Defendant Pan Western
18  Oil Co., and its successors and/or predecessors, contributed manifested waste to the
19  BKK Class I Facility.  This manifested waste contained Hazardous Substances that
20  Defendant Pan Western Oil Co. generated and/or arranged for its disposal at the
21  BKK Class I Facility. To date, Defendant Pan Western Oil Co. has not incurred any
22  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by
23  the Plaintiffs at the BKK Class I Facility.

24      219.   According to historical BKK Corp. records, Defendant Pease & Curren
25  Reliable Recovery Inc., and its successors and/or predecessors, contributed
26  manifested waste to the BKK Class I Facility.  This manifested waste contained
27  Hazardous Substances that Defendant Pease & Curren Reliable Recovery Inc.
28  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

79

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  Defendant Pease & Curren Reliable Recovery Inc. has not incurred any costs at the
2  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs
3  at the BKK Class I Facility.

4      220.   Upon information and belief, Defendant Pease & Curren Inc. is the
5  successor to Defendant Pease & Curren Reliable Recovery Inc. and/or otherwise
6  liable for manifested waste that was contributed to the BKK Class I Facility by
7  Defendant Pease & Curren Reliable Recovery Inc.  According to historical BKK
8  Corp. records, Defendant Pease & Curren Reliable Recovery Inc. contributed
9  manifested waste to the BKK Class I Facility.  This manifested waste contained
10  Hazardous Substances that Defendant Pease & Curren Reliable Recovery Inc.
11  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,
12  Defendant Pease & Curren Inc. has not incurred any costs at the BKK Class I
13  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
14  Class I Facility.

15      221.   According to historical BKK Corp. records, Defendant CBP
16  Resources, Inc., and its successors and/or predecessors, contributed manifested
17  waste to the BKK Class I Facility.  This manifested waste contained Hazardous
18  Substances that Defendant CBP Resources, Inc. generated and/or arranged for its
19  disposal at the BKK Class I Facility. To date, Defendant CBP Resources, Inc.  has
20  not incurred any costs at the BKK Class I Facility nor has it paid its fair share of
21  costs incurred by the Plaintiffs at the BKK Class I Facility.

22      222.   According to historical BKK Corp. records, Defendant Petrochemicals
23  Company, Inc., and its successors and/or predecessors, contributed manifested
24  waste to the BKK Class I Facility.  This manifested waste contained Hazardous
25  Substances that Defendant Petrochemicals Company, Inc. generated and/or
26  arranged for its disposal at the BKK Class I Facility. To date, Defendant
27  Petrochemicals Company, Inc. has not incurred any costs at the BKK Class I

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

80

1   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
2   Class I Facility.

3   223.   According to historical BKK Corp. records, Defendant Phototron Co.,
4   and its successors and/or predecessors, contributed manifested waste to the BKK
5   Class I Facility.  This manifested waste contained Hazardous Substances that
6   Defendant Phototron Co. generated and/or arranged for its disposal at the BKK
7   Class I Facility. To date, Defendant Phototron Co. has not incurred any costs at the
8   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs
9   at the BKK Class I Facility.

10   224.   According to historical BKK Corp. records, Defendant Post
11   Transportation Co., and its successors and/or predecessors, contributed manifested
12   waste to the BKK Class I Facility.  This manifested waste contained Hazardous
13   Substances that Defendant Post Transportation Co. generated and/or arranged for its
14   disposal at the BKK Class I Facility. To date, Defendant Post Transportation Co.
15   has not incurred any costs at the BKK Class I Facility nor has it paid its fair share
16   of costs incurred by the Plaintiffs at the BKK Class I Facility.

17   225.   According to historical BKK Corp. records, Defendant Process
18   Technology Co., and its successors and/or predecessors, contributed manifested
19   waste to the BKK Class I Facility.  This manifested waste contained Hazardous
20   Substances that Defendant Process Technology Co. generated and/or arranged for
21   its disposal at the BKK Class I Facility. To date, Defendant Process Technology
22   Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair
23   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

24   226.   According to historical BKK Corp. records, Defendant Production
25   Plating Co., and its successors and/or predecessors, contributed manifested waste to
26   the BKK Class I Facility.  This manifested waste contained Hazardous Substances
27   that Defendant Production Plating Co. generated and/or arranged for its disposal at
28   the BKK Class I Facility. To date, Defendant Production Plating Co. has not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

81

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

2  incurred by the Plaintiffs at the BKK Class I Facility.

3  227.   According to historical BKK Corp. records, Defendant ALP Lighting

4  and Ceiling Products, and its successors and/or predecessors, contributed

5  manifested waste to the BKK Class I Facility.  This manifested waste contained

6  Hazardous Substances that Defendant ALP Lighting and Ceiling Products

7  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

8  Defendant ALP Lighting and Ceiling Products has not incurred any costs at the

9  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

10  at the BKK Class I Facility.

11  228.   According to historical BKK Corp. records, Defendant Punch Press

12  Products, and its successors and/or predecessors, contributed manifested waste to

13  the BKK Class I Facility.  This manifested waste contained Hazardous Substances

14  that Defendant Punch Press Products generated and/or arranged for its disposal at

15  the BKK Class I Facility. To date, Defendant Punch Press Products has not incurred

16  any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

17  by the Plaintiffs at the BKK Class I Facility.

18  229.   According to historical BKK Corp. records, Defendant Quality

19  Aluminum Forge Co., and its successors and/or predecessors, contributed

20  manifested waste to the BKK Class I Facility.  This manifested waste contained

21  Hazardous Substances that Defendant Quality Aluminum Forge Co. generated

22  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

23  Quality Aluminum Forge Co. has not incurred any costs at the BKK Class I Facility

24  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

25  Facility.

26  230.   According to historical BKK Corp. records, Defendant Quality Metal

27  Finishing Co., and its successors and/or predecessors, contributed manifested waste

28  to the BKK Class I Facility.  This manifested waste contained Hazardous

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

82

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1    Substances that Defendant Quality Metal Finishing Co. generated and/or arranged

2    for its disposal at the BKK Class I Facility. To date, Defendant Quality Metal

3    Finishing Co. has not incurred any costs at the BKK Class I Facility nor has it paid

4    its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

5        231.   According to historical BKK Corp. records, Defendant Quality

6    Sprayers Inc., and its successors and/or predecessors, contributed manifested waste

7    to the BKK Class I Facility.  This manifested waste contained Hazardous

8    Substances that Defendant Quality Sprayers Inc. generated and/or arranged for its

9    disposal at the BKK Class I Facility. To date, Defendant Quality Sprayers Inc. has

10   not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

11   costs incurred by the Plaintiffs at the BKK Class I Facility.

12       232.   According to historical BKK Corp. records, Defendant R. & R.

13   Industrial Waste Haulers Inc., and its successors and/or predecessors, contributed

14   manifested waste to the BKK Class I Facility.  This manifested waste contained

15   Hazardous Substances that Defendant R. & R. Industrial Waste Haulers Inc.

16   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

17   Defendant R. & R. Industrial Waste Haulers Inc. has not incurred any costs at the

18   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

19   at the BKK Class I Facility.

20       233.   According to historical BKK Corp. records, Defendant Reliable

21   Recovery Inc., and its successors and/or predecessors, contributed manifested waste

22   to the BKK Class I Facility.  This manifested waste contained Hazardous

23   Substances that Defendant Reliable Recovery Inc. generated and/or arranged for its

24   disposal at the BKK Class I Facility. To date, Defendant Reliable Recovery Inc. has

25   not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

26   costs incurred by the Plaintiffs at the BKK Class I Facility.

27       234.   Upon information and belief, Defendant Pease & Curren Inc. is the

28   successor to Defendant Reliable Recovery Inc. and/or otherwise liable for

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  manifested waste that was contributed to the BKK Class I Facility by Defendant

2  Reliable Recovery Inc..  According to historical BKK Corp. records, Defendant

3  Reliable Recovery Inc.contributed manifested waste to the BKK Class I Facility.

4  This manifested waste contained Hazardous Substances that Defendant Reliable

5  Recovery Inc.generated and/or arranged for its disposal at the BKK Class I Facility.

6  To date, Defendant Pease & Curren Inc. has not incurred any costs at the BKK

7  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

8  BKK Class I Facility.

9      235.   According to historical BKK Corp. records, Defendant Target

10  Chemical Co., and its successors and/or predecessors, contributed manifested waste

11  to the BKK Class I Facility.  This manifested waste contained Hazardous

12  Substances that Defendant Target Chemical Co. generated and/or arranged for its

13  disposal at the BKK Class I Facility. To date, Defendant Target Chemical Co. has

14  not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

15  costs incurred by the Plaintiffs at the BKK Class I Facility.

