# EXHIBIT F

Case 2:15-cv-05810-MWF-PLA Document 342-6 Filed 12/05/25 Page 2 of 55 Page
Case 2:15-cv-00729-DDP-AJW Document 22-3 filed 07/29/16 Page 1 of 91 Page ID #:9870
ID #:10928

KAMALA D. HARRIS
Attorney General of California
SARAH E. MORRISON
Supervising Deputy Attorney General
JAMES R. POTTER, State Bar No. 166992
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 897-2637
Fax: (213) 897-2802
E-mail: james.potter@doj.ca.gov

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL AND THE CALIFORNIA TOXIC SUBSTANCES CONTROL ACCOUNT, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN HONDA MOTOR CO., INC.; AMERON INTERNATIONAL CORPORATION; ANADARKO E&P ONSHORE LLC; ASHLAND CHEMICAL COMPANY; ATLANTIC RICHFIELD COMPANY; AZUSA LAND RECLAMATION, INC.; BAKER HUGHES OILFIELD OPERATIONS, INC.; BAKER PETROLITE CORPORATION; BAYER CROPSCIENCE INC.; BIG HEART PET BRANDS; THE BOEING COMPANY; CALIFORNIA RESOURCES CORPORATION; CHEMICAL WASTE MANAGEMENT, INC.; CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY; CHEVRON MARINE LLC; CITY OF LOS ANGELES, ACTING BY AND THROUGH THE LOS ANGELES DEPARTMENT OF WATER AND POWER; CONOCOPHILLIPS COMPANY; CROSBY & OVERTON, INC.; THE DOW CHEMICAL | No. 2:15-cv-00729-DDP-AJW <br><br> **[PROPOSED] FIRST AMENDED THIRD PARTIAL CONSENT DECREE** |

COMPANY; DUCOMMUN
AEROSTRUCTURES, INC.; ESSEX
CHEMICAL CORPORATION;  EXXON
MOBIL CORPORATION; FILTROL
CORPORATION; GEMINI
INDUSTRIES, INC.; GENERAL
DYNAMICS CORPORATION;
GENERAL LATEX AND CHEMICAL
CORPORATION; HEWLETT-
PACKARD COMPANY; HONEYWELL
INTERNATIONAL INC.; HUGO NEU-
PROLER; HUNTINGTON BEACH
COMPANY; LOCKHEED MARTIN
CORPORATION; MARS, INC.;
MONTROSE CHEMICAL
CORPORATION OF CALIFORNIA;
MORTELL COMPANY; MORTON
INTERNATIONAL, INC.; NATIONAL
STEEL AND SHIPBUILDING
COMPANY; NORTHROP GRUMMAN
SYSTEMS CORPORATION; OXY, USA
INC.; THE PROCTER & GAMBLE
MANUFACTURING COMPANY;
QUEMETCO, INC.; RAYTHEON
COMPANY; ROCKWELL
AUTOMATION, INC.; ROHM AND
HAAS COMPANY; ROHR, INC.; SAN
DIEGO GAS & ELECTRIC COMPANY;
SHELL OIL COMPANY; SMITH
INTERNATIONAL INC.; SOUTHERN
CALIFORNIA GAS COMPANY;
SOUTHERN CALIFORNIA EDISON
COMPANY; UNION CARBIDE
CORPORATION; UNION PACIFIC
RAILROAD; UNISYS CORPORATION;
UNITED STATES STEEL
CORPORATION; UNITED
TECHNOLOGIES CORPORATION;
UNIVAR USA INC.; USA WASTE OF
CALIFORNIA, INC.; VIGOR
SHIPYARDS, INC.; WASTE
MANAGEMENT COLLECTION AND
RECYCLING, INC.; WASTE
MANAGEMENT OF CALIFORNIA,
INC.; WASTE MANAGEMENT
RECYCLING AND DISPOSAL
SERVICES OF CALIFORNIA, INC.;
WESTERN WASTE INDUSTRIES;
WYETH HOLDINGS LLC. f/k/a
AMERICAN CYANAMID COMPANY
AND XEROX CORPORATION.

Defendants.

1
2
## FIRST AMENDED THIRD PARTIAL CONSENT DECREE

3    This First Amended Third Partial Consent Decree ("Third Consent Decree")

4 is made and entered into by and among the Plaintiffs, the State of California

5 Department of Toxic Substances Control ("DTSC") and the California Toxic

6 Substances Control Account (collectively, the "Plaintiffs"), and the Settling

7 Defendants, identified in Exhibits E-1, E-2 and E-3 of this Third Consent Decree

8 ("Settling Defendants"), (collectively, the "Parties"). This Third Consent Decree

9 obligates the Settling Defendants to perform the Work set forth in Paragraph 4.1

10 herein, to pay certain costs, and to receive certain covenants with respect thereto.

11 The Work pertains to the BKK Facility, as defined in Paragraph 3.6, a 583-acre

12 landfill facility located at 2210 South Azusa Avenue, West Covina, Los Angeles

13 County, California 91792.

14
## INTRODUCTION

15    On October 31, 2005, Plaintiffs filed a complaint ("First Complaint") against

16 certain of the Settling Defendants alleging liability for response costs at the Subject

17 Property and seeking (1) recovery of past costs pursuant to section 107 of the

18 Comprehensive Environmental Response Compensation Liability Act,

19 ("CERCLA"), 42 U.S.C. § 9607(a); (2) declaratory relief pursuant to section

20 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2); and (3) injunctive relief pursuant

21 to California Health and Safety Code section 25358.3(e). *California Department*

22 *of Toxic Substances Control, et. al. v. American Honda Motor Co., Inc., et. al.*, No.

23 CV-05-7746 (C.D. Cal. October 31, 2005). On March 9, 2006, the Court entered

24 an Amended Consent Decree ("Amended First Consent Decree"), which subject to

25 the covenants, conditions and reservations of rights therein, resolved the claims

26 asserted in the First Complaint. The Amended First Consent Decree became

27 effective on March 9, 2006, and included a two-year work requirement, which was

28 extended nine times; the final extension expired on August 10, 2010.

1   On May 10, 2010, Plaintiffs filed a second complaint in this Court against all
2   but two of the settling defendants to the Amended First Consent Decree and
3   against certain other of the Settling Defendants herein, who were not parties to the
4   Amended First Consent Decree (the "Second Complaint"). *California Department*
5   *of Toxic Substances Control, et. al. v. American Honda Motor Co., Inc., et. al.*, No.
6   CV-10-03378 (C.D. Cal. May 10, 2010).  The allegations of the Second Complaint
7   were essentially identical to the allegations of the First Complaint.  On August 10,
8   2010, the Court entered a Second Consent Decree ("Second Consent Decree"),
9   which subject to the covenants, conditions and reservations of rights therein,
10  resolved the claims  asserted in the Second Complaint.  The Second Consent
11  Decree became effective on August 10, 2010; the parties thereto expect work under
12  the Second Consent Decree to continue into 2018.

13      DTSC filed a third complaint in this Court on February 2, 2015 (the "Third
14  Complaint").  Like the previous complaints, the Third Complaint seeks recovery of
15  costs and the performance of certain response actions pursuant to section 107 of
16  CERCLA, and California Health and Safety Code section 25358.3(e), in
17  connection with alleged releases of hazardous substances into the environment at
18  and from the Class I Landfill.  On May 27, 2015, this Court approved the Third
19  Partial Consent Decree, which subject to the covenants, conditions and
20  reservations of rights therein, resolved the claims  asserted in the Third Complaint.

21      DTSC has filed an amended Third Complaint ("Amended Third Complaint"),
22  which joins as defendants five additional parties.  Those five parties are also being
23  added to this Third Consent Decree as additional Settling Defendants.  This Third
24  Consent Decree requires the Settling Defendants to perform a groundwater
25  Remedial Investigation and Feasibility Study ("RI/FS") for the Class I Landfill
26  Investigation Area operable unit and to perform other activities as set forth in
27  Paragraph 4.1 herein.  Subject to the covenants, conditions and reservations of
28

4

1  rights in this Third Consent Decree, this Third Consent Decree resolves the claims

2  asserted in the Amended Third Complaint.

3      Plaintiffs and Settling Defendants agree, and this Court by entering this Third

4  Consent Decree finds, that this Third Consent Decree has been negotiated by the

5  Parties in good faith and that settlement of this matter and entry of this Third

6  Consent Decree is intended to avoid prolonged and complicated litigation between

7  the Parties, is the most appropriate means to continue to address conditions at the

8  Subject Property, and is fair, reasonable and in the public interest.

9      **NOW, THEREFORE**, with the consent of the Parties to this Third Consent

10 Decree, it is hereby **ORDERED, ADJUDGED AND DECREED**:

11 I.    JURISDICTION

12     1.1    This Third Consent Decree is entered into by the Parties pursuant to

13 the Plaintiffs' authority under section 107 of CERCLA, 42 U.S.C. § 9607, and

14 California Health and Safety Code sections 25356.1 and 25358.3(e).

15     1.2    The Court has jurisdiction over the subject matter of this action

16 pursuant to 28 U.S.C. § 1331 and CERCLA, 42 U.S.C. § 9601 *et seq*., and

17 supplemental jurisdiction over claims arising under the laws of the State of

18 California pursuant to 28 U.S.C. § 1367(a).  The Parties waive all objections and

19 defenses they may have to the jurisdiction of the Court to approve, enter, and

20 enforce this Third Consent Decree and to venue in this District.

21 II.   BACKGROUND

22     2.1    This Third Consent Decree relates to the BKK Facility in West

23 Covina, Los Angeles County, California.  The BKK Facility contains a closed

24 Class I hazardous waste landfill, a closed Class III municipal landfill, and related

25 facilities.  Non-party BKK Corporation ("BKK Corp.") owns the portion of the

26 BKK Facility that is commonly described as Parcel 3, which includes the Class I

27 and Class III Landfills.  Non-party City of West Covina and private non-parties

28

1   own the balance of the BKK Facility, which is commonly described as Parcels 1

2   and 2.  This Third Consent Decree obligates the Settling Defendants to perform

3   certain work and to pay certain costs with respect to the Subject Property including

4   actions and costs in response to groundwater contamination from the Class I

5   Landfill Investigation Area.

6       2.2    Regulatory Status.  On Parcel 3, BKK Corp. is the owner and operator

7   of the following:  (a) the closed Class I Landfill; (b) the closed Class III Landfill;

8   and (c) the operating Leachate Treatment Plant ("LTP").  Post-closure operation,

9   maintenance and monitoring of the Class I Landfill, and operation of the LTP, are

10  primarily regulated pursuant to the California Hazardous Waste Control Act

11  ("HWCL"), beginning at California Health & Safety Code section 25100, the

12  Resource Conservation and Recovery Act ("RCRA"), beginning at 42 U.S.C. §

13  6901, and their implementing regulations.

14      2.3    On or about October 18, 2004, BKK Corp. notified DTSC that BKK

15  Corp. lacked the financial resources to continue to perform post-closure care of the

16  Class I Landfill required by RCRA and the HWCL, or to operate the LTP, after

17  November 17, 2004.  As a result, DTSC hired a contractor to conduct emergency

18  response activities at the BKK Facility beginning on November 18, 2004.  These

19  activities were and continue to be necessary to ensure continuous maintenance and

20  operation of systems that are essential to protect public health, safety and the

21  environment.

