UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BKK WORKING GROUP, et al.,

Plaintiffs,

v.

1700 SANTA FE LTD, et al.,

Defendants.

Case No. 2:18-cv-05810-MWF(PLAx)

**CASE MANAGEMENT ORDER NO. 4**

///

///

///

///

///

///

///

///

///

///

///

///

The Court enters this Case Management Order ("CMO") No. 4 ("CMO No. 4").

A. MEDIATION PROCESS AND PARTICIPATION

All parties to this action ("Parties") shall participate in private mediation in accordance with the following terms and conditions:

1. Mediator Selection.

By March 31, 2026, Plaintiffs and Defendants' Liaison Counsel shall agree on the selection of a mediator. The Parties shall thereafter promptly schedule and hold an initial conference with the mediator to discuss scheduling, mediation procedures, confidentiality, exchange of information, and any other relevant issues.

If Plaintiffs and Defendants' Liaison Counsel are unable to agree on the selection of a mediator by such date, then each side (i.e., Plaintiffs collectively and Defendants collectively) shall, no later than April 15, 2026, in a joint filing to this Court, propose one mediator to this Court. In any such filing, the proposing side shall provide the Court with information on the proposed mediator's relevant background and experience, and shall confirm to the Court that the proposing side has confirmed with the proposed mediator that s/he is able to meet the time deadlines set forth herein for mediation and otherwise comply with and carry out the provisions in this CMO. The Court shall then select one mediator from the two proposed mediators to serve as the mediator.

The selected mediator shall have the authority to structure the mediation and set appropriate processes in a manner that facilitates constructive dialogue and promotes voluntary resolution of the case. This authority includes the power to design and manage the procedural aspects of mediation, while remaining neutral and without authority to impose a binding decision or obligations on the Parties.

Specifically, the mediator's authority typically encompasses the ability to:

Determine the format and sequence of mediation sessions, including joint meetings and private caucuses;

Establish ground rules for communication, confidentiality, and respectful conduct;

Control the flow of discussions by identifying issues, setting agendas, and allocating time;

Decide how and when information, including briefing (if the mediator believes such briefing is helpful), is exchanged between the Parties;

Assist the Parties in clarifying interests, exploring options, and evaluating potential solutions; and

Suspend, continue, or terminate the mediation if it ceases to be productive or voluntary.

The mediator's authority is procedural rather than substantive. All decision-making authority regarding the resolution of the dispute remains with the Parties. The mediator's role is to guide the process, not to determine rights, assign fault, or impose outcomes or obligations.

2. Costs.

All costs for mediation shall be split, with Plaintiffs, collectively, paying 50% and Defendants, collectively, paying 50%, except that, to the extent the Parties hold mediation sessions (or there are briefings or hearings on issues) limited to specific Defendants or groups of Defendants, the costs for such sessions shall be split evenly with Plaintiffs paying 50% and the participating Defendants, collectively, paying 50%. The mediator shall be responsible for sending each side (e.g., Plaintiffs collectively and Defendants collectively, via Defendants' Liaison Counsel) detailed, itemized invoices. If the mediator believes that the costs of a mediation session, briefing, or hearing were limited to specific Defendants or groups of Defendants, and that the costs attributable to that particular Defendant or group of Defendants exceeded $2,000 per Defendant, the mediator's invoice shall identify those specific Defendants or groups of Defendants and invoice those Defendants for the costs in excess of the $2,000 per Defendant, with the $2,000 per Defendant being paid by the

Defendants' common fund. Nothing herein bars Defendants from internally working out alternative ways to allocate mediation costs.

3. Information Exchanges.

To facilitate mediation, the Parties shall disclose and exchange the following information:

a. *Defendants' Disclosures*: By April 15, 2026, each Defendant shall, on behalf of itself, disclose the following (the "Defendants' Mediation Disclosures") to Plaintiffs:

i. Admit or deny that the wastes it sent to the BKK Class I Landfill included "hazardous substances," within the meaning of CERCLA and/or the HSAA. If a Defendant denies that it sent any hazardous substances to the BKK Class I Landfill, it shall explain the basis for its denial and provide any evidence supporting its denial.

ii. Admit or deny that it is the party legally responsible for the disposal of hazardous substances as alleged in the operative Complaint. If a Defendant denies that it is the party legally responsible (e.g., it denies it is the successor to or otherwise liable for the waste contributed by the generating/arranging party as alleged in the operative Complaint), it shall explain the basis for its denial and provide any evidence supporting its denial.

iii. If it otherwise asserts any defense why it believes it is not liable as alleged in the operative Complaint or that its liability is limited (e.g., statutes of limitations), explain the basis for the defense and provide any evidence supporting the defense.

b. *Plaintiffs' Initial Mediation Disclosures*: By April 15, 2026, Plaintiffs collectively shall disclose the following (the "Plaintiffs' Initial Mediation Disclosures") to Defendants:

i. Costs Plaintiffs seek to recover pursuant to their First Claim for Relief under CERCLA Section 113(f) (42 U.S.C. § 9613(f)) including the amounts

and for what the costs were incurred. Cost information shall be updated to the extent practicable to the present date and may be grouped / summarized by their type or nature. Plaintiffs need not provide receipts or invoices for each specific cost. Plaintiffs shall identify the relevant Consent Decree(s) requiring the incurrence of all such costs and what costs Plaintiffs claim were incurred pursuant to which Consent Decree.