16      236.   Upon information and belief, Defendant Rentokil North America, Inc.

17  is the successor to Defendant Target Chemical Co. and/or otherwise liable for

18  manifested waste that was contributed to the BKK Class I Facility by Defendant

19  Target Chemical Co.  According to historical BKK Corp. records, Defendant Target

20  Chemical Co. contributed manifested waste to the BKK Class I Facility.  This

21  manifested waste contained Hazardous Substances that Defendant Target Chemical

22  Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

23  Defendant Rentokil North America, Inc. has not incurred any costs at the BKK

24  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

25  BKK Class I Facility.

26      237.   According to historical BKK Corp. records, Defendant Revere

27  Extruders, Inc., and its successors and/or predecessors, contributed manifested

28  waste to the BKK Class I Facility.  This manifested waste contained Hazardous

1  Substances that Defendant Revere Extruders, Inc. generated and/or arranged for its
2  disposal at the BKK Class I Facility. To date, Defendant Revere Extruders, Inc. has
3  not incurred any costs at the BKK Class I Facility nor has it paid its fair share of
4  costs incurred by the Plaintiffs at the BKK Class I Facility.

5  238.  Upon information and belief, Defendant Enviri Corp., Successor-in-
6  Interest to Rho-Chem Corp. is the successor to Rho-Chem Corp. and/or otherwise
7  liable for manifested waste that was contributed to the BKK Class I Facility by
8  Rho-Chem Corp. According to historical BKK Corp. records, Rho-Chem Corp.
9  contributed manifested waste to the BKK Class I Facility.  This manifested waste
10  contained Hazardous Substances that Rho-Chem Corp. generated and/or arranged
11  for its disposal at the BKK Class I Facility.  To date, Defendant Enviri Corp.,
12  Successor-in-Interest to Rho-Chem Corp. has not incurred any costs at the BKK
13  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the
14  BKK Class I Facility.

15  239.  According to historical BKK Corp. records, Defendant Rinchem Co.
16  Inc., and its successors and/or predecessors, contributed manifested waste to the
17  BKK Class I Facility.  This manifested waste contained Hazardous Substances that
18  Defendant Rinchem Co. Inc. generated and/or arranged for its disposal at the BKK
19  Class I Facility. To date, Defendant Rinchem Co. Inc. has not incurred any costs at
20  the BKK Class I Facility nor has it paid its fair share of costs incurred by the
21  Plaintiffs at the BKK Class I Facility.

22  240.  According to historical BKK Corp. records, Defendant Riverside
23  Cement Co., and its successors and/or predecessors, contributed manifested waste
24  to the BKK Class I Facility.  This manifested waste contained Hazardous
25  Substances that Defendant Riverside Cement Co. generated and/or arranged for its
26  disposal at the BKK Class I Facility. To date, Defendant Riverside Cement Co. has
27  not incurred any costs at the BKK Class I Facility nor has it paid its fair share of
28  costs incurred by the Plaintiffs at the BKK Class I Facility.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

85

241.    According to historical BKK Corp. records, Defendant R.R. Kellogg, Inc. D/B/A The Bubble Machine, and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant R.R. Kellogg, Inc. D/B/A The Bubble Machine generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant R.R. Kellogg, Inc. D/B/A The Bubble Machine has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

242.    According to historical BKK Corp. records, Defendant Routh Transportation, and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Routh Transportation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Routh Transportation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

243.    Upon information and belief, Defendant IT Transportation Corporation is the successor to Defendant Routh Transportation and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Defendant Routh Transportation.  According to historical BKK Corp. records, Defendant Routh Transportation contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Routh Transportation generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant IT Transportation Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

244.    According to historical BKK Corp. records, Defendant Royal Plating Works, and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

86

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1    Defendant Royal Plating Works generated and/or arranged for its disposal at the

2    BKK Class I Facility. To date, Defendant Royal Plating Works has not incurred any

3    costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

4    the Plaintiffs at the BKK Class I Facility.

5        245.   According to historical BKK Corp. records, Defendant Rupes

6    Hydraulics, and its successors and/or predecessors, contributed manifested waste to

7    the BKK Class I Facility.  This manifested waste contained Hazardous Substances

8    that Defendant Rupes Hydraulics generated and/or arranged for its disposal at the

9    BKK Class I Facility. To date, Defendant Rupes Hydraulics has not incurred any

10   costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

11   the Plaintiffs at the BKK Class I Facility.

12       246.   According to historical BKK Corp. records, Defendant Facet Energy,

13   Inc., and its successors and/or predecessors, contributed manifested waste to the

14   BKK Class I Facility.  This manifested waste contained Hazardous Substances that

15   Defendant Facet Energy, Inc. generated and/or arranged for its disposal at the BKK

16   Class I Facility. To date, Defendant Facet Energy, Inc. has not incurred any costs at

17   the BKK Class I Facility nor has it paid its fair share of costs incurred by the

18   Plaintiffs at the BKK Class I Facility.

19       247.   According to historical BKK Corp. records, Defendant Thomas

20   Industries, Inc. D/B/A Sals Plating, and its successors and/or predecessors,

21   contributed manifested waste to the BKK Class I Facility.  This manifested waste

22   contained Hazardous Substances that Defendant Thomas Industries, Inc. D/B/A

23   Sals Plating generated and/or arranged for its disposal at the BKK Class I Facility.

24   To date, Defendant Thomas Industries, Inc. D/B/A Sals Plating has not incurred

25   any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

26   by the Plaintiffs at the BKK Class I Facility.

27       248.   According to historical BKK Corp. records, Defendant Schlitz

28   Brewing Co., and its successors and/or predecessors, contributed manifested waste

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

87

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1    to the BKK Class I Facility.  This manifested waste contained Hazardous

2    Substances that Defendant Schlitz Brewing Co. generated and/or arranged for its

3    disposal at the BKK Class I Facility. To date, Defendant Schlitz Brewing Co. has

4    not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

5    costs incurred by the Plaintiffs at the BKK Class I Facility.

6        249.   According to historical BKK Corp. records, Defendant SHAFCO

7    Industries, Inc., and its successors and/or predecessors, contributed manifested

8    waste to the BKK Class I Facility.  This manifested waste contained Hazardous

9    Substances that Defendant SHAFCO Industries, Inc. generated and/or arranged for

10   its disposal at the BKK Class I Facility. To date, Defendant SHAFCO Industries,

11   Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

12   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

13       250.   Upon information and belief, Defendant Eastman Chemical Company,

14   Successor-in-Interest to Solutia Inc. is the successor to Solutia Inc. and/or otherwise

15   liable for manifested waste that was contributed to the BKK Class I Facility by

16   Solutia Inc. According to historical BKK Corp. records, Solutia Inc. contributed

17   manifested waste to the BKK Class I Facility.  This manifested waste contained

18   Hazardous Substances that Solutia Inc. generated and/or arranged for its disposal at

19   the BKK Class I Facility.  To date, Defendant Eastman Chemical Company,

20   Successor-in-Interest to Solutia Inc. has not incurred any costs at the BKK Class I

21   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

22   Class I Facility.

23       251.   According to historical BKK Corp. records, Defendant Supracote Inc.,

24   and its successors and/or predecessors, contributed manifested waste to the BKK

25   Class I Facility.  This manifested waste contained Hazardous Substances that

26   Defendant Supracote Inc. generated and/or arranged for its disposal at the BKK

27   Class I Facility. To date, Defendant Supracote Inc. has not incurred any costs at the

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

88

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs
2  at the BKK Class I Facility.