22      2.4    On December 2, 2004, DTSC issued an Imminent and Substantial

23  Endangerment Determination and Order and Remedial Action Order, Docket No.

24  I/SE-D-04/05-004 ("ISE Order"), to BKK Corp. and 50 other respondents who are

25  alleged to have disposed of waste at the Class I Landfill or to be prior owners or

26  operators of the BKK Facility that includes the Class I Landfill.  The ISE Order

27  required the respondents in that Order to perform certain response actions and to

28

6

reimburse DTSC for certain response costs.  Certain Settling Defendants were named as respondents in the ISE Order.

2.5    The payment of Future DTSC Oversight Costs relating to the performance and oversight of the Work to be performed pursuant to this Third Consent Decree by the Settling Defendants to Plaintiffs constitute necessary costs of response as that term is defined in section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

2.6    Unless explicitly stated otherwise herein, this Third Consent Decree does not in any way amend the First or Second Consent Decrees or alter any parties' rights or obligations under the First or Second Consent Decrees.

2.7    Pursuant to this Third Consent Decree, the Settling Defendants will conduct the Work related to the Subject Property and the Class I Landfill Investigation Area, as specified in paragraph 4.1 of this Third Consent Decree, and will pay for certain costs and receive certain covenants and protections as set forth herein.

2.8    New Settling Defendants.  In both the Second and Third Consent Decrees there are Settling Defendants who were not parties to the prior Consent Decrees.

2.8.1  The Settling Defendants named as Settling Defendants in the Second and Third Consent Decrees but not in the Amended First Consent Decree are identified in Exhibit E-2.  By entering this Consent Decree, the Court finds that those Settling Defendants are entitled to the benefit of the covenant not to sue in paragraph 7.1 of the Amended First Consent Decree and the contribution protection of paragraph 8.1 of the Amended First Consent Decree, subject to all of the limitations specified therein.  This provision is effective on the Effective Date of this Third Consent Decree.

FIRST AMENDED THIRD PARTIAL CONSENT DECREE                    No.  2:15-cv-00729-DDP-AJW

2.8.2   The Settling Defendants named in this Third Consent Decree who were not previously named in either the Amended First Consent Decree or the Second Consent Decree are identified in Exhibit E-3.  By entering this Consent Decree, the Court finds that these new Settling Defendants are entitled to the benefit of the covenants not to sue in paragraph 7.1 of the Amended First Consent Decree and paragraph 7.1 of the Second Consent Decree and the contribution protection of paragraph 8.1 of the Amended First Consent Decree and paragraph 8.1 of the Second Consent Decree, subject to all of the limitations specified in those Consent Decrees and further subject to Paragraph 7.4 below.

2.9   <u>No Admissions</u>.  By entering into this Third Consent Decree or by taking any action in accordance with its provisions, each Settling Defendant does not admit any allegations, findings, determinations or conclusions contained in the ISE Order, the First, Second or Third Complaints, the Amended First Consent Decree, the Second Consent Decree, or this Third Consent Decree, including without limitation that it sent, transported or arranged for disposal of any hazardous substances to or at the Class I Landfill, or that it owned or operated the BKK Facility that includes the Class I Landfill, and does not admit any liability with respect to the BKK Facility.  Nothing in this Third Consent Decree shall be construed as an admission by any Settling Defendant of any issue of law or fact.  Except as specifically provided for herein, nothing in this Third Consent Decree shall prejudice, waive, or impair any right, remedy, or defense that each Settling Defendant may have against any entity.  Each Settling Defendant agrees to comply with and be bound by the terms of this Third Consent Decree and further agrees that it will not contest the basis or validity of this Third Consent Decree in any action to enforce it.

FIRST AMENDED THIRD PARTIAL CONSENT
DECREE

No.  2:15-cv-00729-DDP-AJW

Case 2:18-cv-05810-MWF-RLA Document 342-6 Filed 12/05/25 Page 10 of 55 Page
Case 2:15-cv-00729-DDP-AJW Document 22-3 Filed 07/29/16 Page 9 of 51 Page ID #:878
ID #:10936

## III.   DEFINITIONS

3.1    Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them therein.  Whenever terms listed below are used in this Third Consent Decree or in any attachments or exhibits hereto, the following definitions shall apply:

3.2    "Class I Landfill" means the closed Class I hazardous waste landfill located at 2210 South Azusa Avenue, West Covina, Los Angeles County, California 91792 that is shown on the map that is attached as Exhibit A-1.

3.3    "Class I Landfill Investigation Area" includes, for the purposes of this Third Consent Decree and the Groundwater RI/FS only, the Class I Landfill and Class I Landfill operation areas, including but not limited to "Trash Island" located on the north side of the landfill; the Leachate Treatment Plant ("LTP"); Barrier 1; the upper detention basin below the LTP; liquid piping and other liquid collection and conveyance systems associated with the Class I Landfill; the fueling station, and the truck wash and wherever hazardous substances from such areas have or may come to be located.

3.4    "Class III Landfill" shall mean the closed municipal landfill also located at 2210 South Azusa Avenue, West Covina, Los Angeles County, California 91792, which is shown on the map in Exhibit A-1.

3.5    "Day" shall mean a calendar day unless expressly stated to be a working day.  "Working Day" shall mean a day other than a Saturday, Sunday, or state or federal holiday.  In computing any period of time under this Third Consent Decree, where the last day would fall on a Saturday, Sunday, or state or Federal holiday, the period shall run until the close of business of the next Working Day.

3.6    "BKK Facility" shall mean the 583-acre landfill facility located at 2210 South Azusa Avenue, West Covina, California and described in Exhibits A-1 and A-2.  The BKK Facility contains a closed Class I hazardous waste landfill, a

9

Case 2:18-cv-05819-MWF-PLA   Document 242-6 Filed 07/29/25   Page 11 of 55   Page
ID #:6793
Case 2:15-cv-00729-DDP-AJW   Document 242-6 Filed 07/29/25   Page 11 of 55   Page
ID #:6793

1   closed Class III municipal landfill, the Leachate Treatment Plant as defined herein,

2   and related facilities such as infrastructure, systems and equipment. The term

3   "BKK Facility" shall also include areas contiguous to the landfill facility where

4   hazardous substances emanating from the Landfills have come to be located.

5       3.7    "Future DTSC Oversight Costs" shall mean all direct and indirect

6   costs of overseeing this Third Consent Decree or the Third Partial Consent Decree,

7   previously entered in this matter, including but not limited to payroll costs, travel

8   costs, and laboratory costs, incurred by DTSC in reviewing, revising, modifying,

9   commenting on or approving plans, reports and other items pursuant to this Third

10  Consent Decree, and monitoring and verifying the Work performed pursuant to

11  this Third Consent Decree.

12      3.8    "Hazardous Substances" shall have the meaning set forth in CERCLA

13  section 101(14), 42 U.S.C. § 9601(14).

14      3.9    "Leachate Treatment Plant" (or "LTP") means the leachate treatment

15  plant that is located on the BKK Facility.

16      3.10   "National Contingency Plan" or "NCP" shall refer to the National Oil

17  and Hazardous Substances Pollution Contingency Plan promulgated pursuant to

18  section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 C.F.R. Part 300.

19      3.11   "Parties" shall mean Plaintiffs and the Settling Defendants.

20      3.12   "Plaintiffs" shall mean the California Department of Toxic Substances

21  Control and the California Toxic Substances Control Account including its

22  predecessor accounts specified in Health and Safety Code section 25173.6(g), to

23  the extent that funds from those accounts have been, or will be expended on behalf

24  of DTSC at the BKK Facility.

25      3.13   "Settling Defendants" shall mean the parties identified in Exhibits E-

26  1, E-2, and E-3 to this Third Consent Decree.  For purposes of Paragraph 2.9 and

27  Sections VII and VIII of this Third Consent Decree, "Settling Defendants" also

28

FIRST AMENDED THIRD PARTIAL CONSENT
DECREE

No.  2:15-cv-00729-DDP-AJW

Case 2:18-cv-05819-MWF-PLA    Document 242-6    Filed 12/05/25    Page 12 of 55    Page
ID #:6038
Case 2:15-cv-00729-DDP-AJW    Document 242-6    Filed 07/29/15    Page 12 of 55    Page
ID #:6038

shall mean Defendants' corporate predecessors-in-interest, successors-in-interest and affiliated companies identified in Exhibit G.

3.14    "Subject Property" shall mean the Class I Landfill, the LTP, service roads and related pollution control equipment located at 2210 South Azusa Avenue, West Covina, Los Angeles County, California 91792.

3.15    "Tolling Termination Date" shall mean the date upon which the Tolling Agreement provided for in Paragraph 7.11 terminates.  The Tolling Termination Date shall be the earlier of: (a) sixty (60) days after a Party gives written notice of the intent to terminate the tolling period or (b) the conclusion of the Work Period.

3.16    "Work Period" shall mean the period of time commencing with the Effective Date and ending thirty days (30) after DTSC's approval of the RI/FS required by Paragraph 4.1.3.

3.17    "Work" shall mean the Work to Be Performed as specified in Paragraph 4.1 of this Third Consent Decree.

3.18    "Past Response Costs" shall mean all costs incurred by DTSC in response to conditions at the Facility through the Effective Date.

IV.    <u>SETTLING DEFENDANTS' WORK TO BE PERFORMED AND OTHER OBLIGATIONS</u>

4.1    <u>Work to Be Performed</u>.  Settling Defendants shall undertake the following response actions set forth below.

4.1.1    <u>Essential Activities</u>.  Settling Defendants shall continue to perform the Essential Activities as specified in Exhibit C to this Third Consent Decree until the conclusion of the Work Period.  Provided Settling Defendants perform the Essential Activities required by this Third Consent Decree including any modifications to those Essential Activities approved by DTSC pursuant to

11

Case 2:18-cv-05810-MWF-PLA   Document 242-6   Filed 07/29/25   Page 13 of 55   Page
ID #:6059
Case 2:15-cv-00729-DDP-AJW   Document 344-1   Filed 07/29/25   Page 13 of 55   Page
ID #:6939

paragraph 4.1.9, the Settling Defendants shall be deemed to be in compliance with
Paragraph 4.1.1. of the Second Consent Decree.

4.1.2  Groundwater Monitoring.  Until the conclusion of the Work
Period, the Settling Defendants shall conduct groundwater monitoring in
accordance with the "Sampling and Analysis Plan, Groundwater Wells, BKK
Landfill, West Covina, California, February 2014," the body of which is attached
to this Third Consent Decree as Exhibit B, as that document may be amended
pursuant to Paragraph 4.1.9.

4.1.3  Remedial Investigation and Feasibility Study and Statement of
Work.  The Settling Defendants shall conduct a groundwater RI/FS for the Class I
Landfill Investigation Area in accordance with the Statement of Work attached to
this Third Consent Decree as Exhibit D.

4.1.4  Work Consistent with Requirements.  Subject to Paragraph 4.6
herein, Settling Defendants shall ensure all Work performed pursuant to this Third
Consent Decree is consistent with the requirements of all DTSC-approved
workplans, Chapters 6.5 (commencing with section 25100) and 6.8 (commencing
with section 25300), Division 20 of the California Health and Safety Code, and any
other applicable state or federal statutes and regulations, including without
limitation, the NCP, and applicable DTSC and U.S. Environmental Protection
Agency guidance documents.

4.1.5  Controlling Provisions.  To the extent that there is a conflict
between the language in any Exhibit and the terms in the body of this Third
Consent Decree, the terms of this Third Consent Decree shall control.