ii. Costs Plaintiffs seek to recover pursuant to their Second Claim for Relief under CERCLA Section 107(a) (42 U.S.C. § 9607(a)) including the amounts and for what the costs were incurred. Cost information shall be updated to the extent practicable to the present date and may be grouped / summarized by their type or nature. Plaintiffs need not provide receipts or invoices for each specific cost.

iii. Amounts recovered pursuant to finalized, public settlements, and a reasonable approximation of total anticipated amounts to be recovered from settlements agreed upon but not yet finalized.

iv. The total volume of manifested waste sent, collectively, by the members of the BKK Working Group to the BKK Class I Landfill.

v. All Defendant-specific waste manifests and current Manifest Summary Reports ("MSR"), to the extent not already produced and available to Defendants.

vi. Tolling agreements for any Defendants disputing the accuracy of any tolling period alleged against them in the operative Complaint.

vii. Any discovery obtained from third parties, to the extent not already provided.

c. *<u>Plaintiffs' Subsequent Mediation Disclosures</u>*: By July 1, 2026, Plaintiffs collectively shall disclose the following (the "Plaintiffs' Subsequent Mediation Disclosures") to Defendants:

///

///

i. Responses to denials and defenses made in Defendants' Mediation Disclosures, including identification of evidence supporting Plaintiffs' positions and any discovery Plaintiffs believe would assist in resolving the issues.

Nothing herein shall limit what the Parties may voluntarily exchange or submit to the mediator.

d. *Additional Mediation Disclosures*: In the event a Party seeks additional disclosure of information, the Party may request that the mediator request that the relevant Party or Parties provide that information. If the mediator believes the information will enhance the likelihood of settlement of all or parts of the case, the mediator may request that a Party or Parties provide the additional information.

4. Mediation Period.

The Parties shall begin mediation by July 1, 2026. The "Mediation Period" shall last through February 26, 2027, and may be extended in three-month increments by stipulation of Plaintiffs and Defendants' Liaison Counsel, effective upon filing a writing with the Court that so stipulates to the same. The litigation and discovery stay (see below, Section C) shall remain in place during the Mediation Period.

5. Mediation Confidentiality.

Each and every Party, attorney, mediator, or other participant in the mediation shall, prior to participating or receiving information pursuant to the mediation, agree to the terms of the Mediation Confidentiality Agreement attached to this CMO as Exhibit D, and sign the same.

B. RESPONSIVE PLEADINGS

If any Defendants chose to file a motion to dismiss the Tenth Amended Complaint, they shall do so on or before February 9, 2026. Any Defendants not filing such a motion shall have until February 13, 2026 to respond to the Tenth Amended Complaint. If any Defendants file a motion to dismiss the Tenth Amended Complaint, Plaintiffs' opposition shall be filed by March 9, 2026 and Defendants' reply shall be filed by March 30, 2026. Responses to the Tenth Amended Complaint

shall be filed within 30 days of the Court's ruling on the Motion(s) to Dismiss or, if the Court grants leave to amend, within 30 days of the filing of an amended complaint, unless the Court orders otherwise.

All responsive pleadings, including any motion to dismiss, shall be filed in conformance with CMO No. 1 (Dkt. 81), Section D.2, except that Defendants may file a coordinated General Denial in lieu of an Answer and Statement of Affirmative Defenses. All responsive pleadings shall identify each and every specific Defendant on whose behalf the responsive pleading is filed. The filing of a General Denial shall not constitute a waiver of any affirmative defenses or of the right to file counterclaims or third party claims.

No later than 30 days after the conclusion of the Mediation Period, Defendants shall file an amended Coordinated Answer, including affirmative defenses, consistent with CMO No. 1 (Dkt. 81), Section D.2 (the "Amended Coordinated Answer"), superseding their General Denial that complies with the requirements of Rule 8(b)(3). Any Defendant that adopts the Coordinated Answer may also file a separate Statement of Affirmative Defenses.

The filing of a General Denial pursuant to this section shall not preclude Plaintiffs from thereafter voluntarily dismissing such Defendant pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) by filing a Notice of Dismissal.

C. STAY OF LITIGATION AND DISCOVERY

Except for the items identified below, all litigation and discovery is stayed until further order of the Court. This stay does not preclude:

i. Timely filing of responsive pleadings pursuant to the prior section;

ii. Briefing and resolution of any motion to dismiss concerning the Tenth Amended Complaint, and the filing of an amended complaint pursuant to a grant of leave by the Court in an order resolving such motion to dismiss;

iii. Service of the operative summons and complaint, and all actions necessary to effectuate such service, including, without limitation, filing of proofs of service and applications or motions (if any) related to the time or method(s) for service of the summons and complaint;

iv. Filing of applications for entry of default and default judgment, and all proceedings necessary to effectuate the entry of defaults and default judgments;

v. Filing of dismissals;

vi. Motions and/or stipulations to further amend the complaint to add new defendants and/or delete existing defendants;

vii. Voluntary disclosure of any information at the Parties' discretion; and

viii. Any other actions or proceedings upon which Plaintiffs and Defendants' Liaison Counsel may in writing agree, or the Court shall by order permit.