3      252.   According to historical BKK Corp. records, Defendant Liquid Waste
4  Management, and its successors and/or predecessors, contributed manifested waste
5  to the BKK Class I Facility.  This manifested waste contained Hazardous
6  Substances that Defendant Liquid Waste Management generated and/or arranged
7  for its disposal at the BKK Class I Facility. To date, Defendant Liquid Waste
8  Management has not incurred any costs at the BKK Class I Facility nor has it paid
9  its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

10     253.   According to historical BKK Corp. records, Defendant Crown
11 Disposal Inc., and its successors and/or predecessors, contributed manifested waste
12 to the BKK Class I Facility.  This manifested waste contained Hazardous
13 Substances that Defendant Crown Disposal Inc. generated and/or arranged for its
14 disposal at the BKK Class I Facility. To date, Defendant Crown Disposal Inc. has
15 not incurred any costs at the BKK Class I Facility nor has it paid its fair share of
16 costs incurred by the Plaintiffs at the BKK Class I Facility.

17     254.   According to historical BKK Corp. records, Defendant Southern
18 California Waste Reduction, and its successors and/or predecessors, contributed
19 manifested waste to the BKK Class I Facility.  This manifested waste contained
20 Hazardous Substances that Defendant Southern California Waste Reduction
21 generated and/or arranged for its disposal at the BKK Class I Facility. To date,
22 Defendant Southern California Waste Reduction has not incurred any costs at the
23 BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs
24 at the BKK Class I Facility.

25     255.   Upon information and belief, Defendant THF Holding Co. is the
26 successor to Liquid Waste Management, Crown Disposal Inc., and/or Southern
27 California Waste Reduction and/or otherwise liable for manifested waste that was
28 contributed to the BKK Class I Facility by Liquid Waste Management, Crown

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

89

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  Disposal Inc., and/or Southern California Waste Reduction.  According to historical

2  BKK Corp. records, Liquid Waste Management, Crown Disposal Inc., and

3  Southern California Waste Reduction contributed manifested waste to the BKK

4  Class I Facility.  This manifested waste contained Hazardous Substances that

5  Liquid Waste Management, Crown Disposal Inc., and Southern California Waste

6  Reduction generated and/or arranged for its disposal at the BKK Class I Facility.

7  To date, Defendant THF Holding Co. has not incurred any costs at the BKK Class I

8  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

9  Class I Facility.

10        256.   According to historical BKK Corp. records, Defendant Soule Steel

11  Company, and its successors and/or predecessors, contributed manifested waste to

12  the BKK Class I Facility.  This manifested waste contained Hazardous Substances

13  that Defendant Soule Steel Company generated and/or arranged for its disposal at

14  the BKK Class I Facility. To date, Defendant Soule Steel Company has not

15  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

16  incurred by the Plaintiffs at the BKK Class I Facility.

17        257.   According to historical BKK Corp. records, Defendant South Coast

18  County Water District, and its successors and/or predecessors, contributed

19  manifested waste to the BKK Class I Facility.  This manifested waste contained

20  Hazardous Substances that Defendant South Coast County Water District generated

21  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

22  South Coast County Water District has not incurred any costs at the BKK Class I

23  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

24  Class I Facility.

25        258.   According to historical BKK Corp. records, Defendant Southern

26  California Drum Co., and its successors and/or predecessors, contributed

27  manifested waste to the BKK Class I Facility.  This manifested waste contained

28  Hazardous Substances that Defendant Southern California Drum Co. generated

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

90

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

2  Southern California Drum Co. has not incurred any costs at the BKK Class I

3  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

4  Class I Facility.

5      259.  According to historical BKK Corp. records, Defendant Specific

6  Plating Company, Inc., and its successors and/or predecessors, contributed

7  manifested waste to the BKK Class I Facility.  This manifested waste contained

8  Hazardous Substances that Defendant Specific Plating Company, Inc. generated

9  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

10  Specific Plating Company, Inc. has not incurred any costs at the BKK Class I

11  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

12  Class I Facility.

13      260.  According to historical BKK Corp. records, Defendant Standard

14  Precision Inc., and its successors and/or predecessors, contributed manifested waste

15  to the BKK Class I Facility.  This manifested waste contained Hazardous

16  Substances that Defendant Standard Precision Inc. generated and/or arranged for its

17  disposal at the BKK Class I Facility. To date, Defendant Standard Precision Inc.

18  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

19  of costs incurred by the Plaintiffs at the BKK Class I Facility.

20      261.  According to historical BKK Corp. records, Defendant Stang

21  Hydronics Inc., and its successors and/or predecessors, contributed manifested

22  waste to the BKK Class I Facility.  This manifested waste contained Hazardous

23  Substances that Defendant Stang Hydronics Inc. generated and/or arranged for its

24  disposal at the BKK Class I Facility. To date, Defendant Stang Hydronics Inc. has

25  not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

26  costs incurred by the Plaintiffs at the BKK Class I Facility.

27      262.  According to historical BKK Corp. records, Defendant Statewide

28  Environmental Services, and its successors and/or predecessors, contributed

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

91

1   manifested waste to the BKK Class I Facility.  This manifested waste contained

2   Hazardous Substances that Defendant Statewide Environmental Services generated

3   and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

4   Statewide Environmental Services has not incurred any costs at the BKK Class I

5   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

6   Class I Facility.

7       263.   According to historical BKK Corp. records, Defendant Stephen C.

8   Groat Development, and its successors and/or predecessors, contributed manifested

9   waste to the BKK Class I Facility.  This manifested waste contained Hazardous

10  Substances that Defendant Stephen C. Groat Development generated and/or

11  arranged for its disposal at the BKK Class I Facility. To date, Defendant Stephen C.

12  Groat Development has not incurred any costs at the BKK Class I Facility nor has it

13  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

14      264.   According to historical BKK Corp. records, Defendant Textile Rubber

15  & Chemical Co., and its successors and/or predecessors, contributed manifested

16  waste to the BKK Class I Facility.  This manifested waste contained Hazardous

17  Substances that Defendant Textile Rubber & Chemical Co. generated and/or

18  arranged for its disposal at the BKK Class I Facility. To date, Defendant Textile

19  Rubber & Chemical Co. has not incurred any costs at the BKK Class I Facility nor

20  has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

21  Facility.

22      265.   According to historical BKK Corp. records, Defendant Textured

23  Coatings of America, Inc., and its successors and/or predecessors, contributed

24  manifested waste to the BKK Class I Facility.  This manifested waste contained

25  Hazardous Substances that Defendant Textured Coatings of America, Inc.

26  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

27  Defendant Textured Coatings of America, Inc. has not incurred any costs at the

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1    BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

2    at the BKK Class I Facility.

3        266.    According to historical BKK Corp. records, Defendant Timco, and its

4    successors and/or predecessors, contributed manifested waste to the BKK Class I

5    Facility.  This manifested waste contained Hazardous Substances that Defendant

6    Timco generated and/or arranged for its disposal at the BKK Class I Facility. To

7    date, Defendant Timco has not incurred any costs at the BKK Class I Facility nor

8    has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

9    Facility.

10       267.    According to historical BKK Corp. records, Defendant TiTech

11   International, Inc., and its successors and/or predecessors, contributed manifested

12   waste to the BKK Class I Facility.  This manifested waste contained Hazardous

13   Substances that Defendant TiTech International, Inc. generated and/or arranged for

14   its disposal at the BKK Class I Facility. To date, Defendant TiTech International,

15   Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

16   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

17       268.    According to historical BKK Corp. records, Defendant TMC

18   Properties LLC, and its successors and/or predecessors, contributed manifested

19   waste to the BKK Class I Facility.  This manifested waste contained Hazardous

20   Substances that Defendant TMC Properties LLC generated and/or arranged for its

21   disposal at the BKK Class I Facility. To date, Defendant TMC Properties LLC has

22   not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

23   costs incurred by the Plaintiffs at the BKK Class I Facility.

24       269.    According to historical BKK Corp. records, Defendant Torrance

25   Business Park, and its successors and/or predecessors, contributed manifested waste

26   to the BKK Class I Facility.  This manifested waste contained Hazardous

27   Substances that Defendant Torrance Business Park generated and/or arranged for its

28   disposal at the BKK Class I Facility. To date, Defendant Torrance Business Park

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

93

1    has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

2    of costs incurred by the Plaintiffs at the BKK Class I Facility.