4.1.6  Consistency with the NCP.  Upon approval by DTSC of the
Work performed by Settling Defendants under this Third Consent Decree and on
receipt by DTSC of all payments required to be made pursuant to this Third

FIRST AMENDED THIRD PARTIAL CONSENT
DECREE

No.  2:15-cv-00729-DDP-AJW

Consent Decree, the Work will be deemed consistent and in accordance with the NCP.

      4.1.7  <u>Public Participation Activities (Community Relations)</u>.  Settling Defendants shall cooperate with and support DTSC in its efforts to provide meaningful public participation in response actions pursuant to California Health and Safety Code sections 25356.1 and 25358.7, DTSC's most current Public Participation and Policy Guidance Manual and the Public Participation Plan. These activities shall include, but are not limited to, assisting in the development and distribution of fact sheets; participation in public meetings; and the development and publishing of public notices.

      4.1.8  <u>Quality Assurance and Health and Safety Plans.</u>  No less than thirty (30) days before changing any onsite activities that require amending the Quality Assurance Project Plan or Health and Safety Plan, Settling Defendants shall submit proposed amendments to those plans.  Any amendments to the Quality Assurance Project Plan shall require DTSC approval.

      4.1.9  <u>Amendments to the Essential Activities and Groundwater Monitoring Plans.</u>  Settling Defendants may at any time propose amendments to the Essential Activities or the Groundwater Monitoring Plans required by Paragraphs 4.1.1 and 4.1.2 respectively.  Any such proposal shall be clearly labeled as a proposed amendment.  Any proposed amendment will not take effect until approved by DTSC, at which time it will be effective on the terms specified in DTSC's approval.

      4.1.10  <u>Fire Hazard Abatement.</u>  DTSC and the Settling Defendants will monitor the potential fire hazard on the BKK Class III Landfill.  In the event the West Covina Fire Chief determines that the potential fire hazard has reached unacceptable levels, or as otherwise agreed by the parties, DTSC and the Settling Defendants will request that BKK Corp. and/or state and local agencies with

13

jurisdiction over the BKK Class III Landfill take appropriate action to abate the hazard.  However, if DTSC and the Settling Defendants determine that other funding, including funding from DTSC, is unavailable for the performance of the requested abatement action, the Settling Defendants may incur up to $450,000 to fund tree and vegetation trimming and/or removal that is necessary for fire hazard abatement, to the extent requested by the West Covina Fire Chief or as otherwise agreed to by the Parties.  To the extent that the Settling Defendant's funds are used to perform this work, the Settling Defendants' payment of oversight costs, as required in Paragraph 4.7 herein, will be reduced by $25,000 a month (or, in the final month, such lesser amount as is necessary) so that the total reduction in oversight payments is equal to the costs that the Settling Defendants have incurred in compliance with this Paragraph, not to exceed $450,000.  Within thirty (30) days of completing abatement work in accordance with this Paragraph, Settling Defendants shall send to DTSC documentation of the total costs that Settling Defendants incurred conducting that work.  Such documentation shall be consistent with the requirements of Appendix F of this Third Consent Decree.  To be clear, the Settling Defendants' will perform any requested tree and vegetation trimming and/or removal under this paragraph due solely to the threat or potential threat that a fire hazard poses to the Class I Landfill and/or its pollution control systems.

4.2    <u>California Environmental Quality Act</u>.  Upon DTSC's request, Settling Defendants shall submit any non-privileged information deemed necessary by DTSC to facilitate DTSC's compliance with the California Environmental Quality Act, California Public Resources Code sections 21000 *et seq*.

4.3    <u>Stop Work Order</u>.  In the event that DTSC determines that any activity (whether or not pursued in compliance with this Third Consent Decree) conducted by Settling Defendants may pose an imminent or substantial endangerment to the health or safety of people or to the environment, DTSC may

14

Case 2:18-cv-05819-MWF-PLA    Document 242-6 Filed 07/29/25    Page 16 of 55   Page
ID #:6842
Case 2:15-cv-00729-DDP-AJW    Document 244-6 Filed 07/29/25    Page 16 of 55   Page
ID #:6804

order Settling Defendants to stop further implementation of any aspect of this Third Consent Decree for such period of time needed to abate the endangerment. In addition, in the event that DTSC determines that any of Settling Defendants' activities (whether or not pursued in compliance with this Third Consent Decree) are proceeding without DTSC authorization, DTSC may order Settling Defendants to stop further implementation of such activity for such period of time needed to obtain DTSC authorization, if such authorization is appropriate.  Any deadline in this Third Consent Decree directly affected by a Stop Work Order, issued pursuant to this Paragraph, shall be extended for the term of the Stop Work Order.

   4.4 <u>Emergency Response Action/Notification</u>.  In the event of any occurrence, event, or condition that arises at the Subject Property during the Work Period of this Third Consent Decree that constitutes a material change, that represents an emergency (including, but not limited to, fire, earthquake, explosion, landslide, or imminent or immediate human exposure to a hazardous substance caused by the release or threatened release of a hazardous substance), and that presents a risk to public health, safety, or the environment, Settling Defendants shall immediately take all appropriate actions to respond to that emergency.  The Settling Defendants shall also immediately notify the DTSC Project Coordinator (as defined in Paragraph 10.1 herein) and all other appropriate and applicable regulatory agencies of the occurrence, event, or condition and of the steps the Settling Defendants have taken and propose to take in response thereto.  The Settling Defendants shall comply with any mandatory notification requirements and with the procedures outlined in the Emergency Response Plan and Diagrams that the Settling Defendants submitted to DTSC on or about November 21, 2008 or any subsequent revisions of those documents submitted to and approved by DTSC. Any action taken by the Settling Defendants shall be performed in consultation with the DTSC Project Coordinator and in accordance with all applicable

Case 2:18-cv-05819-MWF-PLA   Document 242-6   Filed 12/05/25   Page 17 of 55   Page
ID #:6843
Case 2:15-cv-00729-DDP-AJW   Document 169-4   Filed 07/29/15   Page 18 of 55   Page
ID #:608

provisions of this Third Consent Decree.  Within seven (7) days of the onset of such an occurrence, event, or condition, Settling Defendants shall furnish a report to DTSC, signed by Settling Defendants' Project Coordinator, setting forth the occurrence, event, or condition that occurred and the measures taken in the response thereto.  In the event that Settling Defendants fail to take appropriate response and DTSC takes the action instead, Settling Defendants shall be subject to liability to DTSC for all costs of the response action.  In addition, the Settling Defendants shall notify the DTSC Project Coordinator verbally within forty-eight (48) hours and in writing within seven (7) days of any release of a hazardous substance at the Subject Property.  Nothing in this Paragraph shall be deemed to limit any other notification requirement to which Settling Defendants may be subject, nor any defenses that the Settling Defendants may have with respect to any action brought by DTSC to recover the costs of the response action taken by it pursuant to this Paragraph.

4.5    <u>Settling Defendants' Insurance</u>.  At least seven (7) days prior to commencement of any Work under this Third Consent Decree, Settling Defendants shall provide copies of insurance policies or other evidence satisfactory to DTSC that demonstrates that any contractor or subcontractor hired by the Settling Defendants to implement the Work pursuant to this Third Consent Decree has secured the insurance listed in items (a) through (e) below.  Settling Defendants shall ensure the required insurance remains in force during the Work Period of this Third Consent Decree.

(a)    Commercial general liability insurance with a combined single limit of at least $1 million per occurrence;

(b)    automotive liability insurance with combined single limits of at least $2 million per accident;

Case 2:18-cv-05819-MWF-PLA    Document 242-6  Filed 07/29/25    Page 18 of 55   Page
ID #:6844
Case 2:15-cv-00729-DDP-AJW    Document 242-6  Filed 07/29/25    Page 19 of 51   Page ID #:6844

1         (c)    workers' compensation and employers' liability coverage of at

2    least $1 million for employees engaged in the implementation of this Consent

3    Decree;

4         (d)    pollution liability insurance with a combined single limit of at

5    least $1 million per occurrence; and

6         (e)    excess/umbrella liability coverage in the aggregate amount of at

7    least $10 million.

8        4.6   Owner/Operator Status.  The Plaintiffs agree, and by entering this

9    Consent Decree the Court finds, that the Settling Defendants shall not be

10   considered owners or operators of the BKK Facility, or arrangers for disposal or

11   treatment of waste at the BKK Facility solely as a result of their performance of the

12   Work under this Consent Decree or the Amended First or Second Consent Decree.

13   BKK Corp. is the current owner and operator of the Subject Property and operator

14   of the BKK Facility.  Nothing in this Consent Decree shall relieve BKK Corp. of

15   its statutory and regulatory obligations as the owner/operator of the Subject

16   Property and operator of the BKK Facility, or require Settling Defendants to

17   assume those obligations, including compliance with all applicable laws and

18   permits with respect to the landfills, signing manifests for waste generated at the

19   LTP, public notices under California Health and Safety Code sections 25249.5-

20   25249.13 and other reporting obligations that are the responsibility of BKK Corp.

21   as the owner and operator of the Subject Property, and operator of the BKK

22   Facility.

23       4.7   Payment of Future DTSC Oversight Costs.

24       4.7.1  During the Work Period of this Third Consent Decree, and

25   while the Second Consent Decree is still in effect, the Settling Defendants shall

26   reimburse DTSC for Future DTSC Oversight Costs incurred to oversee the

27   activities of Settling Defendants and their agents under the Consent Decrees, in the

28

FIRST AMENDED THIRD PARTIAL CONSENT
DECREE
                       No.  2:15-cv-00729-DDP-AJW

Case 2:18-cv-05819-MWF-PLA   Document 242-6 Filed 07/29/25 Page 19 of 55 Page
ID #:6807
Case 2:15-cv-00729-DDP-AJW   Document 244-1 Filed 07/29/25 Page 19 of 55 Page
ID #:6945

sum of $75,000 per month (which Settling Defendants credit as $50,000 pursuant to the Second Consent Decree and $25,000 pursuant to this Third Consent Decree). Payments of $75,000 shall begin on the fifteenth day of the first full month following the Effective Date of this Third Consent Decree. Beginning in the first full month after the expiration of the Second Consent Decree and of any extensions thereof, and continuing until the end of the Work Period, the amount of monthly reimbursement required by this paragraph will be $50,000 unless a subsequent consent decree specifies otherwise.  In the event that the payments required by this Paragraph are not made on a timely or complete basis, Settling Defendants shall pay interest on the unpaid balance, calculated at the rate of return earned on investment in the Surplus Money Investment Fund pursuant to section 16475 of the California Government Code.  The interest shall accrue from the date the payment was due, through the date of Settling Defendants' payment.  Payments of interest under this Paragraph shall be in addition to such other remedies or sanctions available to Plaintiffs by virtue of Settling Defendants' failure to make timely payments under this Paragraph.  Settling Defendants shall make all payments required by this Third Consent Decree in the manner described in Paragraph 10.16.

4.7.2  <u>Documentation of Future DTSC Oversight Costs</u>.  DTSC shall continue to provide Settling Defendants with a Summary by Activity Report on a quarterly basis, documenting the Future DTSC Oversight Costs that have been incurred by DTSC.  In the event that DTSC incurred less in Future DTSC Oversight Costs during the previous quarter than the amount Settling Defendants paid DTSC for that quarter, Settling Defendants shall receive a credit for any overpayment against future payments to be made pursuant to Paragraph 4.7.1 or pursuant to a subsequent consent decree.