The deadline for filing any counterclaims, crossclaims, and all claims against third parties shall be stayed until further order of the Court.

D. FURTHER CASE MANAGEMENT ORDER

Plaintiffs and Defendants' Liaison Counsel shall meet and confer on a further case management order no later than 30 days after the conclusion of the Mediation Period. If, after the Parties have met and conferred, they cannot agree on a further case management order, Plaintiffs and Defendants' Liaison Counsel will, within 30 days after meeting and conferring, submit their proposals for how the litigation should proceed to the Court, and the stay will remain in effect until the Court orders that it be terminated.

E. SERVICE OF THIS CMO

Promptly after entry of this CMO, Plaintiffs shall serve a copy of this CMO upon all Defendants that have not yet filed a Notice of Appearance or Notice of Interested Parties. Service of this CMO upon any Defendants that have not yet filed

a Notice of Appearance or Notice of Interested Parties may be effected via e-mail or mail to their counsel (if known) or to the person upon whom service of a Summons issued in this action was previously effectuated. As for those Defendants upon which service of a Summons in this action was previously effectuated via service on the California Secretary of State, service of this CMO may instead be effectuated by mail to the address listed on that Defendant's Certificate of Surrender.

F. CASE MANAGEMENT SCHEDULE

| | |
|---|---|
| February 9, 2026 | Deadline for Defendants to file motion to dismiss Tenth Amended Complaint, if they choose |
| February 13, 2026 | Deadline for Defendants who did not file a motion to dismiss to file responsive pleadings other than motions to dismiss |
| March 9, 2026 | Deadline for Plaintiffs' opposition to the motion to dismiss |
| March 30, 2026 | Deadline for Defendants' reply in support of the motion to dismiss |
| March 31, 2026 | Deadline for Plaintiffs and Defendants' Liaison Counsel to select mediator |
| April 15, 2026 | Deadline for Defendants' and Plaintiffs' Initial Mediation Disclosures |
| April 20, 2026 | Hearing on Motion to Dismiss |
| July 1, 2026 | Deadline for Plaintiffs' Subsequent Mediation Disclosures |
| July 1, 2026 | Start of Mediation Period |
| February 26, 2027 | End of Mediation Period |

The foregoing dates are subject to modification upon written stipulation of the Parties or by order of the Court.

Except to the extent any provision above conflicts with a prior CMO (in which event this CMO shall control), CMO No. 4 shall not be construed to modify any prior CMO. Accordingly, and without limitations, nothing in this CMO relieves any

Defendant from its obligation to file a Notice of Appearance pursuant to CMO No. 2 (Dkt. 141) if it has not yet done so, nor does this CMO relieve any Defendant from its obligation to provide initial disclosures as required by Section E of CMO No. 1 (Dkt. 81) if it has not yet done so.

G. DEFENSE FUND

Simultaneously with filing its appearance or within thirty (30) days of entry of this CMO, whichever comes last, each Defendant, or, where a corporation has more than one subsidiary or related entity named as a defendant in the above-captioned action or in the action entitled *BKK Working Group, et al. v. Albertsons Companies, Inc., et al., Case No. 2:18-cv-05836*, that corporation shall have paid $10,000 into the Common Fund maintained by Loeb & Loeb LLP to pay for the costs of the mediator and joint defense costs including costs and fees incurred by Liaison Counsel to fulfill its responsibilities under this Order (the "Common Fund").

Any Defendant that has executed a settlement and is awaiting the finalization of that settlement, for whom the litigation remains stayed pursuant to CMO No. 1 (Dkt. 81), is not required to pay into the Common Fund unless and until the stay is lifted with regard to that Defendant.

Payments to the Common Fund shall either be mailed to:

Loeb & Loeb LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Attn: Brandi White
For: BKK Litigation Common Fund – 1700 Santa Fe[1]

Or sent by wire to:

| | |
|---|---|
| Bank Name: | City National Bank |
| Bank Branch: | Century City Private Client Services #673 |

[1] A W-9 is attached as Exhibit E. For accounting purposes, the mailing of checks is preferred. However, for those who prefer to wire the funds, wiring instructions are attached as Exhibit F.

| | |
|---|---|
| Bank Address: | 2029 Century Park East, Suite 100<br>Los Angeles, CA 90067 |
| Account Name: | Loeb & Loeb LLP - General Account |
| Account Number: | 210034722 |
| Routing/ABA Number | 122016066 |

Please reference BKK Litigation Common Fund – 1700 Santa Fe – and the name of the Defendant, and send payment details to epayment@loeb.com and tgates@loeb.com.

**IT IS SO ORDERED.**

Dated: February 11, 2026

MICHAEL W. FITZGERALD
United States District Judge