3    270.    According to historical BKK Corp. records, Defendant Trans Harbor

4    Service, Inc., and its successors and/or predecessors, contributed manifested waste

5    to the BKK Class I Facility.  This manifested waste contained Hazardous

6    Substances that Defendant Trans Harbor Service, Inc. generated and/or arranged for

7    its disposal at the BKK Class I Facility. To date, Defendant Trans Harbor Service,

8    Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

9    share of costs incurred by the Plaintiffs at the BKK Class I Facility.

10    271.    According to historical BKK Corp. records, Defendant Trewax

11    Company, and its successors and/or predecessors, contributed manifested waste to

12    the BKK Class I Facility.  This manifested waste contained Hazardous Substances

13    that Defendant Trewax Company generated and/or arranged for its disposal at the

14    BKK Class I Facility. To date, Defendant Trewax Company has not incurred any

15    costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

16    the Plaintiffs at the BKK Class I Facility.

17    272.    According to historical BKK Corp. records, Defendant Tri-County

18    Insulation Co. Inc., and its successors and/or predecessors, contributed manifested

19    waste to the BKK Class I Facility.  This manifested waste contained Hazardous

20    Substances that Defendant Tri-County Insulation Co. Inc. generated and/or

21    arranged for its disposal at the BKK Class I Facility. To date, Defendant Tri-

22    County Insulation Co. Inc. has not incurred any costs at the BKK Class I Facility

23    nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

24    Facility.

25    273.    Upon information and belief, Defendant JMR Electronics, Inc.,

26    Successor-in-Interest to Trimm Industries is the successor to Defendant Trimm

27    Industries and/or otherwise liable for manifested waste that was contributed to the

28    BKK Class I Facility by Defendant Trimm Industries.  According to historical BKK

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

94

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1   Corp. records, Defendant Trimm Industries contributed manifested waste to the

2   BKK Class I Facility.  This manifested waste contained Hazardous Substances that

3   Defendant Trimm Industries generated and/or arranged for its disposal at the BKK

4   Class I Facility.  To date, Defendant JMR Electronics, Inc., Successor-in-Interest to

5   Trimm Industries has not incurred any costs at the BKK Class I Facility nor has it

6   paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

7       274.   According to historical BKK Corp. records, Defendant Universal

8   Circuits Inc., and its successors and/or predecessors, contributed manifested waste

9   to the BKK Class I Facility.  This manifested waste contained Hazardous

10  Substances that Defendant Universal Circuits Inc. generated and/or arranged for its

11  disposal at the BKK Class I Facility. To date, Defendant Universal Circuits Inc. has

12  not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

13  costs incurred by the Plaintiffs at the BKK Class I Facility.

14      275.   According to historical BKK Corp. records, Defendant Valley Friction

15  Materials, and its successors and/or predecessors, contributed manifested waste to

16  the BKK Class I Facility.  This manifested waste contained Hazardous Substances

17  that Defendant Valley Friction Materials generated and/or arranged for its disposal

18  at the BKK Class I Facility. To date, Defendant Valley Friction Materials has not

19  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

20  incurred by the Plaintiffs at the BKK Class I Facility.

21      276.   According to historical BKK Corp. records, Defendant Van Der Horst

22  Corporation of America, and its successors and/or predecessors, contributed

23  manifested waste to the BKK Class I Facility.  This manifested waste contained

24  Hazardous Substances that Defendant Van Der Horst Corporation of America

25  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

26  Defendant Van Der Horst Corporation of America has not incurred any costs at the

27  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

28  at the BKK Class I Facility.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

95                                          TENTH AMENDED COMPLAINT
                                            2:18-CV-5810-MWF-PLA

277.   According to historical BKK Corp. records, Defendant Vernon Leather Co. Inc., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Vernon Leather Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Vernon Leather Co. Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

278.   According to historical BKK Corp. records, Defendant Sohio Chemical Co., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Sohio Chemical Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sohio Chemical Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

279.   Upon information and belief, Defendant Ineos US Chemicals Co. is the successor to Defendant Sohio Chemical Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Defendant Sohio Chemical Co. According to historical BKK Corp. records, Defendant Sohio Chemical Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Sohio Chemical Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Ineos US Chemicals Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

280.   According to historical BKK Corp. records, Defendant W.D.C. Liquidating, Inc., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant W.D.C. Liquidating, Inc. generated and/or arranged for

1   its disposal at the BKK Class I Facility. To date, Defendant W.D.C. Liquidating,

2   Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

3   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

4       281.   According to historical BKK Corp. records, Defendant Wescal

5   Industries, and its successors and/or predecessors, contributed manifested waste to

6   the BKK Class I Facility.  This manifested waste contained Hazardous Substances

7   that Defendant Wescal Industries generated and/or arranged for its disposal at the

8   BKK Class I Facility. To date, Defendant Wescal Industries has not incurred any

9   costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

10  the Plaintiffs at the BKK Class I Facility.

11      282.   According to historical BKK Corp. records, Defendant Western

12  Galvanizing Co., Inc., and its successors and/or predecessors, contributed

13  manifested waste to the BKK Class I Facility.  This manifested waste contained

14  Hazardous Substances that Defendant Western Galvanizing Co., Inc. generated

15  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

16  Western Galvanizing Co., Inc. has not incurred any costs at the BKK Class I

17  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

18  Class I Facility.

19      283.   Upon information and belief, Defendant West Aspen, Inc. is the

20  successor to Defendant Western Galvanizing Co., Inc. and/or otherwise liable for

21  manifested waste that was contributed to the BKK Class I Facility by Defendant

22  Western Galvanizing Co., Inc.  According to historical BKK Corp. records,

23  Defendant Western Galvanizing Co., Inc. contributed manifested waste to the BKK

24  Class I Facility.  This manifested waste contained Hazardous Substances that

25  Defendant Western Galvanizing Co., Inc. generated and/or arranged for its disposal

26  at the BKK Class I Facility.  To date, Defendant West Aspen, Inc. has not incurred

27  any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

28  by the Plaintiffs at the BKK Class I Facility.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

97

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

284.   According to historical BKK Corp. records, Defendant Western Rebuilder Inc., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Western Rebuilder Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Western Rebuilder Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

285.   According to historical BKK Corp. records, Defendant Western Wheel Manufacturing Co., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Western Wheel Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Western Wheel Manufacturing Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

286.   According to historical BKK Corp. records, Defendant Xidex Corporation, and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Xidex Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Xidex Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

287.   According to historical BKK Corp. records, Defendant Zero Corp., and its successors and/or predecessors, contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Zero Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Zero Corp. has not incurred any costs at the BKK Class I

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
2  Class I Facility.

3      288.   According to historical BKK Corp. records, Defendant Crown City
4  Plating Co., and its successors and/or predecessors, contributed manifested waste to
5  the BKK Class I Facility.  This manifested waste contained Hazardous Substances
6  that Defendant Crown City Plating Co. generated and/or arranged for its disposal at
7  the BKK Class I Facility. To date, Defendant Crown City Plating Co. has not
8  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs
9  incurred by the Plaintiffs at the BKK Class I Facility.

10      289.   According to historical BKK Corp. records, Defendant Keysor
11  Century Corp., and its successors and/or predecessors, contributed manifested
12  waste to the BKK Class I Facility.  This manifested waste contained Hazardous
13  Substances that Defendant Keysor Century Corp. generated and/or arranged for its
14  disposal at the BKK Class I Facility. To date, Defendant Keysor Century Corp. has
15  not incurred any costs at the BKK Class I Facility nor has it paid its fair share of
16  costs incurred by the Plaintiffs at the BKK Class I Facility.

17      290.   According to historical BKK Corp. records, Defendant Nuway Linen,
18  and its successors and/or predecessors, contributed manifested waste to the BKK
19  Class I Facility.  This manifested waste contained Hazardous Substances that
20  Defendant Nuway Linen generated and/or arranged for its disposal at the BKK
21  Class I Facility. To date, Defendant Nuway Linen has not incurred any costs at the
22  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs
23  at the BKK Class I Facility.

24      291.   According to historical BKK Corp. records, Santoshi Corp. D/B/A
25  Alum-A-Coat Anodizing, and its successors and/or predecessors, contributed
26  manifested waste to the BKK Class I Facility.  This manifested waste contained
27  Hazardous Substances that Defendant Santoshi Corp. D/B/A Alum-A-Coat
28  Anodizing generated and/or arranged for its disposal at the BKK Class I Facility.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

99

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1   To date, Defendant Santoshi Corp. D/B/A Alum-A-Coat Anodizing has not

2   incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

3   incurred by the Plaintiffs at the BKK Class I Facility.