4.8  Payment of DTSC Past Response Costs.  The Settling Defendants shall pay DTSC one million dollars ($1,000,000) in reimbursement of certain of

18

Case 2:18-cv-05810-MWF-PLA    Document 242-6    Filed 12/05/25    Page 20 of 55   Page
ID #:6846
Case 2:15-cv-00729-DDP-AJW    Document 244-1   Filed 07/29/15   Page 19 of 51   Page ID
#:608

DTSC's Past Response Costs within thirty (30) days of the entry of this Third

Consent Decree.  DTSC will credit half of that payment  ($500,000) to costs for

which DTSC provided a covenant not to sue in the Amended First Consent Decree

or the Second Consent Decree and credit half of that payment ($500,000) to costs

for which DTSC has not provided a covenant not to sue.

V.    AGREEMENTS BY DTSC

     5.1    Postclosure Insurance Reimbursement.

         5.1.1  For purposes of California Code of Regulations, title 22, §§

66264.145 and 66265.145, DTSC authorizes Settling Defendants to perform

certain postclosure care of the Subject Property and the Class I Landfill

Investigation Area by conducting the Work that is related to postclosure care of the

Subject Property and the Class I Landfill Investigation Area during the Work

Period of this Third Consent Decree.  As persons authorized to perform postclosure

care of the Subject Property and the Class I Landfill Investigation Area, Settling

Defendants shall be entitled to submit a claim for reimbursement of costs incurred

in performing the Work pursuant to Paragraph 4.1 and Appendices C and D of this

Third Consent Decree from Steadfast Insurance Company Policy No. PLC

7969053-04 for postclosure care expenditures by submitting itemized bills to

DTSC pursuant to California Code of Regulations, title 22, §§ 66264.145(e) and

66265.145(d) as applicable and Exhibit F of this Third Consent Decree.  Settling

Defendants shall submit the reimbursement request at the close of each annual

coverage cycle (May 31) and shall submit only one reimbursement request for each

reimbursement cycle during the period covered by this Third Consent Decree.

Provided that Settling Defendants perform the Work specified in this Third

Consent Decree for a full reimbursement cycle, they shall be entitled to

reimbursement up to the entire insurance proceeds for that reimbursement cycle

(approximately $1,340,000) minus up to $120,000 on a first priority basis.  Settling

FIRST AMENDED THIRD PARTIAL CONSENT
DECREE

No.  2:15-cv-00729-DDP-AJW

Case 2:18-cv-05819-MWF-PLA    Document 242-6 Filed 12/05/25    Page 21 of 55   Page
ID #:6047
Case 2:15-cv-00729-DDP-AJW    Document 241-6 Filed 07/29/15   Page 20 of 51   Page ID
#:689

Defendants shall consolidate requests for costs incurred under the Second and Third Consent Decrees; however, the maximum amount of that claim shall not exceed the amount specified in the prior sentence and the claim shall not include duplicate requests for any particular work.  Where the Work Period of this Third Consent Decree partially overlaps with an annual insurance reimbursement cycle, the Settling Defendants shall be entitled on a first priority basis to a monthly pro-rata share of an amount equal to the entire insurance proceeds for that reimbursement cycle minus up to $120,000 based on the duration of work performed by the Settling Defendants pursuant to this Consent Decree.  Settling Defendants shall be entitled to those costs associated with the performance of work pursuant to Paragraph 4.1 herein, and which qualify for reimbursement under California Code of Regulations, title 22, § 66264.145 or 66265.145 as applicable. After Settling Defendants submit their request, DTSC agrees to review each reimbursement request within sixty (60) days of submission and, pursuant to the California Code of Regulations, title 22, §§ 66264.145 (e) or 66265.145 (d) as applicable, approve the reimbursement request if it meets the requirements of the regulations and the costs are eligible postclosure expenditures.  Exhibit F provides the protocol for submittal of said requests for reimbursement.

     5.1.2  If all or part of the remaining $120,000 of the insurance proceeds (per reimbursement cycle) is not approved for reimbursement to BKK Corp. by DTSC, such proceeds shall be made available to reimburse the Settling Defendants pursuant to the terms of Paragraph 5.1.1.

     5.1.3  DTSC shall not be liable for any denial of reimbursement by Steadfast Insurance Company or its successor or by a court.  DTSC agrees to provide non-privileged information in its possession to the Settling Defendants necessary for securing reimbursement from Steadfast as authorized pursuant to Paragraph 5.1.

Case 2:18-cv-05819-MWF-PLA    Document 242-6   Filed 12/05/25   Page 22 of 55   Page
ID #:6048
Case 2:15-cv-00729-DDP-AJW    Document 224-1   Filed 07/29/15   Page 22 of 51   Page ID
#:600

5.2     Site Coordination.  DTSC and the Settling Defendants and their attorneys agree to work with each other and all other relevant entities to achieve a coordinated approach for all of the activities to be conducted at the BKK Facility during the Work Period of this Third Consent Decree.

5.3     Termination of ISE Order.  Within seven (7) days of entry of this Third Consent Decree, DTSC will dismiss without prejudice the ISE Order, as against The Boeing Company, successor to Douglas Aircraft Company; Gemini Industries, Inc.; Lockheed Martin Corporation, successor to Lockheed California, International Light Metals Corporation, and Martin Marietta Carbon, Inc.; Raytheon Company, successor to Hughes Missile Systems; and Todd Pacific Shipyards.  The dismissal shall be deemed effective retroactive to the date of entry of the Amended First Consent Decree.  DTSC reserves the right to issue any other administrative order against Settling Defendants with respect to the BKK Facility, in accordance with the terms of this Consent Decree.

## VI.     DUE CARE/COOPERATION

6.1     Subject to Paragraph 4.6 above, the Settling Defendants shall exercise due care in performing work under this Third Consent Decree, and shall perform the Work required by this Third Consent Decree in compliance with all applicable local, state, and federal laws and regulations.  Nothing in this Paragraph shall be deemed to (a) relieve BKK Corp. of the obligation to comply with any local, state, and federal laws and regulations applicable to it or permits issued to it with respect to the Subject Property or the Class III Landfill, or (b) require Settling Defendants to perform the obligations of BKK Corp. as owner and operator of the BKK Facility to comply with any such laws, regulations or permits.

## VII.    COVENANTS NOT TO SUE AND RESERVATIONS OF RIGHTS

7.1     Plaintiffs' Covenant Not to Sue.  In consideration of the actions that will be performed and the payments that have been and will be made by Settling

Defendants under the terms of this Third Consent Decree and subject to Paragraph 7.6 (Plaintiffs' Reservation of Rights) of this Third Consent Decree, the Plaintiffs covenant not to sue or take administrative action against Settling Defendants:  (a) for the Work performed pursuant to this Third Consent Decree; (b) for recovery of Future DTSC Oversight Costs actually paid to DTSC by the Settling Defendants pursuant to Paragraph 4.7 above and (c) for recovery of those DTSC Past Response Costs as defined in this Third Consent Decree that are actually paid to DTSC by the Settling Defendants pursuant to Paragraph 4.8 above.

7.2     Nothing in this Third Consent Decree shall preclude the Plaintiffs from seeking the recovery of any response cost not recovered under this Third Consent Decree from any entity not a party to this Third Consent Decree.

7.3      Nothing in this Third Consent Decree shall preclude the Plaintiffs from seeking recovery from the Settling Defendants of any response costs Plaintiffs incurred after the Work Period of this Third Consent Decree or not otherwise included in the Covenant Not to Sue in Paragraph 7.1 above or in Paragraph 7.1 of the Amended First Consent Decree or the Second Consent Decree.

7.4     The Covenant Not to Sue set forth in Paragraph 7.1 above shall take effect upon the Effective Date of this Third Consent Decree.  This Covenant Not to Sue is conditioned upon the complete and satisfactory performance by Settling Defendants of all obligations under this Third Consent Decree, including, but not limited to, performance of the Work pursuant to Paragraph 4.1, and full payment of Future DTSC Oversight Costs to the extent required by Paragraph 4.7.  This Covenant Not to Sue extends only to Settling Defendants and does not extend to any other person or entity.

7.5     <u>Plaintiffs' Standstill</u>.  Except as provided in Paragraphs 4.4  and 7.6(a) of this Third Consent Decree, the Plaintiffs agree not to take any additional

FIRST AMENDED THIRD PARTIAL CONSENT DECREE                    No.  2:15-cv-00729-DDP-AJW

1   administrative or judicial actions against the Settling Defendants with respect to

2   the BKK Facility or Class I Landfill Investigation Area until the earlier of:  (a)

3   fourteen (14) days after the date upon which a complaint (not including either the

4   complaint filed concurrently with the lodging of this Third Consent Decree or a

5   complaint or amended complaint in *California Department of Toxic Substances*

6   *Control, et. al. v. American Honda Motor Co., Inc., et. al.*, No. CV-05-7746, (C.D.

7   Cal. October 31, 2005)) is served on any Party requiring the performance of

8   response actions, reimbursement of response costs, or contribution towards

9   response costs incurred for the BKK Facility; (b) thirty (30) days following written

10  notice from either DTSC or the Settling Defendants of that Party's intent to

11  terminate the standstill; or (c) thirty (30) days before the Tolling Termination Date.

12  Plaintiffs may utilize a single letter to terminate the standstills specified in the

13  Second and Third Consent Decrees and the standstill specified in the Third Tolling

14  Agreement, which was executed by representatives of DTSC and Settling

15  Defendants on or about March 1, 2013.

16       7.6   <u>Plaintiffs' Reservation of Rights</u>.  The Covenant Not to Sue set forth

17  in Paragraph 7.1 above does not pertain to any matters other than those expressly

18  specified therein.  The Plaintiffs reserve, and this Third Consent Decree is without

19  prejudice to, all rights against Settling Defendants with respect to all other matters,

20  including but not limited to, the following:

21       (a)   claims based on a failure by Settling Defendants and their

22  successors or assignees to meet a requirement of or to otherwise enforce this Third

23  Consent Decree;

24       (b)   criminal liability;

25       (c)   liability for damages for injury to, destruction of, or loss of

26  natural resources, and for the costs of any natural resource damage assessment

27  incurred by agencies;

28

23

Case 2:18-cv-05819-MWF-PLA   Document 242-6 Filed 12/05/25   Page 25 of 55   Page
Case 2:15-cv-00729-DDP-AJW   Document 221-6 Filed 07/29/15   Page 29 of 51   Page ID
ID #:6951
#:6095

1

2

(d)     except as may otherwise be provided for herein, liability for
violations of local, state or federal law or regulations;

3

4

5

6

7

8

9

10

(e)     liability for any response actions at the BKK Facility not
otherwise included in Paragraph 7.1 above; including, without limitation,
implementation of any removal action recommended by the Engineering
Evaluation/Cost Analysis required by the Second Consent Decree, implementation
of any response action recommended by the Feasibility Study conducted pursuant
to this Third Consent Decree, any investigation of groundwater contamination
resulting from any area not included in the Class I Landfill Investigation Area, or
any other removal or remedial action at or connected with the BKK Facility;

11

12

13

(f)     liability for DTSC response costs other than those specifically
included in Paragraph 7.1 of this Third Consent Decree or in Paragraph 7.1 of the
Amended First or Second Consent Decrees;

14

15

16

17

(g)     except as may otherwise be provided for herein, any liability
arising from past, present or future ownership, operation, disposal, release, or
threat of release of hazardous substances, pollutants or contaminants, at other sites
besides the BKK Facility;

18

19

20

21

22

(h)     except as may otherwise be provided for herein, liability based
upon the Settling Defendants' ownership or operation of the BKK Facility, or upon
the Settling Defendants' transportation, treatment, storage, or disposal, or the
arrangement for the transportation, treatment, storage, or disposal of any hazardous
substances, pollutants or contaminants at or in connection with the BKK Facility.