4       292.   According to historical BKK Corp. records, Kaiser Steel Corp., and its

5   successors and/or predecessors, contributed manifested waste to the BKK Class I

6   Facility.  This manifested waste contained Hazardous Substances that Defendant

7   Kaiser Steel Corp. generated and/or arranged for its disposal at the BKK Class I

8   Facility. To date, Defendant Kaiser Steel Corp. has not incurred any costs at the

9   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

10  at the BKK Class I Facility.

11      293.   According to historical BKK Corp. records, Myers Drum Co., and its

12  successors and/or predecessors, contributed manifested waste to the BKK Class I

13  Facility.  This manifested waste contained Hazardous Substances that Defendant

14  Myers Drum Co. generated and/or arranged for its disposal at the BKK Class I

15  Facility. To date, Defendant Myers Drum Co. has not incurred any costs at the

16  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

17  at the BKK Class I Facility.

18      294.   Upon information and belief, Defendant KSC Recovery, Inc. is the

19  successor to Defendant Kaiser Steel Corp. and/or Defendant Myers Drum Co.

20  and/or otherwise liable for manifested waste that was contributed to the BKK Class

21  I Facility by Defendant Kaiser Steel Corp. and/or Defendant Myers Drum Co.

22  According to historical BKK Corp. records, Defendant Kaiser Steel Corp. and

23  Defendant Myers Drum Co., Inc. contributed manifested waste to the BKK Class I

24  Facility.  This manifested waste contained Hazardous Substances that Defendant

25  Kaiser Steel Corp. and Defendant Myers Drum Co. generated and/or arranged for

26  its disposal at the BKK Class I Facility.  To date, Defendant KSC Recovery, Inc.

27  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

28  of costs incurred by the Plaintiffs at the BKK Class I Facility.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

100                    TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1

2      295.   Each Defendant has declined or not responded to Plaintiffs' request(s)

3   to enter into, or has otherwise not entered into, a tolling agreement to facilitate

4   settlement discussions.  A number of other PRPs at the BKK Class I Facility have

5   entered into tolling agreements with the Plaintiffs, and Plaintiffs will attempt to

6   resolve the liabilities of those PRPs without litigation.

7      296.   On information and belief, each Defendant, including any of its

8   assignees, predecessors, successors in interest, or alter egos, is a "person" who

9   either (a) by contract, agreement, or otherwise, arranged for disposal or treatment,

10  or (b) arranged with a transporter for disposal or treatment, of Hazardous

11  Substances at the BKK Class I Facility.

12     297.   On information and belief, between approximately 1969 and 1987,

13  Does 1-10 disposed or arranged for the disposal of Hazardous Substances at the

14  BKK Class I Facility but have not incurred any costs, nor have they paid their fair

15  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

16              **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

17     298.   At all times relevant to this action, the BKK Class I Facility was

18  operated by BKK Corporation ("BKK Corp.") and/or other third parties and was

19  also owned by BKK Corp. from approximately 1973 through the present.

20     299.   Beginning in at least 1969 and continuing to approximately 1984, the

21  BKK Class I Facility accepted manifested waste, which included Hazardous

22  Substances, for disposal. After 1984, the BKK Class I Facility continued accepting

23  municipal waste, including asbestos.

24     300.   The BKK Class I Facility ceased accepting waste in 1987, at which

25  time BKK Corp. began to undertake landfill closure and post-closure activities.

26     301.   By letters dated October 18 and October 20, 2004, "BKK [Corp.]

27  notified DTSC that for financial reasons, BKK [Corp.] would no longer be able to

28  perform required post-closure care of the [BKK Class I Facility], including

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

101

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1   operation of the LTP, after November 17, 2004.  As a result, DTSC . . . hired a

2   contractor to conduct emergency response activities at the [BKK Class I Facility]."

3   Imminent and Substantial Endangerment Determination and Order and Remedial

4   Action Order Docket No. I/SE-D 04/05-004 ("ISE Order"), 14.

5        302.  On December 2, 2004, DTSC issued the ISE Order to BKK Corp. and

6   50 other respondents who were alleged to have "arranged by contract, agreement or

7   otherwise for the disposal of [their] disposed hazardous substances/wastes" at the

8   BKK Class I Facility, or who were alleged to be an "owner and operator" of the

9   BKK Class I Facility.  A true and correct copy of the ISE Order is attached hereto

10  as **Exhibit B**.

11       303.  In the ISE Order, DTSC asserts that "[t]here has been a 'release'

12  and/or there is a 'threatened release' of hazardous substances" at the BKK Class I

13  Facility.

14       304.  The ISE Order required the recipients of the order to perform certain

15  specified environmental response actions and to reimburse DTSC for the response

16  actions it had taken at the BKK Class I Facility.

17       305.  In 2004, certain recipients of the ISE Order formed the BKK Working

18  Group for the purpose of cooperating with DTSC to address conditions at the BKK

19  Class I Facility.  Immediately thereafter, the BKK Working Group and DTSC

20  commenced negotiations to seek a settlement to address conditions at the BKK

21  Class I Facility.  Prior to finalizing this settlement, the BKK Working Group and

22  each of its then-members incurred necessary response costs at the BKK Class I

23  Facility that are consistent with the NCP.

24       306.  The composition of the BKK Working Group has changed over time

25  and continues to change.  New members pay an interim allocated share of past and

26  ongoing costs.  Each Plaintiff, as a member of the BKK Working Group, has

27  incurred necessary response costs consistent with the NCP.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

307.    On October 31, 2005, the State of California, through its agency DTSC, filed a Complaint against certain members of the BKK Working Group in case number CV 05-7746 CAS (JWJx) (C.D. Cal. 2005) (hereinafter "Initial Site Action").  In the Initial Site Action Complaint, the State of California sought recovery of past response costs pursuant to Section 107 of CERCLA; declaratory relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to CAL. HEALTH & SAFETY CODE § 25358.3(e) from certain members of the BKK Working Group relating to the BKK Class I Facility.  The Initial Site Action Complaint was filed concurrently with the lodging of a consent decree between certain members of the BKK Working Group and DTSC that addressed conditions at the BKK Class I Facility.

308.    On February 8, 2006, the State of California, through its agency DTSC, lodged an Amended Consent Decree ("First Consent Decree") in the Initial Site Action.  The First Consent Decree, attached hereto as **Exhibit C**, was entered on March 9, 2006.

309.    Among other things, the First Consent Decree obligated certain members of the BKK Working Group to perform environmental response actions at the BKK Class I Facility, to reimburse DTSC for certain of its past response costs, and to pay DTSC for its continuing oversight of the environmental response work at the BKK Class I Facility.  The response actions have included investigation activities.

310.    The First Consent Decree also "resolves the liability of [the members of the BKK Working Group] for Past Response Costs . . . " and provides members of the BKK Working Group with "protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for matters addressed in [the First Consent Decree].  The matters addressed in [the First Consent Decree] are (a) the Work to be Performed by [the BKK Working Group] . . . (b) Past Response Costs; (c) Future Interim Response Costs; (d) Future DTSC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

103

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1   Oversight Costs; (e) interest on amounts referred to in (b), (c), and (d) above, and

2   (f) compliance with the ISE Order from its effective date through the date on which

3   it is dismissed as provided in [the First Consent Decree]."  First Consent Decree at

4   ¶ 8.1.

5       311.   Upon entry of the First Consent Decree, the BKK Working Group

6   began performing environmental response work, including site investigation, at the

7   BKK Class I Facility under the oversight of DTSC.  All work performed under the

8   First Consent Decree is deemed to be, and was, necessary and performed in

9   accordance with the NCP.

10      312.   On May 5, 2010, the State of California, through its agency DTSC,

11  filed a second complaint against certain members of the BKK Working Group in

12  case number CV 10-3378 RGK (AJWx) (C.D. Cal. 2010) (hereinafter "Second Site

13  Action").  Like the Initial Site Action Complaint, the Second Site Action Complaint

14  sought recovery of past response costs, including investigation costs, pursuant to

15  Section 107 of CERCLA; declaratory relief pursuant to Section 113 of CERCLA;

16  and injunctive relief pursuant to Cal. Health & Safety Code § 25358.3(e) from

17  certain members of the BKK Working Group relating to the BKK Class I Facility.