23

24

25

26

27

7.7     Except as provided in this Third Consent Decree, nothing herein shall
limit the power and authority of DTSC or any other State agency to take, direct, or
order all actions necessary to protect public health, welfare, or the environment or
to prevent, abate, or minimize an actual or threatened release of hazardous
substances, pollutants or contaminants, or hazardous or solid waste on, at, or from

28

Case 2:18-cv-05819-MWF-PLA    Document 242-6    Filed 12/05/25    Page 26 of 55    Page
ID #:6052
Case 2:15-cv-00729-DDP-AJW    Document 241-1    Filed 07/13/15    Page 26 of 51    Page ID
#:6052

the BKK Facility including the right to issue any administrative order against the Settling Defendants with respect to the BKK Facility not otherwise inconsistent with the terms of this Third Consent Decree.  Further, except as specifically provided for in this Third Consent Decree, nothing herein shall prevent DTSC from seeking legal or equitable relief to enforce the terms of this Third Consent Decree, from taking other legal or equitable actions as it deems appropriate and necessary, or from requiring the Settling Defendants to perform additional activities after the end of the Work Period of this Third Consent Decree pursuant to CERCLA, the California Health and Safety Code, the California Code of Regulations, title 22, or any other applicable law.

       7.8    <u>Settling Defendants' Covenant Not To Sue</u>.  In consideration of Plaintiffs' Covenant Not To Sue in Paragraph 7.1 of this Third Consent Decree, the Settling Defendants hereby covenant not to sue and not to assert any claims or causes of action against DTSC, its authorized officers or employees, based on any regulatory action undertaken by DTSC with respect to the Subject Property from January 1, 2004 through the end of the Work Period of this Third Consent Decree. Nothing in this Paragraph precludes the Settling Defendants from pursuing any such claim based on regulatory action undertaken by DTSC during any other period.

       7.9    <u>Settling Defendants' Reservation of Rights</u>.  The Covenant Not To Sue set forth in Paragraph 7.8 and the Standstill Agreement set forth in Paragraph 7.10 do not pertain to any matters other than those specifically addressed therein and apply only to the Plaintiffs and do not extend to any other department, agency, board or body of the State of California.  The Settling Defendants reserve, and this Third Consent Decree is without prejudice to, all rights against the Plaintiffs with respect to all other matters, including, but not limited to, whether any work and/or oversight conducted by DTSC is not inconsistent with the NCP.

FIRST AMENDED THIRD PARTIAL CONSENT DECREE        No.  2:15-cv-00729-DDP-AJW

Case 2:18-cv-05819-MWF-PLA    Document 242-6   Filed 12/05/25   Page 27 of 55   Page
ID #:6953
Case 2:15-cv-00729-DDP-AJW    Document 461-6   Filed 07/23/15   Page 28 of 51   Page ID
#:6953

7.10   <u>Settling Defendants' Standstill</u>.  The Settling Defendants agree not to take any judicial actions against the Plaintiffs with respect to the BKK Facility until the earlier of: (a) fourteen (14) days after the date upon which a complaint (not including the complaint filed concurrently with the lodging of this Third Consent Decree or a complaint or amended complaint in *California Department of Toxic Substances Control, et. al. v. American Honda Motor Co., Inc., et. al.*, No. CV-05-7746, (C.D. Cal. October 31, 2005)) is served on any Party requiring the performance of work, reimbursement of response costs, or contribution towards response costs incurred for the BKK Facility; (b) thirty (30) days following written notice from either DTSC or the Settling Defendants of that Party's intent to terminate the standstill; or (c) thirty (30) days before the Tolling Termination Date. Settling Defendants may utilize a single letter to terminate the standstills specified in the Second and Third Consent Decrees and the standstill specified in the Third Tolling Agreement, which was executed by representatives of DTSC and Settling Defendants on or about March 1, 2013.

7.11   <u>Tolling Agreement</u>.  The Plaintiffs and Settling Defendants agree that all statutes of limitations and any other statute, law, rule or principle of equity of similar effect applicable to any rights, claims, causes of action, counterclaims, cross-claims and defenses with respect to the BKK Facility that Settling Defendants could assert against the Plaintiffs, or that the Plaintiffs could assert against any of the Settling Defendants, as of the Effective Date shall be tolled for the period between the Effective Date of this Third Consent Decree and the Tolling Termination Date, and this tolling period shall be excluded from all computations of any applicable period of limitations.  Such potentially applicable statutes of limitations that are tolled by this agreement include, without limitation, any applicable time limits within which an action may be commenced against the

FIRST AMENDED THIRD PARTIAL CONSENT
DECREE

No.  2:15-cv-00729-DDP-AJW

Case 2:18-cv-05819-MWF-PLA    Document 242-6   Filed 12/05/25   Page 28 of 55   Page
ID #:6854
Case 2:15-cv-00729-DDP-AJW    Document 241-1   Filed 07/23/15   Page 29 of 51   Page ID
#:6053

Plaintiffs under the provisions of the California Government Claims Act, California Government Code sections 900-960.8.

VIII.  <u>EFFECT OF SETTLEMENT/ CONTRIBUTION PROTECTION</u>

8.1    With regard to claims for contribution against Settling Defendants, the Parties hereto agree, and by entering this Third Consent Decree the Court finds, that this Third Consent Decree has been negotiated by the Parties in good faith under the California Code of Civil Procedure section 877.6.  Further, upon entry of this Third Consent Decree, the Court finds that the Settling Defendants are entitled to protection from contribution actions or claims as provided by CERCLA section 113(f)(2), 42 U.S.C. § 9613(f)(2), or as otherwise provided by law, including state laws, for matters addressed in this Third Consent Decree.  The matters addressed in this Third Consent Decree are (a) the Work described herein, including but not limited to, conducting a RI/FS as required by Paragraph 4.1.3, the Essential Activities required by Paragraph 4.1.1, and the groundwater monitoring required by Paragraph 4.1.2, to the extent that such work is actually performed by or on behalf of Settling Defendants and approved by DTSC; (b) Future DTSC Oversight Costs as defined in this Third Consent Decree that are paid pursuant to Paragraph 4.7;  and (c) those DTSC Past Response Costs as defined in this Third Consent Decree that are actually paid to DTSC by the Settling Defendants pursuant to Paragraph 4.8 above.  The matters addressed in this Third Consent Decree do not include the items specified in paragraph 7.6(e) of Plaintiffs' Reservations of Rights herein.

8.2    Nothing in this Third Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Third Consent Decree with respect to the BKK Facility.  Each of the Parties to this Third Consent Decree expressly reserves, and this Third Consent Decree is without prejudice to, all rights (including, but not limited to, any right to contribution,

27

Case 2:18-cv-05819-MWF-PLA    Document 242-6 Filed 12/05/25    Page 29 of 55    Page
ID #:6955
Case 2:15-cv-00729-DDP-AJW    Document 241-6 Filed 07/29/25    Page 29 of 31    Page ID
#:6075

indemnification and/or reimbursement), defenses, claims, remedies, demands, and causes of action that each Party may have with respect to any matter, transaction, or occurrence relating in any way to the BKK Facility against any person not a party hereto.

8.3    The Settling Defendants agree that with respect to any suit or claim for contribution brought by them for matters related to this Third Consent Decree -- excluding any claim made against any California State entity -- they will notify DTSC in writing at least sixty (60) days prior to the initiation of any such suit or claim.

8.4    The Settling Defendants also agree that with respect to any suit or claim for contribution brought against them for matters related to this Third Consent Decree, they will notify DTSC in writing within ten (10) days of service of the complaint on them.  In addition, Settling Defendants shall notify DTSC within ten (10) days of service or receipt of any Motion for Summary Judgment and within ten (10) days of receipt of any order from a court setting a case for trial.

8.5    DTSC agrees that with respect to any suit or claim for contribution brought against it for matters related to this Third Consent Decree, it will notify the Settling Defendants in writing within ten (10) days of service of the complaint on it.  In addition, DTSC shall notify the Settling Defendants within ten (10) days of service or receipt of any Motion for Summary Judgment and within ten (10) days of receipt of any order from a court setting a case for trial.

8.6    In any subsequent administrative or judicial proceeding initiated by one or more of the Plaintiffs for injunctive relief, recovery of response costs, or other appropriate relief relating to the BKK Facility, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other

Case 2:18-cv-05819-MWF-PLA   Document 242-6   Filed 12/05/25   Page 30 of 55   Page
ID #:6056
Case 2:15-cv-00729-DDP-AJW   Document 221-1   Filed 07/29/15   Page 29 of 61   Page ID
#:6085

defenses based upon any contention that the claims raised by Plaintiffs in the subsequent proceeding were or should have been brought in the instant case.

IX.   FUTURE COOPERATION

9.1    The Parties recognize that the Settling Defendants represent a subset of those who may be responsible for response actions at the Subject Property.  The Parties also recognize that the Amended First Consent Decree, the Second Consent Decree, and this Third Consent Decree represent interim steps towards more permanent solutions to the long term operation and maintenance of the Subject Property that may include response actions to be performed by additional responsible parties.  The Parties agree to work in good faith towards this long term solution.

9.2    Additional Potentially Responsible Parties (PRPs)

(a)    DTSC has issued notices of noncompliance to respondents to the ISE Order who are not Parties to this Third Consent Decree.  DTSC has issued notice letters to approximately 255 entities they believe to be additional potentially responsible parties.  The Settling Defendants issued notice letters to additional potentially responsible parties including agencies of the State of California other than DTSC.

(b)    If the Settling Defendants provide evidence and supporting documentation to DTSC in accordance with California Health and Safety Code section 25356.1.3 concerning the potential liability of any other person with respect to the BKK Facility, then DTSC will evaluate the information accordingly and take such actions as deemed appropriate in DTSC's sole discretion.  These actions may include, but are not limited to, issuing notice letters, information requests, or final determinations of non-compliance with the ISE Order, or commencing judicial and administrative enforcement actions, or taking no action.

FIRST AMENDED THIRD PARTIAL CONSENT DECREE                No.  2:15-cv-00729-DDP-AJW

Case 2:18-cv-05819-MWF-PLA    Document 242-6 Filed 12/05/25    Page 31 of 55  Page
Case 2:15-cv-00729-DDP-AJW    Document 242-6 Filed 07/29/15    Page 30 of 51  Page ID
ID #:6957
#:6095

(c)     DTSC shall work in good faith to provide the Settling Defendants with reasonable access to those BKK Corp. documents under DTSC control concerning waste disposal at the BKK Facility.

(d)     DTSC and the Settling Defendants shall work together in good faith in addressing settlement issues with respect to other potentially responsible parties at the BKK Facility.  Nothing in this Third Consent Decree shall prohibit any Party from bringing any action regarding the BKK Facility against any entity not a Party to this Third Consent Decree or settle any such action on any terms consistent with law.

9.3     The Parties may, by mutual written agreement, and with approval of the Court, extend some or all of the obligations and related provisions of this Third Consent Decree.

9.4     In the event the Parties have not already entered a fourth consent decree by the end of the Work Period, the Settling Defendants will negotiate in good faith with Plaintiffs regarding either a continuation of the Essential Activities and Groundwater Monitoring required herein or a smooth transition of those activities to DTSC.