18      313.   At that same time, the State of California, through its agency DTSC,

19  lodged a Second Consent Decree ("Second Consent Decree") with the Court,

20  obligating the BKK Working Group to perform additional response actions,

21  including investigation activities, at the BKK Class I Facility, to reimburse DTSC

22  for certain of its past response costs, including investigation costs, and to pay future

23  oversight costs to DTSC on an ongoing basis.  The Second Consent Decree,

24  attached hereto as **Exhibit D**, was entered on August 10, 2010.

25      314.   Among other things, the Second Consent Decree obligates certain

26  members of the BKK Working Group to perform environmental response actions,

27  including investigation activities, at the BKK Class I Facility, to reimburse DTSC

28  for certain of its response costs, including investigation costs, to pay DTSC for its

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

104

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

continuing oversight of the environmental response work at the BKK Class I Facility, and to conduct an Engineering Evaluation/Cost Analysis ("EE/CA") of the BKK Class I Facility. Second Consent Decree at ¶ 4.1.2 and Ex. D (EE/CA Statement of Work). The EE/CA is to propose a non-time critical removal action that contributes to the efficient performance of any long-term remedial action for the BKK Class I Facility. It is anticipated that a remedial investigation/feasibility study and remedial actions will be conducted at the BKK Class I Facility at the conclusion of the EE/CA. It is anticipated that DTSC will select further appropriate response actions to be performed at the BKK Class Facility based on the EE/CA.

315. Among other things, the Second Consent Decree provides certain members of the BKK Working Group with "protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for matters addressed in the Second Consent Decree. The matters addressed in the Second Consent Decree are (a) the Work to be Performed by [the BKK Working Group] . . . (b) Past Response Costs . . .; and (c) Future DTSC Oversight Costs . . . ." Second Consent Decree at ¶ 8.1.

316. From August 10, 2010 until the present, the BKK Working Group performed and continues to perform environmental response work, including site investigation, at the BKK Class I Facility under the Second Consent Decree. All work performed under the Second Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

317. On February 2, 2015, the State of California, through its agency DTSC, filed a third complaint against certain members of the BKK Working Group in case number CV 15-729 DDP (AJWx) (C.D. Cal. 2015) (hereinafter "Third Site Action"). Like the Initial and Second Site Action Complaints, the Third Site Action Complaint sought recovery of past response costs pursuant to Section 107 of CERCLA; declaratory relief pursuant to Section 113 of CERCLA; and injunctive

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

105

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1  relief pursuant to Cal. Health & Safety Code § 25358.3(e) from certain members of

2  the BKK Working Group relating to the BKK Class I Facility.

3      318.  At that same time, the State of California, through its agency DTSC,

4  lodged a Third Partial Consent Decree ("Third Partial Consent Decree") with the

5  Court, obligating certain members of the BKK Working Group to perform

6  additional response actions, including investigation activities, at the BKK Class I

7  Facility, to reimburse DTSC for certain of its past response costs, including site

8  investigation activities, and to pay future oversight costs to DTSC on an ongoing

9  basis.  The Third Partial Consent Decree, attached hereto as **Exhibit E**, was entered

10  on July 24, 2015.

11      319.  Among other things, the Third Partial Consent Decree obligates certain

12  members of the BKK Working Group to perform environmental response actions,

13  including investigation activities, at the BKK Class I Facility, to reimburse DTSC

14  for certain of its response costs, including site investigation costs, to pay DTSC for

15  its continuing oversight of the environmental response work at the BKK Class I

16  Facility, and to conduct a Remedial Investigation/Feasibility Study ("RI/FS") for

17  the groundwater beneath and around the BKK Class I Facility.  Third Partial

18  Consent Decree at ¶ 4.1.3 and Exhibit D to the Third Partial Consent Decree (RI/FS

19  Statement of Work).  The area of groundwater investigation pursuant to the RI/FS

20  includes the Class I Landfill and Class I Landfill operation areas, including but not

21  limited to, "Trash Island" located on the north side of the landfill; the leachate

22  treatment plant (LTP); Barrier 1; the upper detention basin below the LTP; liquid

23  piping and other liquid collection and conveyance systems associated with the

24  Class I Landfill; the fueling station and truck wash; and wherever hazardous

25  substances from such areas have or may come to be located.  It is anticipated that

26  DTSC will select further appropriate response actions to be performed at and

27  around the BKK Class I Facility based on the RI/FS.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

106

1    320.   Among other things, the Third Partial Consent Decree provides certain

2    members of the BKK Working Group with "protection from contribution actions or

3    claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for

4    matters addressed in the Third Partial Consent Decree.  The matters addressed in

5    the Third Partial Consent Decree are (a) the Work to be Performed by [members of

6    the BKK Working Group] . . . (b) Past Response Costs . . .; and (c) Future DTSC

7    Oversight Costs . . .." Third Partial Consent Decree at ¶ 8.1.

8    321.   As reflected in the BKK document archive maintained by DTSC,

9    members of the BKK Working Group also entered into additional interim

10   settlement agreements with DTSC to reimburse the State for its past response costs

11   incurred consistent with the NCP at the BKK Class I Landfill.

12   322.   On July 29, 2016, the State of California, through its agency DTSC,

13   filed an amended third complaint, which joined as defendants five additional

14   members of the BKK Working Group.

15   323.   At that same time, the State of California, through its agency DTSC,

16   lodged a First Amended Third Partial Consent Decree ("Amended Third Partial

17   Consent Decree"), which added the five new defendants as additional Settling

18   Defendants.   The Amended Third Partial Consent Decree, attached hereto as

19   **Exhibit F**, was approved by the Court on October 18, 2016.

20   324.   Among other things, the Amended Third Partial Consent Decree, like

21   the Third Partial Consent Decree, obligates certain members of the BKK Working

22   Group to perform environmental response actions at the BKK Class I Facility, to

23   reimburse DTSC for certain of its response costs, to pay DTSC for its continuing

24   oversight of the environmental response work at the BKK Class I Facility, and to

25   conduct a Remedial Investigation/Feasibility Study ("RI/FS") for the groundwater

26   beneath and around the BKK Class I Facility.  Amended Third Partial Consent

27   Decree at ¶ 4.1.3.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

325.    From July 24, 2015 until the present, the BKK Working Group performed and continues to perform environmental response work, including site investigation, at the BKK Class I Facility under the Amended Third Partial Consent Decree.  All work performed under the Amended Third Partial Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

326.    The response costs, including site investigation costs, incurred by the Plaintiffs are necessary to address the release and/or threatened release at the BKK Class I Facility and are required by DTSC in the First, Second, Third Partial, and Amended Third Partial Consent Decrees.  Plaintiffs will continue to incur response costs, including site investigation expenses, to conduct response actions at the BKK Class I Facility as required by DTSC.

327.    Plaintiffs have incurred, and continue to incur, necessary response costs, including consulting and attorney fees, consistent with the NCP at the BKK Class I Facility associated with efforts to identify potentially responsible parties ("PRPs"), including Defendants, that arranged for the disposal, or arranged with third-party transporters for the disposal, of Hazardous Substances at the BKK Class I Facility.  Such efforts include working with DTSC to recover handwritten manifests and other waste records from the BKK Corp. warehouse and other locations, information contained on the computer system utilized by BKK Corp. at the BKK Class I Facility and reviewing information available through the State of California regarding manifested and other waste disposed at the BKK Class I Facility.  This investigation for the purpose of identification of additional PRPs is ongoing.

328.    The environmental conditions at the BKK Class I Facility, and the attendant costs that have been and are continuing to be incurred by Plaintiffs are the direct result of Defendants having arranged to dispose Hazardous Substances at the BKK Class I Facility.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

108

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1    329.   In 2020, DTSC estimated that necessary response actions to fully

2    remediate the BKK Class I Facility would cost $869,286,436.

3    330.   Plaintiffs have incurred or are committed to incur not less than

4    approximately $250 million in costs associated with the BKK Class I Facility.

5    331.   To date, Defendants have failed to participate in or contribute to any

6    work or costs at the BKK Class I Facility.