X.     GENERAL PROVISIONS

10.1     Project Coordinators.  Settling Defendants' Project Coordinator is Roberto Puga, P.G. of Project Navigator, Ltd.  Settling Defendants shall promptly notify DTSC in writing at least seven (7) working days before any proposed change in the identity of the Project Coordinator.  Settling Defendants shall obtain approval from DTSC before the new Project Coordinator performs any work under this Third Consent Decree.  DTSC's Project Coordinator is Dan Ziarkowski, Legacy Landfills Office.  DTSC's Project Coordinator will be responsible for overseeing Settling Defendants' implementation of this Third Consent Decree.

Case 2:15-cv-05819-MWF-PLA    Document 242-6  Filed 12/05/25   Page 32 of 55   Page
ID #:10058
Case 2:15-cv-00729-DDP-AJW    Document 242-1-6  Filed 07/29/15   Page 32 of 55   Page
ID #:7093

10.1.1    Each Project Coordinator shall be responsible for designating a person to act in her/his absence.  All communications between DTSC and Settling Defendants concerning the Work shall be directed through the Project Coordinators.

10.2    <u>Project Engineer/Geologist</u>.  The Work performed pursuant to this Third Consent Decree shall be under the direction and supervision of a qualified professional engineer or a professional geologist in the State of California, with expertise in hazardous substance site management and post-closure care of landfills.  The Settling Defendants' Engineer/Geologists are Roberto Puga of Project Navigator and Andrew Barnes of Geosyntec Consultants.  Settling Defendants shall promptly notify DTSC in writing at least seven (7) working days before any proposed change in the identity of either Project Engineer/Geologist. Settling Defendants shall obtain approval from DTSC before a new Project Engineer/Geologist performs any work under this Third Consent Decree.

10.3    <u>Monthly Summary Reports</u>.  After the end of the first month after the Effective Date of this Third Consent Decree, Settling Defendants shall submit to DTSC a Monthly Summary Report of their activities under the provisions of this Third Consent Decree.  The reports shall be received by DTSC by the 15th day of each month and shall describe:

(a)    Specific actions taken by or on behalf of Settling Defendants during the previous calendar month;

(b)    Actions expected to be undertaken during the current calendar month;

(c)    All planned activities for the next calendar month;

(d)    Any problems or anticipated problems in complying with this Third Consent Decree; and

FIRST AMENDED THIRD PARTIAL CONSENT DECREE                 No.  2:15-cv-00729-DDP-AJW

Case 2:18-cv-05819-MWF-PLA    Document 242-6  Filed 12/05/25   Page 33 of 55   Page
ID #:10959
Case 2:15-cv-00729-DDP-AJW    Document 241-1  Filed 07/29/15   Page 32 of 51   Page ID
#:705

(e)     All results of sample analyses, tests, and other data generated under this Third Consent Decree during the previous calendar month, and any significant findings from these data.

10.4   <u>Quality Assurance/Quality Control</u>.  All sampling and analysis conducted by Settling Defendants under this Third Consent Decree shall be performed in accordance with Quality Assurance/Quality Control procedures submitted by Settling Defendants and approved by DTSC pursuant to the Amended First Consent Decree or this Third Consent Decree.

10.5   <u>Submittals</u>.

10.5.1 Each submittal and notification from Settling Defendants required by this Third Consent Decree shall both (a) be submitted electronically to DTSC in accordance with California Health and Safety Code section 57013 and any regulations or policies DTSC has adopted pursuant thereto and (b) be sent simultaneously in triplicate copy to:

> Dan Ziarkowski
> Legacy Landfills Office
> Department of Toxic Substances Control
> 8810 Cal Center Drive
> Sacramento, California  95826-3200

or to such other person as DTSC may identify in writing.

10.5.2 Settling Defendants shall provide to DTSC, upon request, copies of all documents and information within their possession or control or that of their contractors or agents relating to post-2003 activities at the Subject Property or Class I Landfill Investigation Area or to the implementation of this Third Consent Decree, including, but not limited to, sampling, analysis, chain of custody records, receipts, reports, correspondence, or other documents or information related to the Work.  This paragraph shall not require Settling Defendants to produce any documents that they have previously produced to DTSC or that are privileged.  Nor shall this paragraph require any individual Settling Defendant to

Case 2:18-cv-05819-MWF-PLA   Document 242-6 Filed 12/03/25   Page 34 of 55   Page
ID #:10960
Case 2:15-cv-00729-DDP-AJW   Document 242-1   Filed 07/29/15   Page 39 of 51   Page ID
#:1090

1    produce any document in its possession that it has not described or provided to any

2    other Settling Defendant.  DTSC will identify any request it issues pursuant to this

3    Paragraph 10.5.2 as a request made pursuant to Paragraph 10.5.2 of the Third

4    Consent Decree.

5         10.5.3  The Settling Defendants may assert that certain documents,

6    records and other information are privileged under the attorney-client privilege or

7    any other privilege recognized by federal law.  If the Settling Defendants assert

8    such a privilege in lieu of providing documents, they shall provide the Defendants

9    with the following: (1) the title of the document, record, or information; (2) the

10   date of the document, record, or information; (3) the name and title of the author of

11   the document, record, or information; (4) the name and title of each addressee and

12   recipient; (5) a description of the contents of the document, record, or information:

13   and (6) the privilege asserted by Settling Defendants.  However, no documents,

14   reports or other information created or generated pursuant to the requirements of

15   the Consent Decree shall be withheld on the grounds that they are privileged.

16   Documents subject to the protective order issued in *California Department of*

17   *Toxic Substances Control, et. al. v. American Honda Motor Co., Inc., et. al.*, No.

18   CV10-03378, (C.D. Cal. June 27, 2010) are not required to be included on the

19   privilege log.

20        10.6   <u>Communications</u>.  All approvals and decisions of DTSC made

21   regarding submittals and notifications will be communicated to Settling

22   Defendants in writing by the DTSC Project Coordinator or his/her designee.  No

23   informal advice, guidance, suggestions or comments by DTSC regarding reports,

24   plans, specifications, schedules or any other writings  by Settling Defendants shall

25   be construed to relieve Settling Defendants of their obligation to obtain such

26   formal approvals as may be required by this Third Consent Decree.

27        10.7   <u>DTSC Review and Approval.</u>

28

FIRST AMENDED THIRD PARTIAL CONSENT
DECREE                                                No.  2:15-cv-00729-DDP-AJW

Case 2:18-cv-05819-MWF-PLA    Document 242-6 Filed 12/05/25   Page 35 of 55 Page
ID #:10961
Case 2:15-cv-00729-DDP-AJW    Document 224-1 Filed 07/29/15   Page 36 of 51   Page
ID #:7036

10.7.1    All response actions taken pursuant to this Third Consent Decree shall be subject to the approval of DTSC.  Settling Defendants shall submit all deliverables required by this Third Consent Decree to DTSC.  DTSC shall revise and approve or reject the deliverables within 45 days of its receipt thereof or as soon as possible thereafter.  Once the deliverables are approved by DTSC, they shall be deemed incorporated into, and where applicable, enforceable under this Third Consent Decree.

10.7.2    If DTSC determines that any report, plan, schedule or other document submitted for approval pursuant to this Third Consent Decree fails to comply with this Third Consent Decree, subject to Settling Defendants' right to invoke dispute resolutions pursuant to this Third Consent Decree, DTSC may:

(a)    Modify the document as deemed necessary and approve the document as modified; or

(b)    Return comments to Settling Defendants with recommended changes and a date by which Settling Defendants must submit to DTSC a revised document incorporating the recommended changes.

10.8    <u>Access for DTSC/Access to Property Owned by Others.</u>

10.8.1    DTSC has entered into the Right to Enter Agreement with BKK Corp., which requires BKK Corp. to provide full access to Parcel 3 of the BKK Facility to DTSC and its consultants, contractors and designees.

10.8.2    For purposes of gaining access to the BKK Facility, the Settling Defendants are deemed DTSC's designees.

10.8.3    Settling Defendants shall cooperate with DTSC to provide DTSC with access to the Subject Property consistent with applicable health and safety plans, laws and regulations.  Settling Defendants shall provide access to data and facilitate access to laboratories used for analyses of the samples obtained pursuant to this Third Consent Decree at all reasonable times to employees,

34

Case 2:18-cv-05819-MWF-PLA   Document 242-6 Filed 12/05/25   Page 36 of 55   Page
ID #:10262
Case 2:15-cv-00729-DDP-AJW   Document 241-1 Filed 07/29/15   Page 35 of 51   Page ID
#:10262

contractors, and consultants of DTSC.  Nothing in this Paragraph is intended or
shall be construed to limit in any way the right of entry or inspection that DTSC or
any other agency may otherwise have by operation of any law.

      10.8.4    The Settling Defendants shall also cooperate with DTSC to
provide access to any other person not a party to this Third Consent Decree as
directed by DTSC subject to applicable health and safety plans, laws and
regulations.  DTSC shall work with Settling Defendants to assure that all activities
at the Subject Property and Class I Landfill Investigation Area are coordinated.

      10.8.5    For property other than Parcel 3 of the BKK Facility to
which access is required for the implementation of this Third Consent Decree and
which is owned or controlled by persons other than Settling Defendants, Settling
Defendants shall use best efforts to secure from such persons access for Settling
Defendants, as well as for DTSC, its representatives, and contractors, as necessary
to effectuate this Third Consent Decree.  For purposes of this Paragraph, "best
efforts" shall include the payment of reasonable sums of money in consideration
for access.

      10.8.6    If any access required to complete the Work is not obtained,
Settling Defendants shall promptly notify DTSC and shall include in that
notification a summary of the steps Settling Defendants have taken to gain access.
DTSC may, as it deems appropriate, assist Settling Defendants in obtaining access.
Settling Defendants shall be subject to liability for costs incurred by DTSC in
obtaining access.

    10.9   <u>Sampling, Data and Document Availability</u>.  Settling Defendants shall
permit DTSC and its authorized representatives to inspect and copy all sampling,
testing, monitoring or other data generated by Settling Defendants or on Settling
Defendants' behalf pursuant to this Third Consent Decree.  Settling Defendants
shall submit all such data upon the request of DTSC.  Copies shall be provided

Case 2:18-cv-05819-MWF-PLA    Document 242-6 Filed 12/05/25    Page 37 of 55   Page
ID #:10963
Case 2:15-cv-00729-DDP-AJW    Document 224-6 Filed 07/29/15    Page 36 of 51   Page ID
#:1083

within seven (7) days of receipt of DTSC's written request.  DTSC will identify

any request it issues pursuant to this Paragraph 10.9 as a request made pursuant to

Paragraph 10.9 of the Third Consent Decree.  Settling Defendants shall inform

DTSC at least seven (7) days in advance of all field sampling under this Third

Consent Decree, and shall allow DTSC and its authorized representatives to take

duplicates of any samples collected by Settling Defendants pursuant to this Third

Consent Decree.  DTSC shall have the right to take any additional samples that

DTSC deems necessary.  Upon request, DTSC shall allow Settling Defendants to

take split or duplicate samples of any samples DTSC takes as part of its oversight

of Settling Defendants' implementation of the Work.

10.10  <u>Work Takeover</u>.  In the event DTSC determines that Settling

Defendants have ceased implementation of any portion of the Work, are seriously

or repeatedly deficient or late in their performance of the Work, or are

implementing the Work in a manner which may cause an endangerment to human

health or the environment, DTSC may assume the performance of all or any

portion of the Work as DTSC determines necessary.  Settling Defendants may

invoke the procedures set forth in Section XIV (Dispute Resolution) to dispute

DTSC's determination that takeover of the Work is warranted under this

Paragraph.  Costs incurred by DTSC in performing the Work pursuant to this

Paragraph shall be considered response costs and shall be within the reservation of

rights of Paragraph 7.6 of this Consent Decree.  Notwithstanding any other

provision of this Third Consent Decree, DTSC retains all authority and reserves all

rights to take any and all response actions authorized by law.