7                              **FIRST CLAIM FOR RELIEF**

8                **Contribution, CERCLA § 113(f) (42 U.S.C. § 9613(f))**

9                *(Asserted Against Defendants as Identified in Exhibit G)*

10    332.   Paragraphs 1-331 are incorporated by reference.

11    333.   Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), provides in

12    pertinent part:

13           Any person may seek contribution from any other person
             who is liable or potentially liable under section 9607(a) of
14           this title, during or following any civil action under section
             9606 of this title or under section 9607 of this title.  Such
15           claims shall be brought in accordance with this section and
             the Federal Rules of Civil Procedure, and shall be governed
16           by Federal law.  In resolving contribution claims, the court
             may allocate response costs among liable parties using
17           such equitable factors as the court determines are
             appropriate.
18

19    334.   Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B), provides

20    in pertinent part:

21           A person who has resolved its liability to the United States
             or a State for some or all of a response action or for some
22           or all of the costs of such action in an administrative or
             judicially approved settlement may seek contribution from
23           any person who is not party to a settlement referred to in
             paragraph (2) [*i.e.*, "[a] person who has resolved its liability
24           to the United States or a State in an administrative or
             judicially approved settlement"].
25

26    335.   Plaintiffs that are individual members of the BKK Working Group,

27    have been subject to three separate civil actions under CERCLA § 9607:  the Initial

28    Site Action, the Second Site Action, and the Third Site Action.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TENTH AMENDED COMPLAINT
                                                      2:18-CV-5810-MWF-PLA

336.   The First, Second and Third Partial and Amended Third Partial Consent Decrees are judicially-approved settlements that resolve liability of the member Plaintiffs to the State of California for response actions taken at the BKK Class I Facility, and for costs of such response actions.

337.   The interim settlement agreements entered into between DTSC and certain members of the BKK Working Group were administratively approved and resolved liability of those Plaintiffs to the State of California for response actions taken at the BKK Class I Facility, and for costs of such response actions.

338.   Defendants are "person[s] who [are] liable or potentially liable under section 9607(a)."

339.   Defendants have not resolved their liability to the United States or to the State of California in an administrative or judicially approved settlement for response costs arising from the BKK Class I Facility.

340.   Plaintiffs are entitled to contribution from Defendants under CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), and CERCLA § 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B), of an equitable share of all response costs incurred to date as the result of a release or threatened release (within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22)) of Hazardous Substances at and from the BKK Class I Facility.

341.   While Defendants are liable for necessary response costs, including site investigation expenses, incurred by Plaintiffs in compliance with the NCP, Defendants have not contributed an equitable share of those costs.

342.   Defendants are liable for contribution to reimburse Plaintiffs for their respective equitable shares of all costs and liability incurred by Plaintiffs as a result of the release or any threatened release of Hazardous Substances at and from the BKK Class I Facility.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

110

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

343.    Plaintiffs previously notified the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency about this Action pursuant to Section 113(l) of CERCLA, 42 U.S.C. § 9613(l).

## SECOND CLAIM FOR RELIEF

### Cost Recovery, CERCLA § 107(a) (42 U.S.C. § 9607(a))

### *(Asserted Against All Defendants)*

344.    Paragraphs 1-343 are incorporated by reference.

345.    Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

>    (a)    Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section –

> * * * *

>        (3)    any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment of hazardous substances owned or possessed by such person . . . shall be liable for –

> * * * *

>            (B)    any other necessary costs of response incurred by any other person consistent with the national contingency plan . . . .

346.    Plaintiffs are each a "person" within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

347.    Defendants are "persons" within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

348.    The BKK Class I Facility is a "facility" within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

111                    TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

349.   Defendants arranged for disposal or treatment, or arranged with third-party transporters for the disposal or treatment, of hazardous substances owned or possessed by Defendants at the BKK Class I Facility.

350.   Hazardous Substances at the BKK Class I Facility have been released and/or pose a threat of release within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22).

351.   Separate from costs incurred by Plaintiffs pursuant to the First, Second and Third Partial and Amended Third Partial Consent Decrees in resolution of Plaintiffs' CERCLA liability to the State of California, Plaintiffs also voluntarily have incurred certain additional response costs as result of a release or threatened release of Hazardous Substances at and from the BKK Class I Facility.

352.   Such costs include, but are not limited to, the costs of response for installation of certain new equipment at the site, costs of response for the replacement of certain aging equipment at the site necessary to facilitate further cleanup actions, and costs of further site investigations, all of which have been incurred and will continue to be incurred pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a) and are consistent with the NCP.

353.   Defendants are liable jointly and severally to Plaintiffs pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), for all such necessary response costs, including but not limited to, reasonable attorneys' fees and prejudgment interest, incurred as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.  Such response costs have been incurred and will continue to be incurred consistent with the NCP.

### THIRD CLAIM FOR RELIEF

**CERCLA Subrogation, CERCLA § 112(c)(2) (42 U.S.C. § 9612(c))**

*(Asserted Against All Defendants)*

354.   Paragraphs 1-353 are incorporated herein by reference.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

112

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

355.   CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), provides in pertinent part:

> Any person…who pays compensation pursuant to this chapter to any claimant for damages or costs resulting from a release of a hazardous substance shall be subrogated to all rights, claims, and causes of action for such damages and costs of removal that the claimant has under this chapter or any other law.

356.   Plaintiff Stauffer Management Company LLC has paid the response costs incurred by Bayer CropScience, Inc. relating to the BKK Class I Facility. Plaintiffs Bayer CropScience, Inc. and Stauffer Management Company LLC presented a written claim to Defendants prior to the initiation of this litigation for reimbursement of their fair share of Bayer CropScience Inc.'s past and future response costs incurred at the BKK Class I facility, which Defendants failed to satisfy.  Accordingly, pursuant to CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), Stauffer Management Company LLC has paid compensation pursuant to CERCLA to a claimant, Bayer CropScience, Inc., resulting from a release of a hazardous substance, and is therefore subrogated to all rights, claims, and causes of action for such damages and costs of removal that BKK Working Group member Bayer CropScience, Inc. has under this chapter or any other law and seeks Defendants' fair share of costs incurred by Stauffer Management Company LLC through its payments made to satisfy Bayer CropScience's obligations.

357.   Plaintiff Stauffer Management Company LLC, which has received some reimbursement payments from Syngenta Crop Protection, LLC for costs Stauffer Management Company LLC incurred paying Bayer CropScience Inc.'s obligations for response costs relating to the BKK Class I Facility, has been assigned Syngenta Crop Protection, LLC's rights to subrogation for such payments. Syngenta Crop Protection, LLC's payments were made to Stauffer Management Company LLC, which is a claimant within the meaning of CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), for costs resulting from a release of hazardous substances.

Therefore, Stauffer Management Company LLC, through assignment of Syngenta Crop Protection, LLC's rights, is entitled to recover from Defendants their fair share of those costs incurred by Syngenta Crop Protection, LLC in partially reimbursing Stauffer Management Company LLC for the response costs Stauffer Management Company LLC paid to satisfy the response cost obligations incurred by Bayer CropScience Inc. relating to the BKK Class I Facility.

358.    Response costs incurred by Plaintiffs that are individual members of the BKK Working Group may have been paid by or reimbursed by a separate entity. Therefore, Plaintiffs presented a written claim to Defendants prior to the initiation of this litigation for reimbursement of their fair share of Plaintiffs' past and future response costs incurred at the BKK Class I facility, which Defendants failed to satisfy. Thus, making them a claimant within the meaning of Section 112(c).

# **FOURTH CLAIM FOR RELIEF**

## **Declaratory Relief, CERCLA § 113(g)(2) (42 U.S.C. § 9613(g)(2))**

### *(Asserted Against All Defendants)*

359.    Paragraphs 1-358 are incorporated herein by reference.

360.    CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), provides in pertinent part:

> In any action described in this subsection the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages.