10.11  <u>Record Retention</u>.  Settling Defendants shall maintain a central

depository of the data, reports, and other documents prepared pursuant to this

Third Consent Decree.  All such data, reports and other non-privileged documents

generated as the result of this Third Consent Decree shall be preserved by Settling

Case 2:18-cv-05819-MWF-PLA   Document 242-6   Filed 12/05/25   Page 38 of 55   Page
ID #:10864
Case 2:15-cv-00729-DDP-AJW   Document 341   Filed 07/29/15   Page 39 of 51   Page ID
#:7084

Defendants for a minimum of ten (10) years after the conclusion of all activities under this Consent Decree. If DTSC requests that some or all of these documents be preserved for a longer period of time, Settling Defendants shall either comply with that request or deliver the documents to DTSC, or permit DTSC to copy the documents prior to destruction. Settling Defendants shall notify DTSC in writing at least six (6) months prior to destroying any documents prepared pursuant to this Third Consent Decree. Nothing in this paragraph waives any other document retention requirements applicable to the Settling Defendants.

10.12 <u>Government Liabilities</u>. The State of California shall not be liable for any injuries or damages to persons or property resulting from acts or omissions by Settling Defendants, or related parties specified in Paragraph 10.21 (Parties Bound), in carrying out activities pursuant to this Third Consent Decree, nor shall the State of California be held as party to any contract entered into by Settling Defendants or its agents in carrying out activities pursuant to this Third Consent Decree.

10.13 <u>Extension Requests</u>. If Settling Defendants are unable to perform any activity or submit any document within the time required under this Third Consent Decree, Settling Defendants may, prior to expiration of the time, request an extension of the time in writing. The extension request shall include a justification for the delay. All such requests shall be in advance of the date on which the activity or document is due.

10.14 <u>Extension Approvals</u>. If DTSC determines that good cause exists for an extension, it will grant the request and specify a new schedule in writing. Settling Defendants shall comply with the new schedule incorporated in this Third Consent Decree.

10.15 <u>Recoverable Costs</u>. The Parties agree, and by entering the Third Consent Decree the Court finds, that all payments made to DTSC for Future DTSC

1  Oversight Costs pursuant to this Third Consent Decree have been or are being

2  made to reimburse DTSC for recoverable response costs as defined under

3  CERCLA and the California Hazardous Substances Account Act, California

4  Health and Safety Code Sections 25300, *et seq*., and were incurred by DTSC with

5  respect to releases or threatened releases of hazardous substances in connection

6  with the BKK Facility in a manner that was not inconsistent with the NCP.

7     10.16 <u>Payments</u>.  All payments made by the Settling Defendants pursuant to

8  this Third Consent Decree shall be made by a cashier's or certified check made

9  payable to the "Department of Toxic Substances Control," and bearing on its face

10  the project code for the BKK Facility (Site # 300012-00) and the docket number of

11  this Third Consent Decree.  On each check, Settling Defendants shall state:  "For

12  BKK Costs."  On each check, payments shall be further identified as either "BKK

13  DTSC Oversight Costs" or "DTSC Response Costs" and shall be sent to:

14
15        Department of Toxic Substances Control
      Accounting Office
16        1001 I Street, 21st floor
      P. O. Box 806
17        Sacramento, California 95812-0806

18     A photocopy of the check shall be sent concurrently to DTSC's Project

19  Coordinator.

20     10.17 <u>Incorporation of Plans, Schedules and Reports</u>.  All plans, schedules,

21  reports, specifications and other documents that are submitted by Settling

22  Defendants pursuant to this Third Consent Decree are incorporated in this Third

23  Consent Decree upon DTSC's approval or as modified pursuant to Paragraph 10.7,

24  DTSC Review and Approval, and shall be implemented by Settling Defendants.

25  Any noncompliance with the documents incorporated in this Third Consent Decree

26  shall be deemed a failure or refusal to comply with this Third Consent Decree.

27
28

FIRST AMENDED THIRD PARTIAL CONSENT DECREE             No.  2:15-cv-00729-DDP-AJW

Case 2:18-cv-05810-MWF-PLA   Document 242-6   Filed 12/05/25   Page 40 of 55   Page
ID #:10866
Case 2:15-cv-00729-DDP-AJW   Document 211-1   Filed 07/29/15   Page 39 of 51   Page ID
#:1905

10.18 <u>Modifications</u>.  Except as explicitly specified herein, this Third Consent Decree may only be modified in writing by mutual agreement by the Parties and approval of the Court.

10.19 <u>Time Periods</u>.  Unless otherwise specified, time periods begin from the Effective Date of this Third Consent Decree.

10.20 <u>Parties Bound</u>.  This Third Consent Decree applies to and is binding upon DTSC and its successors-in-interest and the Settling Defendants, and their corporate predecessors-in-interest, successors-in-interest, and affiliated companies identified in Exhibit G.  Settling Defendants shall provide a copy of this Third Consent Decree to all contractors, subcontractors, laboratories, and consultants that are retained to conduct any work performed under this Consent Decree, within fifteen (15) days after (a) the Effective Date of this Third Consent Decree, or (b) the date of retaining their services, whichever is later.  Settling Defendants shall condition any such contracts upon satisfactory compliance with this Third Consent Decree.  Notwithstanding the terms of any contract, Settling Defendants are responsible for compliance with this Third Consent Decree and for ensuring that their successors-in-interest, affiliated companies identified in Exhibit G, employees, contractors, consultants, subcontractors, agents and attorneys comply with this Third Consent Decree.

10.21 <u>Joint and Several Obligations</u>.  The obligations of the Settling Defendants to carry out all activities and to make the payments required by this Third Consent Decree are joint and several.  In the event of failure of any one or more Settling Defendants to conduct the Work pursuant to this Third Consent Decree and/or to make the payments required under this Third Consent Decree, the remaining Settling Defendants shall be responsible for such Work and for such payments.  In the event of the insolvency or other failure of any one or more

Case 2:18-cv-05819-MWF-PLA   Document 242-6 Filed 12/05/25   Page 41 of 55   Page
ID #:10967
Case 2:15-cv-00729-DDP-AJW   Document 242-6 Filed 07/29/15   Page 40 of 55   Page ID
#:1097

Settling Defendants to implement the requirements of this Third Consent Decree, the remaining Settling Defendants shall complete all of the requirements.

    10.22 <u>Change in Ownership</u>.  No change in ownership or corporate or partnership status relating to the Subject Property shall in any way alter Settling Defendants' responsibility under this Consent Decree.  No conveyance of title, easement, or other interest in the Subject Property, or a portion of the Subject Property, shall affect Settling Defendants' obligations under this Third Consent Decree.  Unless DTSC agrees in writing that such obligations may be transferred to a third party, Settling Defendants shall be responsible for and liable for any failure to carry out all activities required of Settling Defendants by the terms and conditions of this Third Consent Decree, regardless of Settling Defendants' use of employees, agents, contractors, or consultants to perform any such tasks.  Settling Defendants shall provide a copy of this Third Consent Decree to any subsequent owners or successors of any Settling Defendant before ownership rights or stock or assets in a corporate acquisition are transferred.

## XI.   <u>DELAY IN PERFORMANCE/STIPULATED PENALTIES</u>

    11.1   For each day that the Settling Defendants fail to deliver a deliverable in a timely manner, fail to perform work of acceptable quality, or otherwise fail to perform the work required by this Third Consent Decree, including Exhibits C and D, Settling Defendants shall be liable for stipulated penalties as set forth below. Penalties begin to accrue on the day that the deliverable or performance is due, and continue to accrue until one of the following occurs:  (a) DTSC notifies Settling Defendants that it will conduct the work; or (b) Settling Defendants submit the deliverable or perform the work in question and DTSC determines that the document or work is acceptable to DTSC (whichever is earlier).  Payment of any Stipulated Penalties by Settling Defendants shall be due within thirty (30) days of receipt of a demand letter from DTSC.

Case 2:18-cv-05810-MWF-PLA    Document 242-6 Filed 07/29/25   Page 42 of 55   Page
ID #:10068
Case 2:15-cv-00729-DDP-AJW    Document 342-1 Filed 06/13/25   Page 42 of 55   Page
ID #:7900

11.1.1     For the following deliverables or work, stipulated penalties shall accrue in the amount of $500.00 per day, per violation, for the first seven (7) days of noncompliance, and $750.00 per day, per violation thereafter:

     (a)     Monthly reports as required by Paragraph 10.3; or

     (b)     Emergency response report as required by Paragraph 4.4.

11.1.2     For the following major deliverables or work, stipulated penalties shall accrue in the amount of $1,000 per day, per violation, for the first seven (7) days of noncompliance, and $2,500 per day, per violation thereafter,:

     (a)     Performance of any Essential Activity identified in Exhibit C; or

     (b)     Performance of the Remedial Investigation/Feasibility Study identified in Exhibit D; or

     (c)     Immediately notifying DTSC of an emergency or taking immediate action to address an emergency as set forth in Paragraph 4.4. (Disputes over the appropriate response to be taken should be resolved through the dispute resolution provisions of this Third Consent Decree and shall not subject the Settling Defendants to Stipulated Penalties).

11.2    Settling Defendants may dispute DTSC's right to the stated amount of penalties by invoking the dispute resolution procedures under Paragraph 14.1 herein. Penalties shall accrue but need not be paid during the dispute resolution period. If Settling Defendants do not prevail upon resolution, all penalties shall be due to DTSC within thirty (30) days of resolution of the dispute. If Settling Defendants prevail upon resolution, no penalties shall be paid.

11.3    These stipulated penalties provisions do not preclude DTSC from pursuing any other legal remedies or sanctions that are available to DTSC because of the Settling Defendants' failure to comply with this Third Consent Decree.

Case 2:18-cv-05819-MWF-PLA   Document 242-6   Filed 12/05/25   Page 43 of 55   Page
ID #:10969
Case 2:15-cv-00729-DDP-AJW   Document 224-1   Filed 07/29/15   Page 42 of 55   Page ID
#:7101

1
2
Payment of stipulated penalties does not alter Settling Defendants' obligation to complete performance under this Third Consent Decree.

3
## XII.   PUBLIC COMMENT

4
5
6
7
8
12.1   This Third Consent Decree shall be subject to a public comment period for not less than thirty (30) days after lodging with the Court.  DTSC may modify or withdraw its consent to this Third Consent Decree if comments received disclose facts or considerations that indicate that this Third Consent Decree is inappropriate, improper or inadequate.

9
## XIII.   EFFECTIVE DATE

10
11
13.1   The Effective Date of this Third Consent Decree shall be May 27, 2015.

12
## XIV.   DISPUTE RESOLUTION

13
14
15
16
17
18
19
20
14.1   Any dispute that arises between the Parties with respect to an obligation under this Third Consent Decree shall, in the first instance, be the subject of good faith negotiations among the Parties.  The Parties agree that they shall use their best efforts to resolve any dispute informally.  In the absence of agreement, any Party may submit the matter to the Court for resolution.  The Court shall retain jurisdiction over this matter and the parties for the purpose of interpreting and enforcing the terms of this Third Consent Decree, including the resolution of any such dispute.

21
## XV.   SIGNATORIES

22
23
24
25
15.1   Each undersigned representative of the Parties to this Third Consent Decree certifies that he or she is fully authorized to enter into the terms and conditions of this Third Consent Decree and to execute and legally bind the Parties to this Third Consent Decree.