361.    Defendants are jointly and severally liable to Plaintiffs for the reimbursement of necessary response costs, including site investigation expenses, incurred by Plaintiffs consistent with the NCP under CERCLA § 107(a), 42 U.S.C. § 9607(a). Defendants are also severally liable to Plaintiffs under CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), and CERCLA § 113(f)(3)(B), 42 U.S.C. §

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

114

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

9613(f)(3)(B) for an equitable share of Plaintiffs' response costs incurred pursuant
to the First, Second, Third Partial and/or Amended Third Partial Consent Decrees,
and any future consent decrees, as a result of the release or threatened release of
Hazardous Substances at and from the BKK Class I Facility.  Plaintiffs are
therefore entitled to a declaratory judgment pursuant to CERCLA § 113(g)(2), 42
U.S.C. § 9613(g)(2) and *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1191 (9th
Cir. 2000), binding as to any subsequent action or actions by Plaintiffs, declaring
that Defendants are jointly and severally liable to Plaintiffs for reimbursement of
their necessary response costs incurred consistent with the NCP under CERCLA
§ 107(a), 42 U.S.C. § 9607(a), and are also severally liable for an equitable share of
Plaintiffs' future responses costs incurred pursuant to the First, Second, Third
Partial and/or Amended Third Partial Consent Decrees, and any future consent
decrees, to address the release or threatened release of Hazardous Substances at and
from the BKK Class I Facility.

## FIFTH CLAIM FOR RELIEF

### Contribution, Hazardous Substance Account Act, California Health and Safety Code section 78000 et seq.

### *(Asserted Against All Defendants)*

362.    Paragraphs 1-361 are incorporated herein by reference.

363.    Plaintiffs bring their claim for contribution against all Defendants,
except the following: the City of Riverside; the City of San Diego; Burbank Unified
School District; Fresno Unified School District; Glendale Unified School District;
Irvine Ranch Water District; and the South Coast County Water District.

364.    The Carpenter-Presley-Tanner Hazardous Substance Account Act
("HSAA"), California Health and Safety Code section 78000 et seq., provides a
statutory right of contribution for those parties who clean up contaminated sites
from those parties who are responsible for the contamination.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

115

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1    365.   Section 79670(a) of the HSAA provides that "A person who has

2    incurred response or corrective action costs in accordance with this chapter,

3    Chapter 6.5 (commencing with Section 25100 [sic]) or [CERCLA] may seek

4    contribution or indemnity from any person who is liable pursuant to this chapter."

5    366.   A "liable person" is defined in section 78145(a)(1) of the HSAA as

6    "those persons described in section 107(a) of [CERCLA] (42 U.S.C. Section

7    9607(a))."

8    367.   Section 107(a) of CERCLA describes, among others, "any person

9    who… arranged for disposal or treatment" of Hazardous Substances "owned or

10   possessed by such person," or "any person who accepts or accepted any" Hazardous

11   Substances "for transport to disposal or treatment facilities."

12   368.   Defendants are each a "person" within the meaning of section 78085

13   and 78145(a)(1) of the Health and Safety Code.

14   369.   There have been releases or threatened releases from the BKK Class I

15   Facility.

16   370.   As a direct and proximate result of Defendants' actions that

17   contributed to releases of Hazardous Substances at the BKK Class I Facility,

18   Plaintiffs have incurred response costs, including site investigation costs, in

19   accordance with the HSAA and CERCLA.

20   371.   Plaintiffs have given the Director of the Department of Toxic

21   Substances Control notice of the commencement of this action as required by

22   Health and Safety Code section 79670(c).

23   372.   As a result, Plaintiffs are entitled to contribution or indemnity from

24   Defendants, and each of them, under section 79670 of the Health and Safety Code,

25   for all past, present and future necessary responses costs, within the applicable

26   limitations period or thereafter.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

116

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

# SIXTH CLAIM FOR RELIEF

## Common Law Subrogation

### *(Asserted Against All Defendants)*

373.    Paragraphs 1-372 are incorporated herein by reference.

374.    As a direct and proximate result of the actions of Defendants, Plaintiff Stauffer Management Company LLC has incurred and paid amounts, damages, costs, expenses and fees, and may in the future incur additional liabilities through its payments of Bayer CropScience, Inc.'s obligations for response costs relating to the BKK Class I Facility.  It is therefore subrogated to all state and federal causes of action Bayer CropScience, Inc. otherwise would have against Defendants.

375.    Through assignment, Plaintiff Stauffer Management Company LLC has the right to recoup costs incurred by Syngenta Crop Protection, LLC in reimbursing Stauffer Management Company LLC for response costs Stauffer Management Company LLC incurred paying Bayer Crop Science, Inc.'s obligations for response costs relating to the BKK Class I Facility.  Based on those reimbursement payments, and to the extent of those payments, Syngenta Crop Protection, LLC is subrogated to all state and federal causes of action Bayer CropScience, Inc. and/or Stauffer Management Company LLC otherwise would have against Defendants.

# SEVENTH CLAIM FOR RELIEF

## Declaratory Relief, CAL. CODE OF CIVIL PROCEDURE § 1060

### *(Asserted Against All Defendants)*

376.    Paragraphs 1-375 are incorporated herein by reference.

377.    Cal. Code of Civil Procedure § 1060 provides in pertinent part:

> Any person . . . who desires a declaration of his or her rights or duties with respect to another, or in respect to property . . . may, in a case of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court . . . for a declaration of his or her rights and duties in the premises. . . . He or she may ask for a declaration of rights or duties

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

117

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1
2

either alone or with other relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is claimed at the time.

3
4
5
6
7
8
9

378.   An actual controversy now exists between Plaintiffs and Defendants regarding Defendants' liability for any and all costs and damages incurred and to be incurred in the future by Plaintiffs arising from the BKK Class I Facility.  Plaintiffs contend that Defendants' liability in this regard is based on CERCLA § 112, and 113, the Hazardous Substances Account Act, California Health and Safety Code § 78000 et seq., and the common law theory of equitable subrogation (for the indemnitor plaintiffs).

10
11
12
13
14
15

379.   A declaratory judgment under California Code of Civil Procedure § 1060 for recovery of such costs and damages is appropriate and in the public interest because: it will prevent the need for multiple lawsuits as the Plaintiffs continue to incur future costs; it will provide a final resolution of the issues of liability for those costs; and it will insure a prompt and effective response to environmental conditions at the BKK Class I Facility.

16

## JURY TRIAL DEMANDED

17
18
19
20

380.   Plaintiffs demand trial by jury pursuant to Federal Rule of Civil Procedure 38 on all causes and issues so triable under Section 16 of Article I of the California Constitution, the Seventh Amendment to the Constitution, or as may be guaranteed by statute.

21

## PRAYER FOR RELIEF

22

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

23
24
25
26
27

1.   Recovery of all costs, cost of abatement, and damages incurred by Plaintiffs, including response costs consistent with the NCP, as a result of any release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

118

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1     2.    Contribution of an equitable share of all costs, including response costs

2 incurred by Plaintiffs consistent with the NCP, as a result of any release or

3 threatened release of Hazardous Substances at and from the BKK Class I Facility;

4     3.    A declaration binding in any subsequent action or actions brought by

5 Plaintiffs, that Defendants are jointly and severally liable for all future costs

6 Plaintiffs incur as a result of the release or threatened release of Hazardous

7 Substances at and from the BKK Class I Facility, and are severally liable for an

8 equitable share of all future response costs Plaintiffs incur pursuant to the First,

9 Second, Third Partial and/or Amended Third Partial Consent Decrees, and any

10 future consent decrees, to address the release or threatened release of Hazardous

11 Substances at and from the BKK Class I Facility;

12     4.    Indemnification for and/or contribution to all costs, damages and

13 liability, in an amount to be proved at trial, that Plaintiffs have incurred as a result

14 of the release or threatened release of Hazardous Substances at and from the BKK

15 Class I Facility;

16     5.    Retention of jurisdiction over this action by this Court after entry of

17 the requested declaratory judgment to grant further relief as may be necessary or

18 proper;

19     6.    Attorney's fees and pre-judgment interest (as response costs); and

20     7.    Such other relief as the Court may deem just and appropriate.

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

119

TENTH AMENDED COMPLAINT
2:18-CV-5810-MWF-PLA

1   Dated: December 5, 2025                    MORGAN, LEWIS & BOCKIUS LLP

2

3                                              By  /s/ *Denise G. Fellers*

4                                                  Denise G. Fellers
                                                   Collie F. James, IV
5                                                  Jeremy B. Esterkin
                                                   Attorneys for Plaintiffs
6                                                  BKK WORKING GROUP, an
                                                   unincorporated association, and its
7                                                  individual members identified
                                                   herein

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TENTH AMENDED COMPLAINT
                                               2:18-CV-5810-MWF-PLA