26
27
28

FIRST AMENDED THIRD PARTIAL CONSENT DECREE                          No.  2:15-cv-00729-DDP-AJW

Case 2:18-cv-05810-MWF-PLA   Document 242-6   Filed 12/05/25   Page 44 of 55   Page
ID #:10970
Case 2:15-cv-00729-DDP-AJW   Document 224-1   Filed 07/29/15   Page 49 of 51   Page ID
#:7070

15.2   This Third Consent Decree may be executed and delivered in any number of counterparts, each of which when executed and delivered shall be deemed to be an original, but such counterparts shall together constitute one and the same document.

SO ORDERED, APPROVED, SIGNED, AND ENTERED THIS _____ of _____, 2016.


_____

THE HONORABLE DEAN D. PREGERSON

UNITES STATES DISTRICT JUDGE


List of Exhibits and Party Signature Pages on the Following Pages.

1
2  APPROVED AS TO FORM AND CONTENT:
3
4                              KAMALA D. HARRIS
                               Attorney General of California
5
6
7
8  Dated: 7/21/16
                               _____
9                              JAMES POTTER
                               Deputy Attorney General
10                             Attorney for Plaintiffs
11
12                             Morgan, Lewis & Bockius LLP
13
14  Dated: 7/18/16
                               _____
15                             JAMES DRAGNA
                               Attorney for Settling Defendants
16
17
18
19
20
21
22
23
24
25
26
27
28

                    **FIRST AMENDED THIRD PARTIAL CONSENT DECREE**

A/75910969.2

Case 2:18-cv-05819-MWF-PLA    Document 242-6   Filed 12/05/25   Page 46 of 55   Page
ID #:10272
Case 2:15-cv-00729-DDP-AJW    Document 242-1   Filed 07/29/16   Page 49 of 51   Page ID #:924

CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL AND
CALIFORNIA TOXIC SUBSTANCES CONTROL ACCOUNT

DATE: 6/21/2016            By: _____
                               SIGNATURE

                               _____
                               Richard B. Hume, P.E.
                               NAME (printed or typed)

                               _____
                               Chief, Legacy Landfills Office
                               TITLE (printed or typed)

Case 2:18-cv-05819-MWF-PLA    Document 242-6   Filed 07/23/25   Page 47 of 55   Page
Case 2:15-cv-00729-DDP-AJW    Document 221-6   Filed 12/05/25   Page 46 of 51   Page
ID #:10873

1  CALIFORNIA RESOURCES CORPORATION.

2

3

4  DATE: _June 24, 2016_          By: _____

5                                  SIGNATURE

6                                  _Adam   Smith_

7                                  NAME (printed or typed)

8                                  _Managing   Counsel_

9                                  TITLE (printed or typed)

10

11

12

13

14  Agent Authorized to Accept Service on Behalf of Above-signed Party:

15  Name: _____

16  Title: _____

17  Company: _____

18  Address: _____

19         _____

20

21  Phone: _____

22  email: _____

23

24

25

26

27

28                                  46

Case 2:18-cv-05810-MWF-PLA    Document 242-6  Filed 12/05/25   Page 48 of 55   Page
ID #:10874
Case 2:15-cv-00729-DDP-AJW    Document 224-1  Filed 07/20/15   Page 49 of 51   Page
ID #:1987

Jul 12 16 05:09p                                                          p.2

1   MONTROSE CHEMICAL CORPORATION OF CALIFORNIA

2

3

4   DATE: _July 12, 2016_          By: _Joseph C Kelly_

5                                      SIGNATURE

6                                      _Joseph C. Kelly_

7                                      NAME (printed or typed)

8                                      _President_

9                                      TITLE (printed or typed)

10

11

12

13

14  Agent Authorized to Accept Service on Behalf of Above-signed Party:

15  Name: _____

16  Title: _____

17  Company: _____

18  Address: _____

19          _____

20

21  Phone: _____

22  email: _____

23

24

25

26

27

28

                              47

OXY USA Inc.

DATE: _June 15, 2016_    By: _____
SIGNATURE

_Mike Anderson_
NAME (printed or typed)

_Vice President_
TITLE (printed or typed)

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:    _Frank A. Parigi_

Title:    _Vice President_

Company:    _Glenn Springs Holdings, Inc._

Address:    _5005 LBJ Freeway_

_Dallas, TX 75244_

Phone:    _(972) 687-7503_

email:    _Frank_Parigi@oxy.com_

48

FIRST AMENDED THIRD PARTIAL CONSENT
DECREE                                                    No. 2:15-cv-00729-DDP-AJW

SMITH INTERNATIONAL INC.

DATE: July 15, 2016                    By: _____
                                            SIGNATURE

                                            Murat Aksoy
                                            NAME (printed or typed)

                                            President, Bits & Drilling Tools
                                            TITLE (printed or typed)

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:      James Kurka

Title:     General Counsel, Bits & Drilling Tools

Company:   Smith International, Inc.

Address:   300 Schlumberger Drive

           Sugar Land, Texas 77478

Phone:     (281) 285-3113

email:     jkurka@slb.com

49

Case 2:18-cv-05819-MWF-PLA   Document 242-6 Filed 12/05/25   Page 51 of 55   Page
ID #:10877
Case 2:15-cv-00729-DDP-AJW   Document 244-1 Filed 07/29/15   Page 50 of 51   Page ID
#:703

1  «Names»WYETH HOLDINGS LLC. f/k/a AMERICAN CYANAMID
2  COMPANY

3

4

5  DATE: _____         By: _____
                                        SIGNATURE
6

7                                       _Jeffry H. Koenig_____
8                                       NAME (printed or typed)

9                                       _Chief Lit. Counsel_____
10                                      TITLE (printed or typed)

11

12

13

14

15  Agent Authorized to Accept Service on Behalf of Above-signed Party:

16  Name:     _Jeffry H. Koenig_____

17  Title:    _Chief Lit. counsel_____

18  Company:  _Cytec Industries Inc._____

19  Address:  _504 Carnegie Place_____

20            _Princeton, NJ  08540_____

21
    Phone:    _609-860-4431_____
22

23  email:    _Jeffry.Koenig@Solvay.com_____

24

25

26

27

28

50

FIRST AMENDED THIRD PARTIAL CONSENT                No. 2:15-cv-00729-DDP-AJW
DECREE

1  AMERICAN HONDA MOTOR CO., INC.; AMERON INTERNATIONAL
2  CORPORATION; ANADARKO E&P ONSHORE LLC; ASHLAND
   CHEMICAL COMPANY; ATLANTIC RICHFIELD COMPANY; AZUSA
3  LAND RECLAMATION, INC.; BAKER HUGHES OILFIELD OPERATIONS,
   INC.; BAKER PETROLITE CORPORATION; BAYER CROPSCIENCE INC.;
4  BIG HEART PET BRANDS; THE BOEING COMPANY; CHEMICAL WASTE
   MANAGEMENT, INC.; CHEVRON ENVIRONMENTAL MANAGEMENT
5  COMPANY; CHEVRON MARINE LLC; CITY OF LOS ANGELES, ACTING
   BY AND THROUGH THE LOS ANGELES DEPARTMENT OF WATER AND
6  POWER; CONOCOPHILLIPS COMPANY; CROSBY & OVERTON, INC.;
   THE DOW CHEMICAL COMPANY; DUCOMMUN AEROSTRUCTURES,
7  INC.; ESSEX CHEMICAL CORPORATION; EXXON MOBIL
   CORPORATION; FILTROL CORPORATION; GEMINI INDUSTRIES, INC.;
8  GENERAL DYNAMICS CORPORATION; GENERAL LATEX AND
   CHEMICAL CORPORATION; HEWLETT-PACKARD COMPANY;
9  HONEYWELL INTERNATIONAL INC.; HUGO NEU-PROLER;
   HUNTINGTON BEACH COMPANY; LOCKHEED MARTIN CORPORATION;
10 MARS, INC.; MORTELL COMPANY; MORTON INTERNATIONAL, INC.;
   NATIONAL STEEL AND SHIPBUILDING COMPANY; NORTHROP
11 GRUMMAN SYSTEMS CORPORATION; THE PROCTER & GAMBLE
   MANUFACTURING COMPANY; QUEMETCO, INC.; RAYTHEON
12 COMPANY; ROCKWELL AUTOMATION, INC.; ROHM AND HAAS
   COMPANY; ROHR, INC.; SAN DIEGO GAS & ELECTRIC COMPANY;
13 SHELL OIL COMPANY; SOUTHERN CALIFORNIA GAS COMPANY;
   SOUTHERN CALIFORNIA EDISON COMPANY; UNION CARBIDE
14 CORPORATION; UNION PACIFIC RAILROAD; UNISYS CORPORATION;
   UNITED STATES STEEL CORPORATION; UNITED TECHNOLOGIES
15 CORPORATION; UNIVAR USA INC.; USA WASTE OF CALIFORNIA, INC.;
   VIGOR SHIPYARDS, INC.; WASTE MANAGEMENT COLLECTION AND
16 RECYCLING, INC.; WASTE MANAGEMENT OF CALIFORNIA, INC.;
   WASTE MANAGEMENT RECYCLING AND DISPOSAL SERVICES OF
17 CALIFORNIA, INC.; WESTERN WASTE INDUSTRIES; AND XEROX
   CORPORATION.

18

19

20 DATE: __7/20/16__          By: _____
                                SIGNATURE
21

22                              _James J. Dragna_____
                                NAME (printed or typed)
23

24                              _Common Counsel_____
25                              TITLE (printed or typed)

26

27

28
                              52

Case 2:18-cv-05810-MWF-PLA   Document 342-6   Filed 12/05/25   Page 54 of 55   Page
ID #:10980
Case 2:15-cv-00729-DDP-AJW   Document 284-1   Filed 10/18/18   Page 1 of 2   Page ID #:969

1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11

12

13

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL et al, | CV 2:15-CV-729-DDP-AJW |
| | ORDER APPROVING PLAINTIFFS' MOTION FOR ENTRY OF FIRST AMENDED THIRD PARTIAL CONSENT DECREE |
| Plaintiffs, | |
| v. | |
| AMERICAN HONDA MOTOR CO., INC., et al | |
| Defendants. | |

21        The motion of Plaintiffs State of California Department of Toxic

22   Substances Control and California Toxic Substances Control Account (together,

23   "Plaintiffs") for Entry of the Third Partial Consent Decree came for hearing on

24   October 17, 2018.

25        After full consideration of the evidence, and the written and oral submissions

26   by the parties, the court finds that the First Amended Third Partial Consent Decree

27   is reasonable, fair and consistent with the purposes that the Comprehensive

28   Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601 -

9675 is intended to serve.  The Court also finds that Plaintiffs have given proper notice to interested parties.

    IT IS HEREBY ORDERED that the Plaintiffs' Motion for Entry of the First Amended Third Partial Consent Decree is granted. Accordingly, the Consent Decree lodged with the Court is hereby approved and entered as a judgment of this Court.

IT IS SO ORDERED.

DATED: October 18, 2016

_____
United States District Judge

Presented by:
Kamala D. Harris
Attorney General of California
James R. Potter
Deputy Attorney General
*Attorneys for Plaintiffs*
*California Department of Toxic*
*Substances Control and California*
*Toxic Substances Control Account*

LA2004CV0148

[PROPOSED] ORDER APPROVING
MOTION FOR ENTRY OF AMENDED
THIRD PARTIAL CONSENT DECREE